No. 23-1978

IN THE
UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT
UNITED STATES OF AMERICA,

Plaintiff-Appellant,

MARY SEGUIN

v.

RHODE ISLAND DEPARTMENT OF HUMAN SERVICES in its official capacity; MICHAEL D. COLEMAN, DEBORAH A. BARCLAY in their individual and official capacities; Rhode Island OFFICE OF Child Support Services in its official capacity; KEVIN TIGHE, MONIQUE BONIN, FRANK DIBIASE, WENDY FOBERT, KARLA CABALLEROS, TIMOTHY FLYNN, LISA PINSONNEAULT, CARL BEAUREGARD, PRISCILLA GLUCKSMAN, JOHN LANGLOIS, PAUL GOULD, in their individual and official capacities; RHODE ISLAND STATE COURT SYSTEM in its official capacity; PAUL A. SUTTELL in his individual and official capacity as EXECUTIVE HEAD OF RHODE ISLAND STATE COURT SYSTEM; RHODE ISLAND ADMINISTRATIVE OFFICE OF STATE COURTS in its official capacity; RHODE ISLAND ADMINISTRATIVE OFFICE OF THE SUPERIOR COURT in its official capacity; RHODE ISLAND JUDICIAL COUNCIL in its official capacity; RHODE ISLAND SUPERIOR COURT in its official capacity; RHODE ISLAND SUPERIOR COURT JUDICIAL COUNCIL in its official capacity; THE JUDICIAL TECHNOLOGY CENTER in its official capacity; JULIE HAMIL, MARISA BROWN, JOHN JOSEPH BAXTER, JR., JUSTIN CORREA in their individual and official capacities; RHODE ISLAND OFFICE OF THE ATTORNEY GENERAL in its official capacity; RHODE ISLAND OFFICE OF THE ATTORNEY GENERAL OPEN GOVERNMENT UNIT in its official capacity; ADAM D. ROACH, PETER NERONHA in their official and individual capacities; TYLER TECHNOLOGIES, INC.; GERO MEYERSIEK

Defendants-Appellees.

Appeal from the United States District Court

for the District of Rhode Island

_____

APPELLANT'S MOTION TO CONSOLIDATE No. 23-1978 with No. 23-1967

_____

Appellant, MARY SEGUIN, respectfully moves the Court to consolidate No. 23-1978 with No. 23-1967, as it appears from the record that the U.S. District Court for the District of Rhode Island made an error transmitting a second appeal case file of the same district court final judgment in the captioned case, thus erroneously causing the Appeals Court to create No. 23-1978 as a duplicate appeal of the same district court final judgment. Appeal No. 23-1967 was already created pursuant to Appellant's Notice of Appeal of the district court's final judgment.

The record shows Appellant/Plaintiff's Rule 59, Rule 60 and Rule 60(b)(1) motions were filed together on the same day on November 16, 2023, and the district court subsequently denied Appellant's aforesaid post-judgment motions via text order dated November 17, 2023, by Judge Smith, after which Appellant filed her November 17, 2023 [District Court ECF 32] Notice of Appeal of the final judgment that raises in the Notice of Appeal her attack on the district court's November 17, 2023 Rule 59 and Rule 60 motion denial text order. After the

docketing of the Notice of Appeal [ECF 32], on the same day the Clerk of the Court had transmitted the record to the First Circuit Court of Appeals on November 17, 2023.

After Appellant's Notice of Appeal of the final judgment was docketed on November 17, 2023 and district clerk caused the record of appeal transmitted to this Court on November 17, 2023, the district court entered another text order on November 20, 2023, out of/without/lacking jurisdiction, as the district court lost jurisdiction over post-judgment Rule 59 and rule 60 motions that were already decided on (denied) on November 17, 2023, via text order, which the Appellant then filed (and docketed) Appellant's Notice of Appeal same day on November 17, 2023, pursuant to which the district court clerk also transmitted to this Court the appeal record in November 17, 2023.

The district court Judge Smith's post-Notice of Appeal orders dated November 20, 2023 and February 1, 2024 that appear to be an obvious "second-third stab at ruling on Appellant's timely filed Rule 59 and Rule 60 motions," twice-ruling on/twice-denying Appellant's very same Rule 59 and Rule 60 motions filed on November 16, 2023 and already denied on November 17, 2023, and rendered **POST-APPEAL** (Notice of Appeal docketed on November 17, 2023) in this matter are, frankly, null and void.

Nevertheless, as Appellant's November 17, 2023 appeal, docketed in this Court as No. 23-1967, is *an appeal of the final judgment*, the district court's *post-appeal* text orders dated November 20, 2023 and February 1, 2024 entered long after the final judgment appeal have been docketed (and therefore showing the district court lack jurisdiction, making the orders null and void) are merged. Based on the foregoing facts on the record, Appellant respectfully requests the Court to consolidate Appeal case No. 23-1978 with case No. 23-1967.

The aforesaid facts should not be lost on the Court as to an obvious district court showing of bias and prejudice against the pro-se Appellant, among others, the issue of the district court entering into the record several orders **POST-APPEAL** (after the November 17, 2023 docketing of appeal on one final judgment), as recently as yet another/second February 1, 2024 Rule 59 motion denial order (long after this Court's docketing of both No. 23-1967 and No. 23-1978 in November 2023) a *twice-denial* of Appellant's timely filed Rule 59 and Rule 60 post-judgment motions that Appellant timely filed in the district court on November 16, 2023 - which was already previously denied by the district court on November 17, 2023.

In support of this motion, Appellant relies on the reaffirmation in 2020 by the U.S. Supreme Court in *Banister v. Lorie Davis,* 590 U.S. \_\_\_\_ 2020, which cites and relies on a history of established precedents, *White v. New Hampshire*

*Dept. of Employment Security*, 455 U. S. 445, 450 (1982); 1*1 C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure* §2810.1, pp. 163–164 (3d ed. 2012) (Wright & Miller); accord, *Exxon Shipping Co. v. Baker*, 554 U. S. 471, 485–486, n. 5 (2008) (quoting prior edition); *FCC v. League of Women Voters of Cal.*, 468 U. S. 364, 373, n. 10 (1984); Fed. Rule App. Proc. (FRAP) 4(a)(1)(A); *See Osterneck v. Ernst & Whinney*, 489 U. S. 169, 174 (1989); only the disposition of that motion "restores th[e] finality" of the original judgment, thus starting the 30-day appeal clock. *League of Women Voters*, 468 U. S., at 373, n. 10 (internal quotation marks omitted); see FRAP 4(a)(4)(A)(iv) (A party's "time to file an appeal runs" from "the entry of the order disposing of the [Rule 59(e)] motion"). And **if an appeal follows, the ruling on the Rule 59(e) motion <u>*merges*</u> with the prior determination, so that the <u>reviewing court takes up only</u> <u>one judgment</u>**. *See 11 Wright & Miller* §2818, at 246; *Foman v. Davis*, 371 U. S. 178, 181 (1962), (emphasis added).

    Therefore, it is abundantly clear that irrespective of the multiple times on the record the district court conducts a post-appeal re-do of the Appellant's same November 16, 2023 Rule 59 and Rule 60 motions, the reviewing court takes up only one judgment, and post-appeal rulings merge with the prior determination. *See 11 Wright & Miller* §2818, at 246; *Foman v. Davis*, 371 U. S. 178, 181 (1962); *Banister v. Lorie Davis,* 590 U.S. \_\_\_\_ 2020.  The court thus addresses any attack

on the Rule 59(e) ruling as part of its review of the underlying decision. *Banister v. Lorie Davis,* 590 U.S. \_\_\_\_ 2020.

## CONCLUSION

WHEREFORE, the Appellant respectfully requests this Appeals Court to grant the Appellant's herein Motion to Consolidate Cases No. 23-1967 and No. 23-1978.

Respectfully submitted,

Mary Seguin
Pro Se
/s/  *Mary Seguin*

Email: maryseguin22022@gmail.com
Phone: (281)744-2016
P.O. Box 22022
Houston, TX 77019

Dated: February 9, 2024

## CERTIFICATE OF SERVICE

This is to certify that the foregoing instrument has been served via the Court's ECF filing system on February 9, 2024, on all registered counsel of record, and has been transmitted to the Clerk of the Court.

Mary Seguin
Pro Se
/s/  *Mary Seguin*
Email: maryseguin22022@gmail.com

Phone: (281)744-2016
P.O. Box 22022
Houston, TX  77019