No. 23-1978

IN THE
UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT
UNITED STATES OF AMERICA,

Plaintiff-Appellant,

MARY SEGUIN

v.

RHODE ISLAND DEPARTMENT OF HUMAN SERVICES in its official capacity; MICHAEL D. COLEMAN, DEBORAH A. BARCLAY in their individual and official capacities; Rhode Island OFFICE OF Child Support Services in its official capacity; KEVIN TIGHE, MONIQUE BONIN, FRANK DIBIASE, WENDY FOBERT, KARLA CABALLEROS, TIMOTHY FLYNN, LISA PINSONNEAULT, CARL BEAUREGARD, PRISCILLA GLUCKSMAN, JOHN LANGLOIS, PAUL GOULD, in their individual and official capacities; RHODE ISLAND STATE COURT SYSTEM in its official capacity; PAUL A. SUTTELL in his individual and official capacity as EXECUTIVE HEAD OF RHODE ISLAND STATE COURT SYSTEM; RHODE ISLAND ADMINISTRATIVE OFFICE OF STATE COURTS in its official capacity; RHODE ISLAND ADMINISTRATIVE OFFICE OF THE SUPERIOR COURT in its official capacity; RHODE ISLAND JUDICIAL COUNCIL in its official capacity; RHODE ISLAND SUPERIOR COURT in its official capacity; RHODE ISLAND SUPERIOR COURT JUDICIAL COUNCIL in its official capacity; THE JUDICIAL TECHNOLOGY CENTER in its official capacity; JULIE HAMIL, MARISA BROWN, JOHN JOSEPH BAXTER, JR., JUSTIN CORREA in their individual and official capacities; RHODE ISLAND OFFICE OF THE ATTORNEY GENERAL in its official capacity; RHODE ISLAND OFFICE OF THE ATTORNEY GENERAL OPEN GOVERNMENT UNIT in its official capacity; ADAM D. ROACH, PETER NERONHA in their official and individual capacities; TYLER TECHNOLOGIES, INC.; GERO MEYERSIEK

Defendants-Appellees.

Appeal from the United States District Court

for the District of Rhode Island

_____

**APPELLANT'S MOTION FOR EXTENSION OF TIME TO SHOW CAUSE
IN SUPPORT OF APPELLANT'S MOTION TO CONSOLIDATE CASES
23-1967 and 23-1978**

_____

Texas *pro se* Appellant, MARY SEGUIN, respectfully moves for an extension of time to show cause in support of Appellant's Motion to Consolidate cases 23-1967 and 23-1978.   The Appellant respectfully requests an extension of 30 days to April 1, 2024, to show cause.

In support of Appellant's extension request, Appellant **firstly** respectfully requests the Court to judicially notice the recent new docket activity in Appeal Case No. **23-1967** dated only two days ago on **February 27, 2024** entered at **2:07:32 PM** Eastern Time, that states, "Docket Text: **SUPPLEMENTAL record filed**.  Docket entries: docketing statement and post-trial motions."

The aforesaid supplemental record consists of 97 pages long.  (*See* **Exhibit A**).  Appellant respectfully requests the Court the requested extension of time to adequately review the 97 page Supplemental Record in Appeal No. 23-1967 in order to/and prepare Appellant's show cause in support of her Motion to Consolidate Appeal No. 23-1967 and Appeal No. 23-1978.

**Secondly**, on February 16, 2023, Texas Appellant received via email three notifications from the First Circuit Court of Appeals of docket activity. The second of the three email notifications stated, "Docket Text: ORDER to Show Cause entered directing appellant to show cause why this appeal should not be dismissed for lack of jurisdiction. Show cause response due 03/01/2024." The third of the three email notifications stated, "Docket Text: ORDER entered: Appellant Mary Seguin's motion to consolidate Appeal Nos. 23-1967 and 23-1978 is denied without prejudice to renewal, if necessary, after the resolution of the February 16, 2024 order to show cause entered in Appeal No. 23-1978. [23-1978, 23-1967]."

Accordingly, of the three notification emails, Appellant opened the last incoming email first, which was the third of the three notification emails described above (which stated, "Docket Text: ORDER entered: Appellant Mary Seguin's motion to consolidate Appeal Nos. 23-1967 and 23-1978 is denied without prejudice to renewal, if necessary, after the resolution of the February 16, 2024 order to show cause entered in Appeal No. 23-1978. [23-1978, 23-1967].") clicked on the notification email's link under "Document(s):" and received the free copy electronic copy of the order document; the ORDER OF THE COURT, entered February 16, 2024, Pursuant to 1st Cir. R. 27.0(d), stated verbatim what the email notification stated, "Appellant Mary Seguin's motion to consolidate Appeal Nos.

23-1967 and 23-1978 is denied without prejudice to renewal, if necessary, after the

resolution of the February 16, 2024 order to show cause entered in Appeal No. 23-

1978." Texas *pro se* Appellant therefore reasonably assumed from this February

16, 2024 Order that all order documents will mirror the Docket Text statements of

the order entry.

Thus, when Appellant opened the second of the three email notifications that

stated, "Docket Text: ORDER to Show Cause entered directing appellant to show

cause why this appeal should not be dismissed for lack of jurisdiction. Show cause

response due 03/01/2024," Appellant reasonably assumed that the Order document

is similarly identical to the email notification statement, "Docket Text: ORDER to

Show Cause entered directing appellant to show cause why this appeal should not

be dismissed for lack of jurisdiction. Show cause response due 03/01/2024," and

therefore **did not click on the document link**. Thus, Appellant was not aware of

the very different order document that does not mirror the Docket Text at all.

Appellant was only made aware of the difference when Appellant called the

Clerk of the Court on February 27, 2024 querying a completely different matter,

and the Clerk asked the Appellant whether Appellant clicked on the document link

of the February 16, 2024 Show Cause Order. Only then did Appellant click on the

link and realize the February 16, 2024 Show Cause Order states in its entirety, "On

November 20, 2023, plaintiff-appellant Mary Seguin filed a pro se notice of appeal

(D. Ct. Dkt. #38) in civil case no. 1:23-cv-00126-WES (D. RI.), seeking to

challenge the district court's electronic order also entered November 20, 2023. That

order stated that because of plaintiff's appeal (No 23-1967) the district court had

limited jurisdiction and would resolve three pending motions filed on November

17, 2023 "when Plaintiff's appeal is resolved." Upon review of the Case: 23-1978

Document: 00118109742 Page: 1 Date Filed: 02/16/2024 Entry ID: 6623392

record, it appears that a February 1, 2024 order did resolve the November 17, 2023

motions by denying them, so this appeal may be moot. Therefore, it appears that

there is no relief that this Court could grant to appellant. See, e.g., Am. Inst. for

Foreign Study, Inc. v. Fernandez-Jimenez, 6 F.4th 120, 123 (1st Cir. 2021) ("we

would be unable to grant [party] any relief even if we ruled in his favor. Thus, his

claim is moot."); Oakville Dev. Corp. v. FDIC, 986 F.2d 611, 613 (1st Cir. 1993)

("It is well established that, in circumstances where a court cannot provide

effectual relief, no justiciable case remains and the court must dismiss the appeal

as moot."). The appellant is ordered to move for voluntary dismissal of the appeal

pursuant to Fed. R. App. P. 42(b), or to show cause, in writing, why this appeal

should not be dismissed for lack of jurisdiction. The failure to take action by

March 1, 2024, will lead to dismissal of the appeal for lack of diligent prosecution.

1st Cir. R. 3.0(b)" which is very different from the Docket Text "Docket Text:

ORDER to Show Cause entered directing appellant to show cause why this appeal

should not be dismissed for lack of jurisdiction.  Show cause response due

03/01/2024."

Therefore, Appellant only realized the full text of the Order on February 27,

2024 and requires an adequate extension of time, requesting 30 days, to review

both the Order and the related Supplemental Record that was notified on February

27, 2024 in Appeal No. 23-1967 to prepare her Show Cause to consolidate Appeal

No. 23-1967 and No. 23-1978.

Thirdly, Appellant requests an extension because Appellant in the last 2 days

was able to do a cursory review of the record, and the cursory review of aforesaid

Supplemental Record in Appeal No. 23-1967 shows a **critical error** in the First

Circuit Court's February 16, 2024 Order that says, "…That order stated that

because of plaintiff's appeal (No 23-1967) the district court had limited jurisdiction

and would resolve three pending motions filed on **November 17, 2023** "when

Plaintiff's appeal is resolved." Upon review of the Case: 23-1978 Document:

00118109742 Page: 1 Date Filed: 02/16/2024 Entry ID: 6623392 record, it appears

that a February 1, 2024 order did resolve the **November 17, 2023** motions by

denying them, so this appeal may be moot."  This characterization of the record is

in error.

The **97-page Supplemental Record in No 23-1967 shows, on pages 25, 26, 27 and 18-20**, that two of the three post judgment Rule 59 and Rule 60 motions in question were filed on **November 16, 2023**, and **denied** by Judge Smith in the district court on **November 17, 2023** in the first of the two denial Text Orders. See Text Order, "EXT ORDER: The Court is in receipt of Plaintiff's two recent emails to the Clerk's Office. The Court construes these emails as motions for leave to file the motions attached to those emails and denies leave to file for the reasons given in its earlier text orders." The time-stamp of this entry was 11/17/2023 at **1:26PM**. Critically, the Supplemental Record shows the actual motions and emails that this Text Order documents was sent by email by the Appellant that is subject to this first of the two denial Text Orders was **not docketed**. Both Appellant's filed motion and emails were not docketed. Judge Smith knew or should have known that if the district court fails to docket Appellant's properly filed two motions, emphatically in a court of record, that record is devoid of the substantive issues raised in the motions for appellate review of the record. As Appellant will detail later herein, this is intentional.

After this *first* November 17, 2023 Judge Smith denial, the Supplemental Record shows that on the heels of the first denial, Judge Smith issued a *second* denial at **3:39 PM**. The record of appeal shows Appellant

properly filed by email at 1:38 PM Appellant's post-judgment Rule 60(b)(1) Motion with Affidavit. *See* Supplemental Record in Appeal No. 23-1967, pages 18-20 of 97 pages. Judge Smith's 3:39 PM Text Order states, "The Court is in receipt of Plaintiff's email to the Clerk's Office this afternoon. As with its order issued earlier today, the Court construes this email as a motion for leave to file the motion attached to the email and denies leave to file for the reasons given in its earlier text orders." Similarly and critically, the Supplemental Record shows the actual motion and email that this Text Order documents was sent by email by the Appellant that is subject to this second of the two denial Text Orders was similarly not docketed. Appellant again reiterates that this First Circuit's February 27, 2024 docketed Supplemental Records pages 18-20 of 97 pages show undisputedly Appellant properly filed by email at 1:38 PM Appellant's post-judgment Rule 60(b)(1) Motion with Affidavit. Both Appellant's filed motion and email were not docketed. Judge Smith knew or should have known that if the district court fails to docket Appellant's properly filed two motions, emphatically in a court of record, that record is devoid of the substantive issues raised in the motions for appellate review of the record. As Appellant will detail later herein, this is intentional. Also before this Court on appeal is the issue of obstruction of a federal procedure.

**Therefore, in support of Appellant's herein Motion for Extension of Time, Appellant declares, pursuant to applicable federal law, the following facts and requests Judicial Notice of the following:**

1. The First Circuit's Docket Activity in Appeal No. 23-1967 States that the Supplemental record was transmitted by the District Court in the District of Rhode Island on December 27, 2023. The 97-page Supplemental Record starts with the district court clerk's supplemental certificate of the record on appeal, stating under Record Information, " [doc] with 12/14/2023 filing date." This is dated 12/27/2023. Next on pages 2 to 12 consists of the Docket Sheet of the district court case appealed from, Case # 1:23-cv-00126-WES-PAS, that consists of ECF 1 to ECF 45, as well as December 5, 2023 district court TEXT ORDER denying Appellant-Plaintiff's ECF 45 Motion to Stay Pending Appeal under Fed. R. App. P 8, ending with December 14, 2023 entry stating, "U.S. Court of Appeals for the First Circuit Appeal fees received $505 re:32 Notice of Appeal filed by Mary Seguin (Additional attachment(s) added on 12/27/2023 **#2 Envelope with Payment, #3 Envelope – FedEX**) (Gonzalez Gomez, Viviana). (Entered: 12/27/2023).

2. At this juncture, Texas Appellant respectfully **requests the Court to judicially notice** of the **clear** *district court practice*, as documented in the record demonstrated in the supplemental record just docketed in Appeals case 23-1967 on

February 27, 2024, showing that all mail and email correspondences of Appellant's

district court submissions, be it **FedEx or email, are by court practice *docketed***,

complete with the scans of the email or physical correspondence relating to the

court submission, *e.g.*,  FedEx **#2** "Envelope with Payment," **#3** Envelope – FedEX

entered on 12/27/2023 listed as a docket activity dated 12/15/2023 (why a

12/15/2023-dated listing for a docket entry that is documented "entered:

12/27/2023" is also an issue Appellant seeks to preserve); *see also*, 3/30/23 ECF 2,

"Civil Cover Sheet filed by Mary Seguin (Attachments; #1 Email) with **ECF 2-1**

showing a copy of Appellant's email court submission; *see also* **ECF 3-3** showing

a copy of Appellant's email court submission; *see also* **ECF 4-1** showing a copy of

Appellant's email court submission of Appellant-Plaintiff's motion.  Conclusively,

**it is undisputedly firmly established fact that the district court's court practice**

**is to accept Appellant's court submissions by email, with a copy of Appellant's**

**email correspondence containing the court submission attached as an ECF**

**electronic court filing**.

    **3. The district court's court practice of accepting Appellant's court**

**submission by email and entering on the docket into the record a copy of**

**Appellant's email correspondence containing the court submission attached as**

**an ECF electronic court filing, thereby including the entire chain of act of**

**court submission into the record in that court of record and in this court of**

**record, in this appeal of the record, is a material fact in both this matter Appeal 23-1978 and in Appeal 23-1967.**

4. However, the Supplemental record shows the district court's court practice of docketing Appellant's court submissions sent by email came to a screeching halt after the entry of the October 19, 2023 Text Order and October 19, 2023 Judgment, ECF 31.

5. Appellant's post-judgment submissions sent by email, as she had always submitted and court-accepted, as shown in **ECF 2-1, ECF 3-1, and ECF 4-1**, were obstructed by district court Judge Smith from being docketed as those submissions related to both post-judgment Rule 59 and Rule 60 motions filed on November 16, 2023 within the 28-day period and the email court submission correspondence that were historically docketed, *see* **ECF 2-1**, **ECF 3-1**, and **ECF 4-1** and **Exhibit A. Since the Supplemental Record shows this is an official proceeding processed by the Clerk of the Court of the United States Judiciary, any and all off-record** instructions behind the scenes to the Clerk of the Court to ***not*** docket Appellant's properly submitted/filed not one, but ultimately *three* post-judgment motions in the United States District Court, a court of record created by Congress, constitutes obstruction of an official proceeding.

6. The remainder of the aforesaid Supplemental Record docketed on February 27, 2024 in Appeals No. 23-1967 from pages 13-97 consists of **ECF 32** which is docketed on the docket sheet as "Notice of Appeal by Mary Seguin as to Text Order, Text Order "Appeal record due by 11/24/2023. (Attachments: #1 Record on Appeal)(Kenny, Meghan)(Entered: 11/17/2029).

**7. Appellant respectfully requests judicial notice of the fact that the November 17, 2023 Notice of Appeal, Docket Entry 32-1 "Record on Appeal" entered by Clerk Meghan Kenny, is 83 pages long and contains the complete record of the email court filings as well as the three Rule 59, Rule 60(b) and Rule 60(b)(1) motions that Judge Smith obstructed from docketing in the court of record**.

8. Appellant's above requests for judicial notice, in the alternative, the Court's inherent authority to supplement the record, and finally the court's review of the No. 23-1967's supplemental record in aid of the appeal in the afore-paragraphs enumerated ¶ 1-20 all ensure this specific record aforementioned in must be properly reviewed.

9. The Supplemental Record, pages 25-26, shows factual evidentiary record of Appellant's **Thursday November 16, 2023** court submission by email, at 1:31 PM, Appellant's post-judgment **Rule 59 Motion with Affidavit**.

10. The Supplemental Record, page 27, shows factual evidentiary record of Appellant's **Thursday November 16, 2023** court submission, at 4:39 PM, Appellant's post-judgment **Rule 60(b) Motion with Affidavit**.

11. Appellant respectfully requests the Court to take judicial notice of the aforesaid records in the Supplemental Record and the fact at **1:26PM on Friday, November 17, 2023,** after receipt and review of the above-referred Appellant Court submission Rule 59 Motion with Affidavit on **Thursday November 16, 2023** at 1:31 PM as well as after receipt and review of the above-referred Appellant Court submission Rule 60 Motion with Affidavit on **Thursday November 16, 2023** at 4:39 PM, district court Judge Smith denied both of Appellant's properly filed post-judgment motions.  *See* **Exhibit B**, electronic stamp of district court's entry of denial – 1:26PM on 11/17/2023.  **District Court Clerk Meghan Kenny stated over the phone to Appellant, who was in Texas, that Judge Smith told Clerk Kenny _not_ to docket the aforesaid Appellant's Rule 59 and Rule 60 Motions that were submitted on November 16, 2023 in two separate emails time-stamped 1:31PM and 4:39PM.   Appalled, the Appellant told the district court clerk that obstructing the docketing of properly filed court submissions in federal courts of record is unlawful.  Clerk Kenny stated that the clerk is going to do what the judge tells her to do, not what Appellant tells her to do.**

12. The Supplemental Record, page 18-20, shows factual evidentiary record of Appellant's **Friday November 17, 2023** court submission, at **1:38 PM**, Appellant's post-judgment **Rule 60(b)(1) Motion with Affidavit**.  Appellant's email court submission stated emphatically, "**Please make sure that the law is followed that my attached Rule 60(b)(1) Motion is NOT forwarded to Chambers prior to docketing.  I am NOT requesting the Court leave to file, since it is my right to file the attached Rule 60(b)(1) Motion.**"

13. Appellant respectfully requests the Court to take judicial notice of the aforesaid records in the Supplemental Record and the fact at **3:39PM, on Friday November 17, 2023**, after receipt and review of the above-referred Appellant Court submission Rule 60(b)(1) Motion emailed at 1:38PM, the district court Judge Smith denied the motion and continued to instruct the district court clerk not to docket Appellant's court submissions.  *See*  Clerk's Certificate and Appellate Cover Sheet, Record on Appeal, ECF 33-1, page 92.  Official Notice of the Time-Stamped entry of the 3:39PM Friday November 17, 2023 TEXT ORDER by district court judge William Smith.

**14. Again, over the phone, district court clerk Meghan Kenny told Appellant, who was in Texas, that she, the clerk, is going to do what the judge tells her to do, which is not to docket the aforesaid Appellant's Rule 60(b)(1) Motion that was submitted on November 17, 2023 at 1:38PM.  Clerk Kenny**

then said, **"File your Notice of Appeal and appeal all of this, everything!  File your Notice of Appeal!"**

15. The Supplemental Record shows that thereafter, court time-stamped at **3:53PM EST**, (**Exhibit C**) Plaintiff-Appellant filed the Notice of Appeal, ECF 32, 32-1. *See* Clerk's Certificate and Appellate Cover Sheet, Record on Appeal, ECF 33-1, entered at 4:30PM EST. *See* **Exhibit D**.

16. From this juncture, at 3:53 PM on November 17, 2023 upon the docket entry of the Notice of Appeal, the district court of the district of Rhode Island is ***divested of jurisdiction***.

17. The facts of the record in district court case number 1:23-cv-126-WES-PAS show that final judgment entered on October 19, 2023.  Within 28 days post-judgment, Plaintiff-Appellant filed her Rule 59 Motion (at 1:31PM) on November 16, 2023.  Later on the same day, at 4:39 PM, Plaintiff-Appellant filed her Rule 60(b) Motion also within 28 days post-judgment.  *See* ECF 32-1, *see also* Supplemental Record docketed on February 27, 2024 in Appeals Case No. 23-1967, Supplemental Record pages 25, 26, 27 showing Appellant's emails dated November 16, 2023 of court submissions of Rule 59 and Rule 60 Motions.

18. On appeal from the district court, the aforesaid sets of crucial facts are one of the central thresholds towards ==jurisdiction==. ==**This First Circuit must by law scrutinize these aforesaid times and dates on the record**==.

19. Because no trial took place in this case, Appellant's Rule 59 Motion is construed as Rule 59(e) Motion. Because no trial took place in this case, Appellant's Rule 60(b) Motion is construed as a Rule 59(e) Motion.

20. Both Appellant's November 16, 2023 Rule 59 and Rule 60 Motions critically raise as a basis among many for reconsideration the ==disqualification of Judge William Smith==, whom himself had represented the Defendants Rhode Island Judiciary, Rhode Island Department of Human Services and whose past law firm continues to this day to represent the Defendant Rhode Island Judiciary and the Rhode Island Department of Human Services. Emphatically, Judge William Smith not only represented the Defendants, but built his *entire Public Law Practice* at his former firm on his acquiring a flat fee service agreement representing the aforesaid State Defendants, that his former law firm continues to reap financial benefits from to this day continuing to list these Defendants as key government clients. Judge William Smith acquiring the aforesaid state Defendants as key clients of the Public Law Practice he built over a span of 20 years, has intimate knowledge of the unlawful routine practices of the Defendants alleged in the Complaint, including Defendants' concerted routine collection of *12% compound*

*interest* on past due support within the legal framework of the Title IV-D of the

Social Security Act in Rhode Island, that is violative of Title IV-D, which 42

U.S.C. §654(21)(A) requires must be between *3-6%,* which in Appellant's

interstate case, the Defendants sought to conceal from federal and Texas law

enforcement, by *removing* the interest from the mandated automated record system

maintained by the Rhode Island state Defendants in violation of 42 U.S.C. §654a,

with the clear deliberate intent to falsify accounting and remit false records to

Texas and federal law enforcement in order to conceal the violative 12%

compound interest – since noncompliance of Title IV-D not only renders Rhode

Island ineligible to participate the lucrative federal funding provided by Title IV-D,

and since this "administrative" removal of interest from the 42 U.S.C. §654a

system clearly motivated by the intent to cover-up is routine and violates Federal

Criminal and Texas Penal Codes, including federal and Texas laws concerning

fraud in interstate Title IV-D cases, **Judge Smith's extrajudicial instructions to**

**the district court clerk on November 16, 2023 and on November 17, 2023 <u>not</u>**

**<u>to docket</u> Plaintiff-Appellant's properly filed federal court Rule 59 and Rule**

**60 Motions is similarly motivated by cover up** acting alongside the State

**Defendants, in violation of,** *interalia***, 42 U.S.C. § 1983**.  Obviously, the

Defendants' actions are and Judge Smith's actions are criminal acts that could be

criminally prosecuted or acted on by Congress under federal and multiple states

law and under the Constitution.  As such, Judge Smith's acts of obstruction of the

docketing of properly filed post-judgment motions are **"Records of Appeal" ECF**

**32-1** under appeal review in Appeal No. 23-1967, as well as the district court's

denial of the properly filed and timely filed Rule 59 and Rule 60 Motions filed on

**November 16, 2023**.  That is

21. The above is a true and accurate account of the record of Appeal in Case

No. 23-1967, and the evidentiary documentation record showing the sequence of

events evidenced in the record of appeal that is accounted for above is undisputable

fact.

22. Judge Smith's November 20, 2023 Text Order is clearly entered in

response to Plaintiff-Appellant's November 17, 2023 Notice of Appeal ECF 32,

32-1.  **Appellant's Notice of Appeal ECF 32, 32-1, make clear that Appellant**

**filed Appellant's Rule 59 and Rule 60 Motions on November 16, 2023, and**

**makes clear that Appellant appeals Judge Smith's actions obstructing the**

**docketing of Appellant's November 16, 2023 Rule 59 and Rule 60 Motions**.

23. On November 20, 2023, the district court is divested of jurisdiction.

Judge Smith's November 20, 2023 Text Order clearly is entered in response to

Appellant's Notice of Appeal, ECF 32, 32-1, which makes Judge Smith behavior

*appear* as that of a *respondent to Plaintiff-Appellant*, showing the very prejudice and bias against the Appellant that requires disqualification.

24. Moreover, Judge Smith purposely sought to further muddy the record by falsely claiming in the text order that Plaintiff-Appellant emailed Appellant's Rule 59 and Rule 60 motion on November 17, 2023, which Appellant's Notice of Appeal (ECF 32, 32-1) clearly demonstrates evidentiary fact showing the Rule 59 and Rule 60 Motions were emailed and received by the district court on **November 16, 2023**, proving Judge Smith's falsity. **Appellant hereby preserves the issue of _fraud on the court_, and reserves the right to raise it at the appropriate time in either Appeal No. 23-1978, Appeal No. 23-1967 or both.** **Judge Smith's aforesaid attempt to further muddy the record directly caused this First Circuit Appeal's Court to issue it's February 16, 2024 Show Cause Order in this matter which relied on Judge Smith's November 20, 2023 Text Order falsely claiming Appellant filed three post-judgment motions on November 17, 2023, that is undisputedly refuted by the evidentiary record in the November 17, 2023 Notice of Appeal, ECF 32, 32-1, as well as the Supplemental Record docketed on February 27, 2024 in Appeal No. 23-1967, on pages 25, 26, 27, and 18-20.**

25. "The filing of a Rule 59(e) motion within the 28-day period suspends the finality of the original judgment for purposes of an appeal." *Banister v. Davis*, 140

S. Ct. 1698, 1703 (2020) (internal quotations omitted). It is only upon the resolution of that motion that the finality of the judgment is restored and the "30-day appeal clock" starts again. *Id*.

26. Here in the matter of district court case number 1:23-cv-126-WES-PAS, the November 17, 2023 Notice of Appeal, ECF 32, 32-1, shows Appellant filed her Rule 59 and Rule 60 Motions on November 16, 2023. The district court entered a TEXT ORDER denying those motions on November 17, 2023. Judge Smith instructed the clerk of the court not to docket Appellant's Rule 59 and Rule 60 Motions. Therefore, Appellant filed a Rule 60(b)(1) Motion on November 17, 2023, via email. Again, Judge Smith instructed the district court clerk not to docket Appellant's November 17, 2023 Rule 60(b)(1) Motion. Judge Smith issued the second November 17, 2023 TEXT ORDER denying Appellant's November 17, 2023 Rule 60(b)(1) Motion, totally denials of all post-judgment motions filed by the Appellant between November 16 to November 17, 2023. Subsequent to the district court's issuing the second denial TEXT ORDER, Appellant filed her Notice of Appeal on November 17, 2023, within 30 days of the October 19, 2023 final judgment. **The district court is then divested of jurisdiction on November 17, 2023**. The trial court or the district court is *functus officio*. *Functus officio* means "having performed his or her office," *See, Functus officio*, BLACK'S LAW DICTIONARY (10th ed. 2014). The district court November 20, 2023 text order

exercising jurisdiction over any and all motions filed and already denied via TWO

TEXT ORDERS before the entry of the Notice of Appeal are on its face

jurisdictionally defective.  The bald and audacious move by Judge Smith

instructing the district clerk in its November 20, 2023 TEXT ORDER by a district

court divested of jurisdiction, to additionally "fix the record" by docketing the

Plaintiff-Appellant's November 16, 2023 Rule 59 and Rule 60 Motions in ECF 34,

34-1, 35, 35-1, 36, 36-1 and Plaintiff-Appellant's Rule 60(b)(1) Motion (ECF 37,

37-1) filed on November 17, 2023 filed prior to the district court's second denial

TEXT ORDER dated November 17, 2023 (all entered *post-facto* and *post-appeal*

on 11/20/23 as shown on the docket in obeyance to Judge Smith's November 20,

2023 void text order, and then the ensuing ECF 41, 42, 43, 44 are all entries under

the district court's state of divested jurisdiction and ultimately void.  Finally, the

district court's denial Text Order dated February 1, 2024 continues to be void,

divested of jurisdiction.

27.  The "limited jurisdiction" are for district court review of matters under

Federal Rules of Appellate Procedures, *e.g.*, Fed. R of App. P. 8 Motion  to stay

pending appeal, ECF 45 docketed December 5, 2023.  Judge Smith quickly denied

it in its text order the next day on December 6, 2023.  An objective observer

reasonably questions the judge's neutrality and questions whether the district court

even had adequate time to read through the Fed. R of App. P. 8 Motion to stay

pending appeal (ECF 45, 45-1 Attachment Email) within the 24 hours.

Therefore, Appellant respectfully moves this Court for extension of time of

30 days to April 1, 2024 to adequately prepare Appellant's Show Cause.  Appellant

respectfully requests oral argument to clarify the record.

## CONCLUSION

WHEREFORE, the Appellant respectfully requests this Appeals Court

to GRANT the Appellant's herein Motion for an extension of time to file Show

Cause to April 1, 2024.  The Appellant respectfully requests any and all relief.

Respectfully submitted,

Mary Seguin
Pro Se
/s/     *Mary Seguin*

Email: maryseguin22022@gmail.com
Phone: (281)744-2016
P.O. Box 22022
Houston, TX  77019

Dated: February 29, 2024

## CERTIFICATE OF SERVICE

This is to certify that the foregoing instrument has been served via the

Court's ECF filing system on February 29, 2024, on all registered counsel of

record, and has been transmitted to the Clerk of the Court.

Mary Seguin
Pro Se
/s/        *Mary Seguin*

Email: maryseguin22022@gmail.com
Phone: (281)744-2016
P.O. Box 22022
Houston, TX  77019

Exhibit A

 **Mary Seguin <maryseguin22022@gmail.com>**

---

## 23-1967 Seguin v. Rhode Island Department of Human Services, et al "Supplemental Record"
1 message

**CA01NoticeDocketActivity@ca1.uscourts.gov** <CA01NoticeDocketActivity@ca1.uscourts.gov>    Tue, Feb 27, 2024 at 1:07 PM
To: Maryseguin22022@gmail.com

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing.**

### United States Court of Appeals for the First Circuit

**Notice of Docket Activity**

The following transaction was entered on 02/27/2024 at 2:07:32 PM Eastern Standard Time and filed on 12/27/2023

| | |
|---|---|
| **Case Name:** | Seguin v. Rhode Island Department of Human Services, et al |
| **Case Number:** | 23-1967 |
| **Document(s):** | Document(s) |

**Docket Text:**
SUPPLEMENTAL record filed. Docket entries: docketing statement and post-trial motions. [23-1967] (GRC)

**Notice will be electronically mailed to:**

Joanna M. Achille
Peter F. Neronha
Marissa D. Pizana
Mary Seguin

The following document(s) are associated with this transaction:
**Document Description:** Main Document
**Original Filename:** Seguin Supplemental RoA CoA.pdf
**Electronic Document Stamp:**
[STAMP acecfStamp_ID=1104935054 [Date=12/27/2023] [FileNumber=6625344-0] [904861ea07b95bc3b45628823f9103
5c19ddae10d01a1835a0f98ec17328add95da1f813d6f1a40b42f15b870a48905827339ad31f01bb89e82b193bb24c66f3]]



# UNITED STATES DISTRICT COURT
### *District of Rhode Island*

### CLERK'S SUPPLEMENTAL CERTIFICATE OF THE RECORD ON APPEAL

| Case Information |
|---|

Case Caption: **Seguin**     *vs.*   Rhode Island Department of Human Services et al

District Court case number: **23cv126**     Court of Appeals case number: **23-1967**

| Record Information |
|---|

Supplemental documents: [doc] with 12/14/2023 filing date
Document #

Sealed documents:     Yes ☐     No ☑
*If yes, document #*

*Ex parte* documents:     Yes ☐     No ☑
*If yes, document #*

Transcripts:     Yes ☐     No ☑
*If yes, document #*

Trial/Hearing exhibits:     Yes ☐     No ☑
*If yes, description*

| Certification |
|---|

I, Hanorah Tyer-Witek, Clerk of the United States District Court for the District of Rhode Island, do certify that the above annexed documents are to be included with the record on appeal in the above referenced case.

**HANORAH TYER-WITEK**
Clerk of Court

Date: **12/27/2023**     /s/ *Viviana Gonzalez Gomez*
Deputy Clerk

APPEAL,Pro Se ECF Filer,Pro Se Plaintiff

# U.S. District Court
## District of Rhode Island (Providence)
## CIVIL DOCKET FOR CASE #: <u>1:23–cv–00126–WES–PAS</u>

| | |
|---|---|
| Seguin v. Rhode Island Department of Human Services et al | Date Filed: 03/30/2023 |
| Assigned to: District Judge William E. Smith | Date Terminated: 10/19/2023 |
| Referred to: Magistrate Judge Patricia A. Sullivan | Jury Demand: Both |
| Demand: $3,000,000 | Nature of Suit: 440 Civil Rights: Other |
| Case in other court:  First Circuit, <u>23–01967 (requires PACER login)</u> | Jurisdiction: Federal Question |
| First Circuit, <u>23–01978 (requires PACER login)</u> | |
| Cause: 18:1962 Racketeering (RICO) Act | |

**Plaintiff**

| | | |
|---|---|---|
| **Mary Seguin** | represented by | **Mary Seguin** |
| | | P.O. Box 22022 |
| | | Houston, TX 77019 |
| | | 281–744–2016 |
| | | Email: <u>maryseguin22022@gmail.com</u> |
| | | PRO SE |

V.

**Defendant**

| | | |
|---|---|---|
| **Rhode Island Department of Human Services** | represented by | **Marissa D. Pizana** |
| *In its official capacity* | | RI Department of Attorney General |
| | | Civil Division |
| | | 150 South Main Street |
| | | Providence, RI 02903 |
| | | 401–274–4400 |
| | | Email: <u>mpizana@riag.ri.gov</u> |
| | | *ATTORNEY TO BE NOTICED* |

**Defendant**

| | | |
|---|---|---|
| **Rhode Island Department of Human Services Office Of Child Support Services** | represented by | **Marissa D. Pizana** |
| *In its official capacity* | | (See above for address) |
| | | *ATTORNEY TO BE NOTICED* |

**Defendant**

| | | |
|---|---|---|
| **Gero Meyersiek** | represented by | **Joanna M. Achille** |
| *In his individual and official capacity* | | Burns & Levinson LLP |
| | | 1 Citizens Plaza |
| | | Providence, RI 02903 |
| | | (401) 831–8330 |
| | | Fax: (617) 345–3299 |

Email: jachille@burnslev.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Michael D. Coleman**
*In his individual and official capacity*

**Defendant**

**Deborah A. Barclay**
*In her individual and official capacity*

**Defendant**

**Lisa Pinsoneault**
*In her individual and official capacity*

**Defendant**

**Carl Beauregard**
*In his individual and official capacity*

**Defendant**

**Kevin Tighe**

**Defendant**

**Monique Bonin**

**Defendant**

**Frank Dibiase**

**Defendant**

**Wendy A. Fobert**

**Defendant**

**Karla Caballeros**

**Defendant**

**Timothy Flynn**

**Defendant**

**Rhode Island Court System**

**Defendant**

**Paul A Suttell**
*L in his individual and official capacity*
*as Executive Head OF Rhode Island State*
*Court System*

**Defendant**

**Rhode Island Administrative Office of State Courts**

**Defendant**

**Rhode Island Administrative Office of the Superior Court**

**Defendant**

**Rhode Island Judicial Council**

**Defendant**

**Rhode Island Superior Court**

**Defendant**

**Rhode Island Superior Court Judicial Council**

**Defendant**

**The Judicial Technology Center**

**Defendant**

**Julie Hamil**

**Defendant**

**Marisa P. Brown**

**Defendant**

**John Joseph Baxter, Jr.**

**Defendant**

**Justin Correa**

**Defendant**

**Rhode Island Office of the Attorney General**

**Defendant**

**Rhode Island Office of the Attorney General Open Government Unit**

**Defendant**

**Adam Roach**

**Defendant**

Peter Neronha

**Defendant**

**Tyler Technologies, Inc.**

| Date Filed | # | Docket Text |
|---|---|---|
| 03/30/2023 | 1 | COMPLAINT ( filing fee paid $ 402.00 receipt number ARIDC−1855567 ), filed by Mary Seguin.(DaCruz, Kayla) (Entered: 03/30/2023) |
| 03/30/2023 | | CORRECTIVE DOCKET ENTRY Regarding: 1 Complaint. **CORRECTIVE DOCKET ENTRY:** This case has been electronically filed and processed, however, after a quality control review the following deficiencies were found:Civil Cover Sheet not attached. The filer is directed to file a Civil Cover Sheet within one day. (DaCruz, Kayla) (Entered: 03/30/2023) |
| 03/30/2023 | 2 | Civil Cover Sheet filed by Mary Seguin. Regarding New Case: 1 Complaint. (Attachments: # 1 Email)(DaCruz, Kayla) (Entered: 03/30/2023) |
| 03/30/2023 | 3 | Summons Request filed by Mary Seguin. (Attachments: # 1 Rhode Island Department of Human Services Office of Child Support Services Summons, # 2 Gero Meyersiek Summons)(DaCruz, Kayla) (Additional attachment(s) added on 3/30/2023: # 3 Email) (DaCruz, Kayla). (Entered: 03/30/2023) |
| 03/30/2023 | 4 | MOTION for Leave to Proceed as Pro Se Electronic Filer filed by Mary Seguin. (Attachments: # 1 Email)(DaCruz, Kayla) (Entered: 03/30/2023) |
| 03/30/2023 | | CASE CONDITIONALLY ASSIGNED to District Judge William E. Smith and Magistrate Judge Patricia A. Sullivan. Related Case Number 23cv34 based upon a related case previously assigned to the presiding judge. The assignment is subject to the presiding judge's determination that the cases, in fact, are related. (DaCruz, Kayla) (Entered: 03/30/2023) |
| 03/30/2023 | 5 | CASE OPENING NOTICE ISSUED (DaCruz, Kayla) (Entered: 03/30/2023) |
| 03/30/2023 | 6 | Summons Issued as to Gero Meyersiek, Rhode Island Department of Human Services, Rhode Island Department of Human Services Office of Child Support Services. (Attachments: # 1 Rhode Island Department of Human Services Office Of Child Support Services Summons, # 2 Gero Meyersiek Summons)(DaCruz, Kayla) (Entered: 03/30/2023) |
| 03/30/2023 | | TEXT ORDER granting 4 Motion for Leave to Proceed as Pro Se Electronic Filer. So Ordered by District Judge William E. Smith on 3/30/2023. (Urizandi, Nissheneyra) (Entered: 03/30/2023) |
| 07/07/2023 | 7 | ORDER TO SHOW CAUSE entered. Show Cause Response due by 7/21/2023. So Ordered by District Judge William E. Smith on 7/7/2023. (Urizandi, Nissheneyra) (Entered: 07/07/2023) |
| 07/07/2023 | | CASE PERMANENTLY ASSIGNED: Since District Judge William E. Smith has determined that this case is in fact related to CA 22−cv−34 this case is permanently assigned to District Judge William E. Smith for all further proceedings. (Urizandi, Nissheneyra) (Entered: 07/07/2023) |
| 07/20/2023 | 8 | |

4

| | | |
|---|---|---|
| | | AFFIDAVIT re *7* Order to Show Cause *Rule 4(m) Show Cause Declaration* by Mary Seguin. (Attachments: # *1* Exhibit Exhibits A to B attached to Plaintiff's Rule 4(m) Show Cause Declaration)(Seguin, Mary) (Entered: 07/20/2023) |
| 08/07/2023 | *9* | NOTICE of Appearance by Marissa D. Pizana on behalf of Rhode Island Department of Human Services, Rhode Island Department of Human Services Office Of Child Support Services (Pizana, Marissa) (Entered: 08/07/2023) |
| 08/07/2023 | *10* | MOTION for an Extension of Time to File Answer re *1* Complaint *or Otherwise Respond to the Complaint* filed by Rhode Island Department of Human Services, Rhode Island Department of Human Services Office Of Child Support Services. **Responses due by 8/21/2023.** (Pizana, Marissa) (Entered: 08/07/2023) |
| 08/07/2023 | *11* | EXHIBIT IN SUPPORT by Rhode Island Department of Human Services, Rhode Island Department of Human Services Office Of Child Support Services in support of *10* MOTION for an Extension of Time to File Answer re *1* Complaint *or Otherwise Respond to the Complaint* . (Pizana, Marissa) (Entered: 08/07/2023) |
| 08/08/2023 | *12* | MOTION for an Extension of Time to Amend *1* Complaint *Pursuant to Rule 15* filed by Mary Seguin. **Responses due by 8/22/2023.** (Attachments: # *1* Exhibit Exhibit A to E attached to Plaintiff Motion for Extension of Time To Amend Complaint 080823, # *2* Affidavit Affidavit in Support of Plaintiff Motion for Extension of Time to Amend Complaint 080823, # *3* Exhibit Exhibit A to D attached to Affidavit in Support of Plaintiff Motion for Extension of Time to Amend Complaint 080823)(Seguin, Mary) (Entered: 08/08/2023) |
| 08/10/2023 | *13* | NOTICE of Appearance by Joanna M. Achille on behalf of Gero Meyersiek (Achille, Joanna) (Entered: 08/10/2023) |
| 08/10/2023 | *14* | First MOTION for an Extension of Time to File Answer re *1* Complaint filed by Gero Meyersiek. **Responses due by 8/24/2023.** (Achille, Joanna) (Entered: 08/10/2023) |
| 08/15/2023 | | TEXT ORDER granting *10* Motion for Extension of Time to Answer. Rhode Island Department of Human Services answer due 10/9/2023; Rhode Island Department of Human Services Office of Child Support Services answer due 10/9/2023. So Ordered by District Judge William E. Smith on 8/15/2023. (Urizandi, Nissheneyra) (Entered: 08/15/2023) |
| 08/16/2023 | *15* | RESPONSE In Opposition to *12* MOTION for an Extension of Time to Amend *1* Complaint *Pursuant to Rule 15* filed by Rhode Island Department of Human Services, Rhode Island Department of Human Services Office Of Child Support Services. **Replies due by 8/23/2023.** (Pizana, Marissa) (Entered: 08/16/2023) |
| 08/16/2023 | *16* | REPLY to Response re *15* Response to Motion, *Plaintiff's Motion for Extension of Time to Amend Complaint* filed by Mary Seguin. (Seguin, Mary) (Entered: 08/16/2023) |
| 08/17/2023 | *17* | MOTION for Temporary Restraining Order filed by Mary Seguin. (Attachments: # *1* Supporting Memorandum Memorandum In Support of Motion for Preliminary Injunction and Temporary Restraining Order, # *2* Affidavit Affidavit in Support of Plaintiff Motion for TRO, # *3* Exhibit Exhibits Attached to Plaintiff Motion for TRO and Preliminary Injunction)(Seguin, Mary) (Entered: 08/17/2023) |
| 08/17/2023 | *18* | AFFIDAVIT re *17* MOTION for Temporary Restraining Order *and Motion for Preliminary Injunction* by Mary Seguin. (Seguin, Mary) (Entered: 08/17/2023) |

| 08/18/2023 | <u>19</u> | AFFIDAVIT re <u>17</u> MOTION for Temporary Restraining Order *and Rule 65(a) Motion for Injunctive Relief* by Mary Seguin. (Attachments: # <u>1</u> Exhibit Rhode Island Family Court Emergency Motion to Stay Proceedings)(Seguin, Mary) (Entered: 08/18/2023) |
|---|---|---|
| 08/18/2023 | <u>20</u> | EXHIBIT IN SUPPORT by Mary Seguin in support of <u>18</u> Affidavit, <u>17</u> MOTION for Temporary Restraining Order , <u>1</u> Complaint, <u>19</u> Affidavit *Affidavit in Support of Evidence Submitted for Complaint and Motion for Temporary Restraining Order*. (Seguin, Mary) (Entered: 08/18/2023) |
| 08/18/2023 | <u>21</u> | EXHIBIT IN SUPPORT by Mary Seguin in support of <u>1</u> Complaint . (Attachments: # <u>1</u> Exhibit Documentary Evidentiary Support, # <u>2</u> Exhibit Evidentiary Support, # <u>3</u> Exhibit Evidentiary Support, # <u>4</u> Exhibit Evidentiary Support, # <u>5</u> Exhibit Evidentiary Support, # <u>6</u> Exhibit Evidentiary Support, # <u>7</u> Exhibit Audio Recording Evidentiary Support)(Seguin, Mary) (Entered: 08/18/2023) |
| 08/18/2023 | <u>22</u> | DOCKET NOTE: Audio file was received and will be maintained in the Clerk's Office. Regarding: <u>20</u> Exhibit in Support, <u>21</u> Exhibit in Support, <u>18</u> Affidavit, <u>17</u> MOTION for Temporary Restraining Order , <u>1</u> Complaint, <u>19</u> Affidavit. (Kenny, Meghan) (Entered: 08/18/2023) |
| 08/18/2023 | <u>23</u> | Emergency MOTION for Hearing re <u>17</u> MOTION for Temporary Restraining Order filed by Mary Seguin. **Responses due by 9/1/2023.** (Seguin, Mary) (Entered: 08/18/2023) |
| 08/18/2023 | <u>24</u> | Second MOTION for Hearing re <u>17</u> MOTION for Temporary Restraining Order filed by Mary Seguin. **Responses due by 9/1/2023.** (Kenny, Meghan) (Entered: 08/18/2023) |
| 08/18/2023 | | TEXT ORDER denying Plaintiff's <u>17</u> Motion for Temporary Restraining Order and Preliminary Injunction. Because the ongoing proceedings in state court implicate a significant state interest, the Younger abstention doctrine applies, requiring this Court to abstain from enjoining ongoing state proceedings. See <u>Younger v. Harris</u>, 401 U.S. 37 (1971); <u>Sirva Relocation, LLC v. Richie</u>, 794 F.3d 185, 191–93 (1st Cir. 2015). The ongoing proceeding in Family Court implicates the State's interest in enforcing the orders and judgments of its courts and in its ability to collect child support payments, the state court is fully competent to adjudicate Plaintiff's claims, and no <u>Younger</u> abstention exceptions apply. See <u>Sirva</u>, 794 F.3d at 192. Accordingly, Plaintiff's <u>17</u> Motion for Temporary Restraining Order and Preliminary Injunction is DENIED. So Ordered by District Judge William E. Smith on 8/18/2023. (Urizandi, Nissheneyra) (Entered: 08/18/2023) |
| 08/18/2023 | | TEXT ORDER granting Plaintiff's <u>12</u> Motion for an Extension of Time to Amend Complaint and Defendant Gero Meyersiek's <u>14</u> First Motion for an Extension of Time to File Answer. Because Defendants have not yet filed a responsive pleading, Plaintiff is permitted to amend her Complaint pursuant to Federal Rule of Civil Procedure 15(a). Plaintiff is directed to file her amended complaint within fourteen days from the date of this order. In light of this extension, Defendant Gero Meyersieks request for an extension of time is also granted, and he is directed to respond to Plaintiff's amended complaint within 60 days of its filing. So Ordered by District Judge William E. Smith on 8/18/2023. (Urizandi, Nissheneyra) (Entered: 08/18/2023) |
| 08/18/2023 | | TEXT ORDER denying Plaintiff's <u>23</u> Emergency Motion for Hearing and <u>24</u> Second Motion for Hearing. In light of the denial of Plaintiff's <u>17</u> Motion for Temporary Restraining Order and Preliminary Injunction, Plaintiff's requests for a hearing on that |

| | | motion are DENIED as MOOT. So Ordered by District Judge William E. Smith on 8/18/2023. (Urizandi, Nissheneyra) (Entered: 08/18/2023) |
|---|---|---|
| 09/01/2023 | 25 | AMENDED COMPLAINT against All Defendants, filed by Mary Seguin.(Seguin, Mary) (Entered: 09/01/2023) |
| 09/05/2023 | 26 | NOTICE by Mary Seguin *Notice and Demand of Claims Against Defendants' Liability Insurance Policies and Coverage* (Seguin, Mary) (Entered: 09/05/2023) |
| 09/06/2023 | 27 | MOTION for an Extension of Time to File Answer re 25 Amended Complaint filed by Rhode Island Department of Human Services, Rhode Island Department of Human Services Office Of Child Support Services. **Responses due by 9/20/2023.** (Pizana, Marissa) (Entered: 09/06/2023) |
| 09/08/2023 | 28 | RESPONSE In Opposition to 27 MOTION for an Extension of Time to File Answer re 25 Amended Complaint filed by Mary Seguin. **Replies due by 9/15/2023.** (Seguin, Mary) (Entered: 09/08/2023) |
| 09/19/2023 | | TEXT ORDER granting 27 Motion for an Extension of Time to File Answer. Rhode Island Department of Human Services' answer is due November 17, 2023; Rhode Island Department of Human Services Office of Child Support Services' answer is due November 17, 2023. So Ordered by District Judge William E. Smith on 9/19/2023. (Urizandi, Nissheneyra) (Entered: 09/19/2023) |
| 09/30/2023 | 29 | First MOTION for Recusal *Pursuant to 28 U.S.C. § 455* filed by Mary Seguin. **Responses due by 10/16/2023.** (Seguin, Mary) (Entered: 09/30/2023) |
| 10/02/2023 | | TEXT ORDER denying Plaintiff's 29 Motion for Recusal. Plaintiff "moves to recuse and/or disqualify" me and "all justices, judges, or magistrate judges... in the U.S. District Court of Rhode Island." A judge may be disqualified from a case if "(1) the judges impartiality may reasonably be questioned; or (2) the judge may have a personal bias or prejudice concerning a party." United States v. Kelley, 712 F.2d 884, 889 (1st Cir. 1983); see 28 U.S.C. § 455. Plaintiff argues that I and the other judges of this Court should disqualify ourselves because we did so sua sponte in her past lawsuits. Plaintiff does not identify any other facts to support her argument that I should recuse myself from this case. Plaintiffs argument is plainly insufficient to justify recusal and disqualification. See United States v. Houston, No. 3:13–10–DCR, 2013 WL 3975405, at *10 (E.D. Tenn. July 29, 2013) ("A judges recusal in a prior case does not alone require disqualification in a subsequent case."). Accordingly, Plaintiffs motion for Recusal is DENIED. So Ordered by District Judge William E. Smith on 10/2/2023. (Urizandi, Nissheneyra) (Entered: 10/02/2023) |
| 10/17/2023 | 30 | Summons Request filed by Mary Seguin. (Attachments: # 1 Summons Request, # 2 Summons Request)(Kenny, Meghan) (Entered: 10/17/2023) |
| 10/19/2023 | | TEXT ORDER dismissing the action under Younger abstention. Though not raised by the parties, the Court has the power and obligation to dismiss an action if the principles of abstention so require. See Guillemard–Ginorio v. Contreras–Gomez, 585 F.3d 508, 517–18 (1st Cir. 2009); see also Bellotti v. Baird, 428 U.S. 132, 14344 n.10 (1976) (recognizing that "abstention may be raised by the court sua sponte"). Plaintiff filed a 91–page Amended Complaint asking the Court to address the child support payments for which she alleges she is being wrongfully charged and her perceived grievance that she is being denied access to court records under the Rhode Island Access to Public Records Act ("APRA"). See generally Am. Compl., ECF No. 25 . Plaintiff seeks to impede both the child support proceedings before the Rhode Island |

Family Court ("Family Court") and her action before the Rhode Island Superior Court ("Superior Court") concerning her alleged denial of access to court records. The telltale signs that Plaintiff is attempting to encumber state court proceedings are the facts that Plaintiff, in her Amended Complaint, included as parties, among others, the Superior Court, various state court clerks, and the Chief Justice of the Rhode Island Supreme Court; Plaintiff filed a Motion for Temporary Restraining Order and Preliminary Injunction seeking to "enjoin[] and restrain[] the Defendants from continuing prosecution of the family court proceeding against the Plaintiff," Mot. for TRO and Prelim. Inj. 16, ECF No. 17 ; and Plaintiff asked the Court, in her Amended Complaint, to "[e]njoin the Defendants'[] enforcement and practices of rules, practices, and/or policies" of the state courts, Am. Compl. 90. The issues being considered before the Family Court directly relate to this case because, according to the Amended Complaint, Defendant Rhode Island Department of Human Services ("RIDHS") is seeking child support arrearage interest from Plaintiff. See Am. Compl.&para&para 135−37 (recognizing that RIDHS is seeking compound interest). Moreover, Plaintiff admits that she has a pending case before the Superior Court where she alleges violations of the APRA. See Am. Compl. &para 2; see also Seguin v. R.I. Dept of Human Servs., PC−2022−07215 (R.I. Super. Ct.). The Court takes judicial notice of the proceedings before both state tribunals. See Meyersiek v. Seguin, K−2001−0521M (R.I. Fam. Ct.); see also Fed. R. Evid. 201 (permitting, "at any stage of the proceeding," sua sponte judicial notice of facts "not subject to reasonable dispute because" they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned"). The Younger abstention doctrine, derived from Younger v. Harris, 401 U.S. 37 (1971), "counsels federal−court abstention when there is a pending state proceeding." Moore v. Sims, 442 U.S. 415, 423 (1979). For the doctrine to apply, certain elements must be met. "First, the pending state [court] proceeding must fall into one of three categories: 1) criminal prosecutions, 2) civil proceedings that are 'akin to criminal prosecutions' ('quasi−criminal proceedings') or 3) civil proceedings that 'implicate a State's interest in enforcing the orders and judgments of its courts.'" Credit Acceptance Corp. v. Healey, 544 F. Supp. 3d 139, 143 (D. Mass. 2021) (quoting Sirva Relocation, LLC v. Richie, 794 F.3d 185, 192 (1st Cir. 2015)). Here, relief for Plaintiff in the pending Family Court case would implicate the state's interest in enforcing the orders and judgments of its courts concerning the payment and collection of child support. See Seguin v. Bedrosian, No. 12−cv−614−JD, 2013 WL 367722, at *2 (D.R.I. Jan. 30, 2013). Moreover, the state has an asserted interest in having appeals under the APRA be heard before the Superior Court. See R.I. Gen. Laws § 38−2−9. Second, the state court case must satisfy the factors identified in Middlesex County Ethics Committee v. Garden State Bar Association, 457 U.S. 423 (1982): "1) the state proceeding is ongoing, 2) it involves significant state interests and 3) it provides an adequate opportunity for the plaintiff to raise his federal claims in state court." Credit Acceptance Corp., 544 F. Supp. 3d at 143; see also Middlesex, 457 U.S. at 432. The first factor is satisfied because the proceedings are ongoing. The second factor is satisfied because the state has an interest in family relations and the payment and collection of child support, see Eastman v. New Hampshire, No. 11−cv−316−SM, 2012 WL 405487, at *3 (D.N.H. Jan. 17, 2012), report and recommendation adopted, No. 11−cv−316−SM, 2012 WL 405507 (D.N.H. Feb. 8, 2012), and an interest in the "fair and orderly administration of justice" that includes maintaining sensitive and confidential judicial records, see Courthouse News Serv. v. Quinlan, 32 F.4th 15, 21 (1st Cir. 2022). As for the third factor, "[e]xcept in the most extraordinary cases, a federal court must presume that state courts, consistent with the imperatives of the Supremacy Clause, see U.S. Const. art. VI, are fully competent to adjudicate federal

| | | constitutional and statutory claims properly presented by the parties." <u>Casa Marie, Inc. v. Super. Ct. of P.R.</u>, 988 F.2d 252, 262 (1st Cir. 1993) (footnote omitted). Nothing suggests that the Family Court and the Superior Court cannot hear Plaintiff's federal claims. Third, none of the <u>Younger</u> abstention exceptions apply. <u>See</u> <u>Sirva</u>, 794 F.3d at 192 (finding abstention inappropriate if 1) the state proceeding is brought "in bad faith" to harass, 2) the state forum cannot adequately protect federal rights, or 3) the state statute is "flagrantly and patently violative of express constitutional prohibitions" (citations omitted)). Accordingly, because the Court does not have jurisdiction over Plaintiff's case, it is DISMISSED in its entirety. Because Plaintiff has a history of filing frivolous and repetitive motions following decisions of the Court of which she disapproves, <u>see</u> <u>Seguin v. R.I. Office of Child Support Servs.</u>, No. 1:23–cv–00034–WES–PAS (D.R.I.), it is further ORDERED that the Courts March 30, 2023, Text Order granting Plaintiff Leave to Proceed as a Pro Se Electronic Filer is VACATED. Plaintiff's Electronic Filer privileges are revoked. <u>See</u> LR Gen 302(b). So Ordered by District Judge William E. Smith on 10/19/2023. (Simoncelli, Michael) (Entered: 10/19/2023) |
|---|---|---|
| 10/19/2023 | <u>31</u> | JUDGMENT. So Ordered by Clerk of Court on 10/19/2023. (Simoncelli, Michael) (Entered: 10/19/2023) |
| 11/17/2023 | | TEXT ORDER: The Court is in receipt of Plaintiff's two recent emails to the Clerk's Office. The Court construes these emails as motions for leave to file the motions attached to those emails and denies leave to file for the reasons given in its earlier text orders. So Ordered by District Judge William E. Smith on 11/17/2023. (Urizandi, Nissheneyra) Modified on 11/17/2023 to correct a typo. (Urizandi, Nissheneyra). (Entered: 11/17/2023) |
| 11/17/2023 | | TEXT ORDER: The Court is in receipt of Plaintiff's email to the Clerk's Office this afternoon. As with its order issued earlier today, the Court construes this email as a motion for leave to file the motion attached to the email and denies leave to file for the reasons given in its earlier text orders. So Ordered by District Judge William E. Smith on 11/17/2023. (Urizandi, Nissheneyra) (Entered: 11/17/2023) |
| 11/17/2023 | <u>32</u> | NOTICE OF APPEAL by Mary Seguin as to Text Order, Text Order, **NOTICE TO COUNSEL: Counsel should register for a First Circuit CM/ECF Appellate Filer Account at http://pacer.psc.uscourts.gov/cmecf/. Counsel should also review the First Circuit requirements for electronic filing by visiting the CM/ECF Information section at http://www.ca1.uscourts.gov/cmecf** Appeal Record due by 11/24/2023. (Attachments: # <u>1</u> Envelope)(Kenny, Meghan) (Entered: 11/17/2023) |
| 11/17/2023 | <u>33</u> | CLERK'S CERTIFICATE AND APPELLATE COVER SHEET: Abbreviated record on appeal consisting of notice of appeal, order(s) being appealed, and a certified copy of the district court docket report transmitted to the U.S. Court of Appeals for the First Circuit in accordance with 1st Cir. R. 11.0(b). <u>32</u> Notice of Appeal. Documents Sent: Text Order 11/17/2023, Text Order 11/17/2023. (Attachments: # <u>1</u> Record on Appeal)(Kenny, Meghan) (Entered: 11/17/2023) |
| 11/17/2023 | <u>34</u> | MOTION Rule 59 for a New Trial filed by Mary Seguin. **Responses due by 12/1/2023.** (Attachments: # <u>1</u> Email)(DaCruz, Kayla) (Entered: 11/20/2023) |
| 11/17/2023 | <u>35</u> | MOTION Rule 60(b) filed by Mary Seguin. **Responses due by 12/1/2023.** (Attachments: # <u>1</u> Email)(DaCruz, Kayla) (Entered: 11/20/2023) |

| 11/17/2023 | 36 | DOCKET NOTE: Duplicate received regarding: 34 MOTION Rule 59 for a New Trial . (Attachments: # 1 Email) (DaCruz, Kayla) (Entered: 11/20/2023) |
| 11/17/2023 | 37 | MOTION Rule 60(b)(1) filed by Mary Seguin. **Responses due by 12/1/2023.** (Attachments: # 1 Email)(DaCruz, Kayla) (Entered: 11/20/2023) |
| 11/20/2023 | | TEXT ORDER: On November 17, 2023, Plaintiff attempted to file three motions in this case. Plaintiff emailed these motions to the Clerk's Office because the Court revoked Plaintiff's electronic filer privileges in its October 19, 2023, text order. After reviewing the three motions, the Court denied Plaintiff leave to file. However, although Plaintiff must seek leave to file documents in another case before this Court, the same restriction does not apply in this case. Therefore, the Clerk's Office is directed to docket the three motions Plaintiff sought to file. Plaintiff has now appealed, so this Court has limited jurisdiction, but when Plaintiff's appeal is resolved the Court will resolve these three motions. So Ordered by District Judge William E. Smith on 11/20/2023. (Urizandi, Nissheneyra) (Entered: 11/20/2023) |
| 11/20/2023 | | USCA Case Number 23−1967 for 32 Notice of Appeal, filed by Mary Seguin. (Hill, Cherelle) (Entered: 11/20/2023) |
| 11/20/2023 | 38 | NOTICE OF APPEAL by Mary Seguin as to 11/20/2023 Text Order.<br><br>**NOTICE TO COUNSEL: Counsel should register for a First Circuit CM/ECF Appellate Filer Account at http://pacer.psc.uscourts.gov/cmecf/. Counsel should also review the First Circuit requirements for electronic filing by visiting the CM/ECF Information section at http://www.ca1.uscourts.gov/cmecf** Appeal Record due by 11/27/2023. (Attachments: # 1 Email)(DaCruz, Kayla) (Entered: 11/20/2023) |
| 11/20/2023 | 39 | CLERK'S CERTIFICATE AND APPELLATE COVER SHEET: Abbreviated record on appeal consisting of notice of appeal, order(s) being appealed, and a certified copy of the district court docket report transmitted to the U.S. Court of Appeals for the First Circuit in accordance with 1st Cir. R. 11.0(b). 38 Notice of Appeal. (Attachments: # 1 Record on Appeal)(DaCruz, Kayla) (Entered: 11/20/2023) |
| 11/20/2023 | 40 | Supplemental Record on Appeal transmitted to U.S. Court of Appeals for the First Circuit. 32 Notice of Appeal,,. (Attachments: # 1 Text Order)(Urizandi, Nissheneyra) (Entered: 11/20/2023) |
| 11/27/2023 | | USCA Case Number 23−1978 for 38 Notice of Appeal, filed by Mary Seguin. (Hill, Cherelle) (Entered: 11/27/2023) |
| 11/28/2023 | 41 | RESPONSE In Opposition to 34 MOTION Rule 59 for a New Trial filed by Rhode Island Department of Human Services, Rhode Island Department of Human Services Office Of Child Support Services. **Replies due by 12/5/2023.** (Pizana, Marissa) (Entered: 11/28/2023) |
| 11/28/2023 | 42 | RESPONSE In Opposition to 35 MOTION Rule 60(b) filed by Rhode Island Department of Human Services, Rhode Island Department of Human Services Office Of Child Support Services. **Replies due by 12/5/2023.** (Pizana, Marissa) (Entered: 11/28/2023) |
| 11/28/2023 | 43 | RESPONSE In Opposition to 37 MOTION Rule 60(b)(1) filed by Rhode Island Department of Human Services, Rhode Island Department of Human Services Office Of Child Support Services. **Replies due by 12/5/2023.** (Pizana, Marissa) (Entered: |

| | | 11/28/2023) |
|---|---|---|
| 11/28/2023 | 44 | REPLY to Response re 43 Response to Motion, 42 Response to Motion, 41 Response to Motion, filed by Mary Seguin. (Attachments: # 1 Email) (Gonzalez Gomez, Viviana) (Entered: 11/29/2023) |
| 12/04/2023 | 45 | MOTION to Stay *Pending Appeal* filed by Mary Seguin. **Responses due by 12/18/2023.** (Attachments: # 1 Email)(Hill, Cherelle) (Entered: 12/04/2023) |
| 12/05/2023 | | TEXT ORDER denying Plaintiff's 45 Motion to Stay Pending Appeal under Federal Rule of Appellate Procedure 8. Plaintiff seeks a stay of judgment pending appeal. Before seeking relief from the Court of Appeals, a litigant must first request relief from the District Court. Dist. 4 Lodge of Intl Assoc. of Machinists & Aerospace Workers Loc. Lodge 207 v. Raimondo, No. 1:21–cv–00275–LEW, 2021 WL 5163306, at *1 (D. Me. Nov. 5, 2021). The factors that govern the issuance of a preliminary injunction are the same as the factors for relief under Rule 8. Id. (citing Bos. Parent Coal. for Acad. Excellence Corp. v. Sch. Comm. of City of Bos., 996 F.3d 37, 44 (1st Cir. 2021)). To grant such relief, "a district court must find the following four elements satisfied: (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm absent interim relief, (3) a balance of equities in the [movants] favor, and (4) service of the public interest." Arborjet, Inc. v. Rainbow Treecare Sci. Advancements, Inc., 794 F.3d 168, 171 (1st Cir. 2015). Here, Plaintiff has not made a showing that any of the factors justify staying judgment pending appeal. Principally, Plaintiff will not face irreparable harm absent interim relief. If, hypothetically, the Court granted Plaintiffs' Motion, the stay would not have any legal effect because there is nothing for the Court to enjoin. In other words, there is no immediate harm facing Plaintiff for the Court to prevent. The status quo would be the same whether or not the Court grants Plaintiffs motion. Plaintiff misunderstands this point. Therefore, Plaintiff's 45 Motion to Stay Pending Appeal is DENIED. So Ordered by District Judge William E. Smith on 12/5/2023. (Simoncelli, Michael) (Entered: 12/05/2023) |
| 12/14/2023 | doc | U.S. Court of Appeals for the First Circuit Appeal Fees received $505.00 re: 32 Notice of Appeal, filed by Mary Seguin. (Gonzalez Gomez, Viviana) (Additional attachment(s) added on 12/27/2023: # 2 Envelope with Payment, # 3 Envelope – FedEx) (Gonzalez Gomez, Viviana). (Entered: 12/27/2023) |

**Form 1A**

**Notice of Appeal to a Court of Appeals From a Judgment of a District Court**

United States District Court for the
District of Rhode Island
Docket Number 1:23-cv-126-WES-PAS

| | |
|---|---|
| MARY SEGUIN, Plaintiff<br><br>v.<br><br>RHODE ISLAND DEPARTMENT OF HUMAN SERVICES in its official capacity; MICHAEL D. COLEMAN, DEBORAH A. BARCLAY in their individual and official capacities;<br>RHODE ISLAND OFFICE OF CHILD SUPPORT SERVICES in its official capacity; KEVIN TIGHE, MONIQUE BONIN, FRANK DIBIASE, WENDY FOBERT, KARLA CABALLEROS, TIMOTHY FLYNN, LISA PINSONNEAULT, CARL BEAUREGARD, PRISCILLA GLUCKSMAN, JOHN LANGLOIS, PAUL GOULD, in their individual and official capacities; RHODE ISLAND STATE COURT SYSTEM in its official capacity; PAUL A. SUTTELL in his individual and official capacity as EXECUTIVE HEAD OF RHODE ISLAND STATE COURT SYSTEM; RHODE ISLAND ADMINISTRATIVE OFFICE OF STATE COURTS in its official capacity; RHODE ISLAND ADMINISTRATIVE OFFICE OF THE SUPERIOR COURT in its official capacity; RHODE ISLAND JUDICIAL COUNCIL in its official capacity; RHODE ISLAND SUPERIOR COURT in its official | **Notice of Appeal** |

capacity; RHODE ISLAND
SUPERIOR COURT JUDICIAL
COUNCIL in its official capacity;
THE JUDICIAL TECHNOLOGY
CENTER in its official capacity;
JULIE HAMIL, MARISA BROWN,
JOHN JOSEPH BAXTER, JR.,
JUSTIN CORREA in their
individual and official capacities;
RHODE ISLAND OFFICE OF THE
ATTORNEY GENERAL in its
official capacity; RHODE ISLAND
OFFICE OF THE ATTORNEY
GENERAL OPEN GOVERNMENT
UNIT in its official capacity; ADAM
D. ROACH, PETER NERONHA in
their official and individual
capacities; TYLER
TECHNOLOGIES, INC.; GERO
MEYERSIEK, Defendants

MARY SEGUIN (name all parties taking the appeal)* appeals to the United States Court of Appeals for the FIRST Circuit from the final judgment entered on October 19, 2023 (state the date the judgment was entered).

Mary Seguin

Pro Se

/s/ *Mary Seguin*

Email: maryseguin22022@gmail.com
Phone: (281)744-2016
P.O. Box 22022
Houston, TX  77019

Dated: November 17, 2023

---

* See Rule 3(c) for permissible ways of identifying appellants.

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND

MARY SEGUIN,
*pro se*

*Plaintiff,*

VS.                                    Civil Action No. 1:23-cv-126-WES-PAS

RHODE ISLAND DEPARTMENT OF HUMAN SERVICES in its official capacity; MICHAEL D. COLEMAN, DEBORAH A. BARCLAY in their individual and official capacities; RHODE ISLAND OFFICE OF CHILD SUPPORT SERVICES in its official capacity; KEVIN TIGHE, MONIQUE BONIN, FRANK DIBIASE, WENDY FOBERT, KARLA CABALLEROS, TIMOTHY FLYNN, LISA PINSONNEAULT, CARL BEAUREGARD, PRISCILLA GLUCKSMAN, JOHN LANGLOIS, PAUL GOULD, in their individual and official capacities; RHODE ISLAND STATE COURT SYSTEM in its official capacity; PAUL A. SUTTELL in his individual and official capacity as EXECUTIVE HEAD OF RHODE ISLAND STATE COURT SYSTEM; RHODE ISLAND ADMINISTRATIVE OFFICE OF STATE COURTS in its official capacity; RHODE ISLAND ADMINISTRATIVE OFFICE OF THE SUPERIOR COURT in its official capacity; RHODE ISLAND JUDICIAL COUNCIL in its official capacity; RHODE ISLAND SUPERIOR COURT in its official capacity; RHODE ISLAND SUPERIOR COURT JUDICIAL COUNCIL in its official capacity; THE JUDICIAL TECHNOLOGY CENTER in its official capacity; JULIE HAMIL, MARISA BROWN, JOHN JOSEPH BAXTER, JR., JUSTIN CORREA in their individual and official capacities; RHODE ISLAND OFFICE OF THE ATTORNEY GENERAL in its official capacity; RHODE ISLAND OFFICE OF THE ATTORNEY GENERAL OPEN GOVERNMENT UNIT in its official capacity; ADAM D. ROACH, PETER NERONHA in their official and individual capacities; TYLER TECHNOLOGIES, INC.; GERO MEYERSIEK

*Defendants*

## PLAINTIFF'S DOCKETING STATEMENT TO THE UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT AND THE UNITED STATES DISTRICT COURT OF THE DISTRICT OF RHODE ISLAND

1. Plaintiff, proceeding pro se from and as a citizen of Texas, respectfully states to the U.S. Court of Appeals for the First Circuit and the United States District Court of the District of Rhode Island that this case is related to the pending appellate case, *Mary Seguin v. Rhode Island Office of Child Support Services, et al*, Case Number 23-1851.

2. Plaintiff respectfully requests the U.S. Court of Appeals for the First Circuit to review Plaintiff's timely filed Rule 59 Motion and Rule 60 Motion that were filed in the U.S. District Court of the District of Rhode Island on November 16, 2023 as proper part of the record of appeal. Prior to filing this Notice of Appeal, Plaintiff also filed a Rule 60(b)(1) Motion regarding the District Court's interference with Plaintiff's right to file Rule 59 and Rule 60 post judgement in which Plaintiff sought to preserve issues for appeal on the record. Plaintiff attaches all relevant documentation, including all relevant emails to the Clerk of the Court of the District Court and Plaintiff's properly filed post judgment motions pursuant to Rule 59 and Rule 60 herein to this Notice of Appeal and Docket Statement.

3. Plaintiff's Rule 59 Motion was filed on November 16, 2023, which the District Court of Rhode Island refused to docket on the record, pursuant to instructions by Judge Smith.

4. Plaintiff's first Rule 60 Motion was filed on November 16, 2023, which the District Court of Rhode Island refused to docket on the record, pursuant to instructions by Judge Smith.

5. Plaintiff attaches the aforesaid post judgment Motions and requests appellate review under these extraordinary and troubling factual circumstances that violate and obstruct the fundamental First Amendment right of access to the Court of Record, due process and obstruction to justice in the First Circuit, and *inter alia*, interference with the accuracy of the court's record for appeal in this matter.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 16, 2023, I filed the within Motion with the

Clerk of the Court via email.

Respectfully submitted,

Mary Seguin

Pro Se

/s/ *Mary Seguin*

Email: maryseguin22022@gmail.com
Phone: (281)744-2016
P.O. Box 22022
Houston, TX  77019

Dated: November 17, 2023

 Gmail

---

## URGENT - TIME SENSITIVE - FILE TODAY RULE 60(b)(1) MOTION in Seguin v. Ri Dept of Human Services et al, Civil Action No. 1:23-cv-126-WES-PAS

---

Mary Seguin <maryseguin22022@gmail.com>                                      Fri, Nov 17, 2023 at 1:38 PM
Draft

Dear Clerks of the Court,

I spoke with Clerk Meghan today regarding an update on the docketing of my motions.

Following our discussion, I respectfully request the Clerk of the Court to docket today my attached Rule 60(b)(1) Motion, dated November 17, 2023, that is time-sensitive.

Please make sure that my attached Rule 60(b)(1) Motion is docketed as ECF 32.

Please make sure that the law is followed that my attached Rule 60(b)(1) Motion is NOT forwarded to Chambers prior to docketing. I am NOT requesting the Court leave to file, since it is my right to file the attached Rule 60(b)(1) Motion. No Chamber interference should be taking place to prevent the docketing of my attached Rule 60(b)(1) Motion.

Thank you for your assistance.

Respectfully Submitted,
Mary Seguin
Houston, Texas

---------- Forwarded message ---------
From: **Mary Seguin** <maryseguin22022@gmail.com>
Date: Fri, Nov 17, 2023 at 12:33 PM
Subject: Fwd: URGENT - TIME SENSITIVE - FILE TODAY RULE 59 MOTION in Seguin v. Ri Dept of Human Services et al, Civil Action No. 1:23-cv-126-WES-PAS
To: RID_ECF_INTAKE <RID_ECF_INTAKE@rid.uscourts.gov>


Dear Clerks of the Court,

I am respectfully following up on my Rule 59 Motion filing.

Yesterday, November 16, 2023, at 1:31 PM Central Time, I filed via email below, my Rule 59 Motion in the above captioned matter, Seguin v. Ri Dept of Human Services et al, Civil Action No. 1:23-cv-126-WES-PAS. As indicated in my email below, I emphasized that docketing the Rule 59 Motion on November 16, 2023 is urgent, to comply with the 28 day filing post-judgment deadline, which my filing meets - November 16, 2023 is within the 28 day deadline of Fed. R. of Civ. P. 59 that tolls the time for filing an appeal.

I followed up with telephone calls to the Clerk's Office at 1:32 PM Central Time, and at 3:42 PM Central Time to request timely docket of my Rule 59 Motion, and the Clerk's Office assured me each time that a deputy clerk is working on it and that it will be docketed on the day it was received and that the docket will reflect the email date stamp of the day the Rule 59 Motion is received by email. Further, I was told that **all filings** I email to the Clerk's Office will be docketed and considered by the Court as having been filed on the day that the motion was emailed to the Clerk's Office.

Therefore, my Rule 59 Motion emailed on November 16, 2023 should be accordingly docketed as **ECF 32** with the **entry of/stating filing on November 16, 2023**, in the above captioned matter, Seguin v. Ri Dept of Human Services et al, Civil Action No. 1:23-cv-126-WES-PAS.

However, as of this time, on November 17, 2023 almost 24 hours later, my Rule 59 Motion is still not docketed.

I would like to respectfully clarify that the Text Order dated October 19, 2023 in this matter states that only my electronic filing privilege was revoked, but there is **no** order requiring that I need to file for leave of Court to file any post-judgment motions, such as my Rule 59 Motion.

Today, November 17, 2023, I telephoned the Clerk's Office first thing at 8:00 AM Central Time, and spoke with Clerk Meghan, who informed me that yesterday she had forwarded my Rule 59 Motion to Chambers upon receipt, but has yet to hear back from Chambers, but did not know what was causing the hold up when I asked why Chambers' response is taking almost 24 hours which impacts the docketing date of the Rule 59 Motion. I expressed my concern of the Rule 59 deadline, emphasizing that it tolls the time for filing an appeal, therefore I respectfully requested that the docket accurately reflects my timely filing of my Rule 59 Motion on November 16, 2023 (at 1:31 PM Central Time).

Additionally, I informed Clerk Meghan that I relied on the Clerk's Office's information provided above, and I had also filed a timely **Rule 60** Motion yesterday, **November 16, 2023**, at **4:39 PM Central Time**, similarly requesting docketing to reflect it was timely filed via email to on November 16, 2023. I emphasized to Clerk Meghan that timeliness is critical, as Rule 60 Motion filed within 28 days post-judgment tolls the time for filing an appeal. Clerk Meghan told me that my Rule 60 Motion was forwarded to Chambers as well. According to the Clerk's Office's information, my **Rule 60 Motion** needs to be docketed/filed as **ECF 33, dated stamped filed on November 16, 2023**.

Due to the above information regarding the processing of my post-judgment motions, I expressed to Clerk Megghan my concern regarding the Court's procedure of forwarding my time-sensitive post-judgment motions to Chambers without docketing/filing, and then those time-sensitive motions seemingly to languish in Chambers past the date of the 28-day deadline stipulated by Rule 59, and Rule 60 as they relate to tolling the time for filing an appeal. I expressed my explicit concern that I seek to preserve my right of appeal, and that I respectfully seek to preserve on the record the issues contained in my Rule 59 and Rule 60 Motions that are currently before Chambers, without docketing, by law within the jurisdiction of the U.S. District Court of Rhode Island. My Rule 59 and Rule 60 Motions are not ex-parte or emergency motions.

Moreover, I expressed to Clerk Meghan my concern that the processing of my post-judgment motions forwarded to Chambers and seemingly pending before Chambers without the motions being docketed, impacts my right of appeal 30-days post judgment, and today, Friday, is Day 29. I told the Clerk that under the circumstances in this matter, I seek to preserve for appeal the issues raised in my timely filed Rule 59 Motion and Rule 60 Motion, and that I seek to preserve my right to appeal within the 30-day postjudgment period.

I also discussed with the Clerk that my timely filed but undocketed Rule 59 Motion and Rule 60 Motion that were forwarded to and currently before Chambers cause an uncertain effect, impacting the date of my filing of Notice of Appeal, the deadline of which is November 18, 2023, a Saturday. Based on the current facts and issues regarding simply docketing my filings on the record, I am concerned my rights of access to the Courts are impacted, and that my Notice of Appeal may also languish I do not believe any pro se litigant should be made to be uncertain of the timeliness of filing a Notice of Appeal as a matter of right that is caused by inaction by Chambers on timely-filed Rule 59 and Rule 60 Motions that toll the time to file an appeal. I explicitly expressed my concern on the effect on my access to the Courts.

I respectfully request that this email communication regarding the filing/docketing of my Rule 59 Motion be docketed to accurately reflect the record on appeal along with the Rule 59 Motion at the time the Rule 59 Motion is docketed by the Clerk.

Thank you in advance for you assistance.

Respectfully submitted,
Mary Seguin

---------- Forwarded message ---------
From: **Mary Seguin** <maryseguin22022@gmail.com>
Date: Thu, Nov 16, 2023 at 1:31 PM
Subject: URGENT - TIME SENSITIVE - FILE TODAY RULE 59 MOTION in Seguin v. Ri Dept of Human Services et al, Civil Action No. 1:23-cv-126-WES-PAS
To: RID_ECF_INTAKE <RID_ECF_INTAKE@rid.uscourts.gov>

Dear Clerk of the Court,

Kindly urgently file today, November 16, 2023, my attached Rule 59 Motion in the above captioned case, Seguin v. Ri Dept of Human Services et al, Civil Action No. 1:23-cv-126-WES-PAS.

Because this Rule 59 Motion is time sensitive, kindly make sure that it is filed and docketed today, November 16, 2023. I do not have access to electronic filing, it appears.

Thank you in advance for your assistance.

Respectfully Submitted,
Mary Seguin
PO Box 22022
Houston, TX 77019
(281) 244-2016

---

**CA 126 Rule 60(b)(1) Motion with Attachments FINAL 111723.pdf**
679K

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND

MARY SEGUIN,
*pro se*

*Plaintiff,*

VS.                                                    Civil Action No. 1:23-cv-126-WES-PAS


RHODE ISLAND DEPARTMENT OF HUMAN SERVICES in its official capacity; MICHAEL D. COLEMAN, DEBORAH A. BARCLAY in their individual and official capacities; RHODE ISLAND OFFICE OF CHILD SUPPORT SERVICES in its official capacity; KEVIN TIGHE, MONIQUE BONIN, FRANK DIBIASE, WENDY FOBERT, KARLA CABALLEROS, TIMOTHY FLYNN, LISA PINSONNEAULT, CARL BEAUREGARD, PRISCILLA GLUCKSMAN, JOHN LANGLOIS, PAUL GOULD, in their individual and official capacities; RHODE ISLAND STATE COURT SYSTEM in its official capacity; PAUL A. SUTTELL in his individual and official capacity as EXECUTIVE HEAD OF RHODE ISLAND STATE COURT SYSTEM; RHODE ISLAND ADMINISTRATIVE OFFICE OF STATE COURTS in its official capacity; RHODE ISLAND ADMINISTRATIVE OFFICE OF THE SUPERIOR COURT in its official capacity; RHODE ISLAND JUDICIAL COUNCIL in its official capacity; RHODE ISLAND SUPERIOR COURT in its official capacity; RHODE ISLAND SUPERIOR COURT JUDICIAL COUNCIL in its official capacity; THE JUDICIAL TECHNOLOGY CENTER in its official capacity; JULIE HAMIL, MARISA BROWN, JOHN JOSEPH BAXTER, JR., JUSTIN CORREA in their individual and official capacities; RHODE ISLAND OFFICE OF THE ATTORNEY GENERAL in its official capacity; RHODE ISLAND OFFICE OF THE ATTORNEY GENERAL OPEN GOVERNMENT UNIT in its official capacity; ADAM D. ROACH, PETER NERONHA in their official and individual capacities; TYLER TECHNOLOGIES, INC.; GERO MEYERSIEK

*Defendants*

## **PLAINTIFF'S RULE 60(b)(1) MOTION**

1. Plaintiff, proceeding from and as a citizen of Texas, respectfully requests pursuant to Fed. R. Civ. P. Rule 60(b)(1), (3), (4) and (6) for a new trial. Judge Smith had obstructed Plaintiff access to the Court, by instructing the Clerk of the Court, Meghan, to not docket Plaintiff's timely filed Rule 59 and Rule 60 Motions filed with the Clerk via email on November 16, 2023, as to obstruct Plaintiff's right to access the Court to preserve the issues for appeal. Plaintiff avers the following, supported by affidavit attached:

(1) On November 16, 2023, at 1:31 PM Central Time, Plaintiff filed via email to the Office of the Clerk In-Take email, Plaintiff's timely-filed Rule 59 Motion, requesting a new trial as Rule 59(e) provides. Plaintiff requested in her email that the Clerk timely docket the time-sensitive Rule 59 Motion on November 16, 2023. Plaintiff telephoned the Clerk's Office twice on November 16, 2023 to make sure of the Clerk's receipt of Plaintiff's filings, and was confirmed, and told that all motions emailed to the Clerk's Office are docketed as filed on the date stamp receipt by the Court's Clerk's Office. <u>See attached email and email-attached Motion</u>.

(2) On November 16, 2023, at 4:39 PM Central Time, Plaintiff filed via email to the Office of the Clerk In-Take email, Plaintiff's timely-filed Rule 60(b) Motion, requesting a new trial. Plaintiff requested in her email that the Clerk timely docket the time-sensitive Rule 60 Motion on November 16, 2023. <u>See attached email and email-attached Motion</u>.

(3) However, neither motions were docketed by the Clerk of the Court, and Plaintiff followed up first thing on November 17, 2023 at 8:00 AM Central Time. Plaintiff spoke to Clerk Meghan who informed Plaintiff that she had forwarded Plaintiff's Rule 59 and Rule 60 Motion to Chambers because the Court told her to, without docketing Plaintiff's Motions. Clerk Meghan told Plaintiff she will email Chambers to "find out what is going on." No Order in this matter requires Plaintiff to file for leave of Court to file any post judgement motions, and even if leave is required, Plaintiff's court-submitted Rule 59 and Rule 60 Motions seeking to preserve issues for appeal are required by law to be docketed in all courts of law to complete an accurate record for appeal.

(4) Plaintiff expressed to Clerk Meghan Plaintiff's concern that the irregular forwarding of timely filed Rule 59 Motion and Rule 60 Motion languishing in Chambers without being docketed on the record adversely impede and obstruct Plaintiff's right of access to the Court, as

well as obstructs Plaintiff's right to preserve legal issues for appeal, and fabricating an inaccurate record for appeal, as well as violates due process.

(5) At 12:20 PM, Plaintiff followed up by telephone, and was told that there were no updates from Chambers and Plaintiff's Rule 59 and Rule 60 Motions are still not docketed. Plaintiff emailed the Clerk's office documenting in writing the irregularity described above.  At the very same moment, Judge Smith entered a text order stating that the Court is in receipt of two emails sent by the Plaintiff and construes them as motion for leave to file, that are denied. Plaintiff's Rule 59 and Rule 60 Motions continue to be not docketed.  Plaintiff phoned the Office of the Clerk again, and the Clerk informed Plaintiff that the Court is telling her not to docket Plaintiff's Rule 59 and Rule 60 motions.  This is *prima facie* judicial obstruction of Plaintiff's right to file Rule 59 and Rule 60 Motions against the Plaintiff to preserve issues on the record for appeal.  Plaintiff attaches herewith the aforesaid November 17, 2023 email for the record.

WHEREFORE, Plaintiff requests the Court to docket Plaintiff's timely filed Rule 59 and Rule 60 Motions and the aforesaid three emails to preserve the record accurately.  Plaintiff requests the Court treat Plaintiff's timely filed Rule 59 Motion and Rule 60 Motion filed on November 16, 2023 as timely filed.  Plaintiff requests the disqualification of Judge Smith by the Court.  Plaintiff requests any and all such relief deemed just under the circumstances.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 17, 2023, I filed the within Motion with the Clerk of the Court via email.

Respectfully submitted,

Mary Seguin

Pro Se

/s/ *Mary Seguin*

Email: maryseguin22022@gmail.com
Phone: (281)744-2016
P.O. Box 22022
Houston, TX  77019

Dated: November 17, 2023



## URGENT - TIME SENSITIVE - FILE TODAY RULE 59 MOTION in Seguin v. Ri Dept of Human Services et al, Civil Action No. 1:23-cv-126-WES-PAS

2 messages

**Mary Seguin** <maryseguin22022@gmail.com>                              Thu, Nov 16, 2023 at 1:31 PM
To: RID_ECF_INTAKE <RID_ECF_INTAKE@rid.uscourts.gov>

Dear Clerk of the Court,

Kindly urgently file today, November 16, 2023, my attached Rule 59 Motion in the above captioned case, Seguin v. Ri Dept of Human Services et al, Civil Action No. 1:23-cv-126-WES-PAS.

Because this Rule 59 Motion is time sensitive, kindly make sure that it is filed and docketed today, November 16, 2023.  I do not have access to electronic filing, it appears.

Thank you in advance for your assistance.

Respectfully Submitted,
Mary Seguin
PO Box 22022
Houston, TX  77019
(281) 244-2016

 **CA 126 Plaintiff Rule 59 Motion with Affidavit 111623.pdf**
387K

**Mary Seguin** <maryseguin22022@gmail.com>                              Fri, Nov 17, 2023 at 12:33 PM
To: RID_ECF_INTAKE <RID_ECF_INTAKE@rid.uscourts.gov>

Dear Clerks of the Court,

I am respectfully following up on my Rule 59 Motion filing.

Yesterday, November 16, 2023, at 1:31 PM Central Time, I filed via email below, my Rule 59 Motion in the above captioned matter, Seguin v. Ri Dept of Human Services et al, Civil Action No. 1:23-cv-126-WES-PAS.  As indicated in my email below, I emphasized that docketing the Rule 59 Motion on November 16, 2023 is urgent, to comply with the 28 day filing post-judgment deadline, which my filing meets - November 16, 2023 is within the 28 day deadline of Fed. R. of Civ. P. 59 that tolls the time for filing an appeal.

I followed up with telephone calls to the Clerk's Office at 1:32 PM Central Time, and at 3:42 PM Central Time to request timely docket of my Rule 59 Motion, and the Clerk's Office assured me each time that a deputy clerk is working on it and that it will be docketed on the day it was received and that the docket will reflect the email date stamp of the day the Rule 59 Motion is received by email.  Further, I was told that **all filings** I email to the Clerk's Office will be docketed and considered by the Court as having been filed on the day that the motion was emailed to the Clerk's Office.

Therefore, my Rule 59 Motion emailed on November 16, 2023 should be accordingly docketed as **ECF 32** with the **entry of/stating filing on November 16, 2023**, in the above captioned matter, Seguin v. Ri Dept of Human Services et al, Civil Action No. 1:23-cv-126-WES-PAS.

However, as of this time, on November 17, 2023 almost 24 hours later, my Rule 59 Motion is still not docketed.

I would like to respectfully clarify that the Text Order dated October 19, 2023 in this matter states that only my electronic filing privilege was revoked, but there is **no** order requiring that I need to file for leave of Court to file any post-judgment motions, such as my Rule 59 Motion.

Today, November 17, 2023, I telephoned the Clerk's Office first thing at 8:00 AM Central Time, and spoke with Clerk Meghan, who informed me that yesterday she had forwarded my Rule 59 Motion to Chambers upon receipt, but has yet to hear back from Chambers, but did not know what was causing the hold up when I asked why Chambers' response is taking almost 24 hours which impacts the docketing date of the Rule 59 Motion. I expressed my concern of the Rule 59 deadline, emphasizing that it tolls the time for filing an appeal, therefore I respectfully requested that the docket accurately reflects my timely filing of my Rule 59 Motion on November 16, 2023 (at 1:31 PM Central Time).

Additionally, I informed Clerk Meghan that I relied on the Clerk's Office's information provided above, and I had also filed a timely **Rule 60** Motion yesterday, **November 16, 2023**, at **4:39 PM Central Time**, similarly requesting docketing to reflect it was timely filed via email to on November 16, 2023. I emphasized to Clerk Meghan that timeliness is critical, as Rule 60 Motion filed within 28 days post-judgment tolls the time for filing an appeal. Clerk Meghan told me that my Rule 60 Motion was forwarded to Chambers as well. According to the Clerk's Office's information, my **Rule 60 Motion** needs to be docketed/filed as **ECF 33, dated stamped filed on November 16, 2023**.

Due to the above information regarding the processing of my post-judgment motions, I expressed to Clerk Megghan my concern regarding the Court's procedure of forwarding my time-sensitive post-judgment motions to Chambers without docketing/filing, and then those time-sensitive motions seemingly to languish in Chambers past the date of the 28-day deadline stipulated by Rule 59, and Rule 60 as they relate to tolling the time for filing an appeal. I expressed my explicit concern that I seek to preserve my right of appeal, and that I respectfully seek to preserve on the record the issues contained in my Rule 59 and Rule 60 Motions that are currently before Chambers, without docketing, by law within the jurisdiction of the U.S. District Court of Rhode Island. My Rule 59 and Rule 60 Motions are not ex-parte or emergency motions.

Moreover, I expressed to Clerk Meghan my concern that the processing of my post-judgment motions forwarded to Chambers and seemingly pending before Chambers without the motions being docketed, impacts my right of appeal 30-days post judgment, and today, Friday, is Day 29. I told the Clerk that under the circumstances in this matter, I seek to preserve for appeal the issues raised in my timely filed Rule 59 Motion and Rule 60 Motion, and that I seek to preserve my right to appeal within the 30-day postjudgment period.

I also discussed with the Clerk that my timely filed but undocketed Rule 59 Motion and Rule 60 Motion that were forwarded to and currently before Chambers cause an uncertain effect, impacting the date of my filing of Notice of Appeal, the deadline of which is November 18, 2023, a Saturday. Based on the current facts and issues regarding simply docketing my filings on the record, I am concerned my rights of access to the Courts are impacted, and that my Notice of Appeal may also languish I do not believe any pro se litigant should be made to be uncertain of the timeliness of filing a Notice of Appeal as a matter of right that is caused by inaction by Chambers on timely-filed Rule 59 and Rule 60 Motions that toll the time to file an appeal. I explicitly expressed my concern on the effect on my access to the Courts.

I respectfully request that this email communication regarding the filing/docketing of my Rule 59 Motion be docketed to accurately reflect the record on appeal along with the Rule 59 Motion at the time the Rule 59 Motion is docketed by the Clerk.

Thank you in advance for you assistance.


Respectfully submitted,
Mary Seguin
[Quoted text hidden]

---

📄 **CA 126 Plaintiff Rule 59 Motion with Affidavit 111623.pdf**
387K



## URGENT - TIME SENSITIVE - FILE TODAY RULE 60 MOTION in Seguin v. Ri Dept of Human Services et al, Civil Action No. 1:23-cv-126-WES-PAS

1 message

**Mary Seguin** <maryseguin22022@gmail.com>                    Thu, Nov 16, 2023 at 4:39 PM
To: RID_ECF_INTAKE <RID_ECF_INTAKE@rid.uscourts.gov>

Dear Clerk/Deputy Clerk of the Court,

Kindly urgently file and docket today, November 16, 2023, my attached Rule 60(b) Motion in the above captioned case, Seguin v. Ri Dept of Human Services et al, Civil Action No. 1:23-cv-126-WES-PAS.

Because this Rule 60(b) Motion is time sensitive, kindly make sure that it is filed and docketed today, November 16, 2023.  I do not have access to electronic filing, it appears.

Thank you in advance for your assistance.

Respectfully Submitted,
Mary Seguin
PO Box 22022
Houston, TX  77019
(281) 244-2016



**CA 126 Rule 60(b) Motion with Affidavit 111623.pdf**
379K

26

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND

MARY SEGUIN,
*pro se*

*Plaintiff,*

VS.                                             Civil Action No. 1:23-cv-126-WES-PAS


RHODE ISLAND DEPARTMENT OF HUMAN SERVICES in its official capacity; MICHAEL
D. COLEMAN, DEBORAH A. BARCLAY in their individual and official capacities;
RHODE ISLAND OFFICE OF CHILD SUPPORT SERVICES in its official capacity; KEVIN
TIGHE, MONIQUE BONIN, FRANK DIBIASE, WENDY FOBERT, KARLA
CABALLEROS, TIMOTHY FLYNN, LISA PINSONNEAULT, CARL BEAUREGARD,
PRISCILLA GLUCKSMAN, JOHN LANGLOIS, PAUL GOULD, in their individual and
official capacities; RHODE ISLAND STATE COURT SYSTEM in its official capacity; PAUL
A. SUTTELL in his individual and official capacity as EXECUTIVE HEAD OF RHODE
ISLAND STATE COURT SYSTEM; RHODE ISLAND ADMINISTRATIVE OFFICE OF
STATE COURTS in its official capacity; RHODE ISLAND ADMINISTRATIVE OFFICE OF
THE SUPERIOR COURT in its official capacity; RHODE ISLAND JUDICIAL COUNCIL in
its official capacity; RHODE ISLAND SUPERIOR COURT in its official capacity; RHODE
ISLAND SUPERIOR COURT JUDICIAL COUNCIL in its official capacity; THE JUDICIAL
TECHNOLOGY CENTER in its official capacity; JULIE HAMIL, MARISA BROWN, JOHN
JOSEPH BAXTER, JR., JUSTIN CORREA in their individual and official capacities; RHODE
ISLAND OFFICE OF THE ATTORNEY GENERAL in its official capacity; RHODE ISLAND
OFFICE OF THE ATTORNEY GENERAL OPEN GOVERNMENT UNIT in its official
capacity; ADAM D. ROACH, PETER NERONHA in their official and individual capacities;
TYLER TECHNOLOGIES, INC.; GERO MEYERSIEK

   *Defendants*

**PLAINTIFF'S RULE 59 MOTION FOR A NEW TRIAL**

  1. Plaintiff, proceeding from and as a citizen of Texas, respectfully requests pursuant to

Fed. R. Civ. P. Rule 59 for a new trial. Plaintiff avers the following, supported by affidavit

attached: The 91-page First Amended Complaint [ECF 25] filed on September 1, 2023 seeks

monetary damages against the Rhode Island State Defendants and the private actor Defendants

for:

  (1) The Rhode Island Judiciary and Tyler Technologies' monopoly of publication of law.

(2) The Rhode Island Judiciary and Tyler Technologies' denial to the Public and to all Pro Se Litigants all access and the denial of free access to the contents of the law created, authored, and deliberated by the Rhode Island Judiciary.

(3) The civil conspiracy by the Rhode Island Judiciary and Tyler Technologies to knowingly fail to properly integrate the legacy electronic court case management systems used by Rhode Island Department of Human Services and Office of Child Support Services during the implementation of Odyssey from 2013 to 2014 (the State's official electronic court filing and electronic case management system), so that these state agencies' filings are discriminately invisible only to the Public, to Pro Se Litigants and to the Rhode Island Virtual Clerk of the Courts in the Rhode Island Family Court, a limited jurisdiction court of record. The State's filings are only visible to the judges and to the State filers, thus manipulating the proceeding towards a foregone conclusion in favor of the State filers.

(4) The civil conspiracy by the Rhode Island Judiciary and Tyler Technologies to misrepresent to the Public and to the Pro Se Litigants that the implemented electronic court case records of judge created laws are available to *all* court users, in order to cover up their monopolization of the publication of law denies the Public and the Pro Se Litigant access to the judge-created laws.

(5) The civil conspiracy by the Rhode Island Judiciary and the Defendant Department of Human Services and Office of Child Support Services that the State routinely establishes and enforces 12% compound interest on child and spousal support in Title IV of the Social Security Act state family court proceedings, in violation of the uniform statutory requirement of 42 U.S.C. § 654(21)(A) that provides States *may* opt to charge a fee, and

*if* the State opts to do so, between *3% to 6% simple interest*, *not* 12% compound interest, targeting noncustodial parents victims. In welfare cases, support are assigned by the custodial parent to the State, and the 12% compound interest represents a fee for the State's "services" in the support's establishment and enforcement paid to the State, which at 12% compound interest represents lucrative, illegally obtained revenue to the State actors, who are financially incentivized to obtain as much as possible.

(6) The civil conspiracy by the Rhode Island Judiciary and the Defendant Department of Human Services and Office of Child Support Services and Tyler Technologies to knowingly fail to properly integrate Odyssey with the State's legacy electronic court filing system resulting in the State's filings seeking illegal 12% compound interest, as well as to deny the Public and to Pro Se Litigants' access to their publication of judge-created law records for the purpose of cover up of this wholesale illegal defraud of the court, extortionary defraud under color of state law targeting the unsuspecting noncustodial parents victims, and defraud of the United States (66% of the cost of these child support "operations" is funded by the U.S. Department of Health and Human Services through Title IV of the Social Security Act through funds appropriated by Congress through the annual budget appropriations.)

(7) The civil conspiracy by the Rhode Island Judiciary and the Defendant Department of Human Services and Tyler Technologies to operate the Title IV Program of the Social Security Act in all manners violative of due process, in prima facie due process violative State Electronic Courts, for the purpose of generating state revenue through fraud and deceit, through conspired tortious interference of rights of access to the courts, rights of

access to state case documents, and rights of access to judge-created laws targeting

litigants, targeting the Public and targeting Pro Se Litigants.

(8) The civil conspiracy by the Rhode Island Judiciary and the Defendant Department of

Human Services and Tyler Technologies to cover up their public-access-denied

publication of state judge-created laws of illegal 12% compound interest benefiting the

state's revenue by adopting a State policy not to establish nor enforce any interest in

*interstate* support cases only, calculated to cover up the collective fraud from federal

enforcement officials and other states' enforcement officials of court orders (laws)

showing 12% compounded interest established and funded under Title IV that are facially

illegally violative of 42 U.S.C. § 654(21)(A) which explicitly provides States *may* opt to

charge a fee, and *if* the State opts to do so, between *3% to 6% simple interest*, *not* 12%

compound interest. The federal Title IV Program regulation by Congressional intent

explicitly preempts any related state laws of all participating states.

(9) The civil conspiracy by the Rhode Island Judiciary and the Defendant Department of

Human Services and Office of Child Support Services and Barbara Grady and Gero

Meyersiek to use the fraudulent, First Amendment-, Fourth Amendment-, Fifth

Amendment-, Seventh Amendment-, and Fourteenth Amendment violative state court

machinery weaponizing Title IV Program of the Social Security Act to target the Plaintiff

*pro se* noncustodial parent in Texas to retaliate against Plaintiff for her past lawsuits

against them, namely ten years ago in Seguin v. Chafee et al., Civil No. 12-cv-708-JD

(D.R.I. 2013), Seguin v. Bedrosian et al, Civil No. 12-cv-614-JD (D.R.I. 2013), and

Seguin v. Suttell et al, Civil No. 13-cv-95-JNL-LM (D.R.I. 2013), in which Plaintiff sued

them, *inter alia*, for monetary damages claims for extortion by the Rhode Island state

court's under color of state law abuse of the legal frame work of another federal-funded

human services program Violence Against Women Act, 34 U.S.C. § 12471 *et seq.*,

through which Rhode Island demanded that Plaintiff pay the state court actor $55,000.00

per visitation if Plaintiff wanted to see her children in Rhode Island, because the state

court stated in writing they believed Plaintiff married "a rich oil man" in Texas, absent

any other legally sufficient basis. Plaintiff had reported this *prima facie* extortion under

color of state law and under color of federal law 34 U.S.C. § 12471 *et seq.*, to the federal

law enforcement authorities, *e.g.*, the F.B.I. in Texas and the Office of the U.S.

Department of Justice in Texas. Here, Plaintiff's ==retaliation== damages claims have been

issues pending before the Court since September 1, 2023 [ECF 25], at which point Judge

Smith was disqualified under the self-executing expectation under 28 U.S.C. § 455,

additionally given the fact Judge Smith had also self-recused from Seguin v. Chafee et

al., Civil No. 12-cv-708-JD (D.R.I. 2013), Seguin v. Bedrosian et al, Civil No. 12-cv-

614-JD (D.R.I. 2013), and Seguin v. Suttell et al, Civil No. 13-cv-95-JNL-LM (D.R.I.

2013) ten years ago. *See In re Martinez-Catala,* 129 F.3d 213, 220 (1st Cir. 1998)

("[under §455] the judge is expected to recuse sua sponte, where necessary, even if no

party has requested it").

(10) The Rhode Island Judiciary continues the pattern of cover up by denying Plaintiff's

request for public judicial records related to the monopoly of publication of judge-created

records submitted to the State Judiciary pursuant to the Rhode Island Access to Public

Records Act ("RI APRA").

4. Plaintiff obtained new evidence on October 6, 2023 that the Rhode Island Judiciary is a

former client of Judge Smith, and on November 9, 2023, Plaintiff obtained new evidence that the

Rhode Island Judiciary remains a major client of Judge Smith's former law firm. Plaintiff's due diligence search for conflict of interest has been impeded by the Rhode Island Judiciary and Tyler Technologies monopoly of publication of judge-created laws in the state's electronic court system and their denial of access to the judge-created laws, and Plaintiff, as a member of the Public and proceeding pro se without a Rhode Island Attorney license, the issuance of which is also monopolized by the Rhode Island Judiciary, has further been denied access to official records, including through the Rhode Island Access to Public Records Act, consistent with a pattern of civil conspiracy cover up.

5. A new trial or a stay of the Judgment is necessary to prevent irreparable harm to Plaintiff, and to Americans across the First Circuit who would be needlessly deprived of access to the federal courts of law in the First Circuit for monetary damages redress - the judicially created doctrine of Younger Abstention that functioned as a court of equity - regarding Plaintiff's monetary damages claims against the Rhode Island Judiciary and Tyler Technologies' scheme to monopolize the publication of judge-created laws that denies, tortiously interferes, tortiously abridges and tortiously obstruct the Public access to those very laws; regarding Defendant Rhode Island Office of Child Support Services' unlawful seizures of interstate Texas properties outside of Rhode Island under color of Rhode Island state law based on legally insufficient interest charge on overdue support based on the unlawful rate of 12% compound interest that is disallowed under Title IV-D Program of the Social Security Act, specifically 42 U.S.C. § 654(21)(A) that provides States *may* opt to charge a fee, and *if* the State opts to do so, between *3% to 6% simple interest*, *not* 12% compound interest. And this is on top of Defendants' breach of contract that was brokered by Defendant Rhode Island Office of Child Support Services on behalf of the agency's client; the contract between the custodial parent client, defendant Gero

Meyersiek and the Texas Plaintiff stipulated that the custodial parent waived interest upon the

Texas Plaintiff paying a lump sum of $104,185.98 pay-off amount, which Plaintiff performed

from Texas on December 7, 2021.  Even at the point of contractual agreement, Defendant Rhode

Island Office of Child Support Services in conjunction with Defendant Gero Meyersiek,

misrepresented there was lawful and enforceable interest to be waived, as they removed the

accrued interest from the Title IV-D Program mandated support record system in order to cover

up from the Plaintiff, and from federal and Texas authorities the unlawful 12% compound rate.

After fraudulently inducing Plaintiff in Texas to agree to and to perform on the contract, the

Defendants immediately put the interest back into the Title IV-D Program-mandated automated

support record system and started to seize Plaintiff's properties in Texas under color of Rhode

Island state law.

     6. The final judgment is on its face violative of binding First Circuit caselaw that

mandates lower courts to ***stay*** monetary damages claims when applying Younger Abstention.

*See DeMauro v. DeMauro,* 115 F.3d 94, 98 (1st Cir. 1997) (relying on *Quackenbush v. Allstate*

*Ins. Co.,* 517 U.S. 706 (1996) in holding that abstention does not allow for dismissal of damages

claim).

     7. 42 U.S.C. § 654(21)(A) has been in effect since the enactment of the Title IV-D

Program of the Social Security Act several decades ago, and Congress's original intent was to

combat poverty within the populace of single mothers and children in welfare cases; Congress at

no time intended to shift the undue burden of Rhode Island's 12% compound interest on overdue

support under color of Rhode Island state law to noncustodial parents, whether targeting Texas

or across the country, which in welfare cases Rhode Island converts the 12% compound interest

to assigned debts owed by noncustodial parents to Rhode Island's state agencies and state

government, representing underhanded unlawful state revenue unlawfully obtained through the

legal framework of Title IV-D Program of the Social Security Act, targeting unsuspecting

noncustodial parents victims.  As a legal point of a state's lawful application of 42 U.S.C. §

654(21)(A) within the First Circuit, New Hampshire, in compliance with the letter of federal law,

opts into Title IV-D Program and opts not to charge any interest whatsoever, as per the letter of

law and the original intent of Congress, 42 U.S.C. § 654(21)(A).  Similarly, Texas charges 6% in

compliance with 42 U.S.C. § 654(21)(A).

8. Defendant Rhode Island Office of Child Support Service's illegal denial and

obstruction of access to Plaintiff's own child support case file that contains the incriminating

illegal and arguably criminal scheme of removing the interest rate from the Title IV-D Program

mandated and federally funded support record system to cover up the unlawful 12% compound

interest from federal and Texas authorities, as well as from the Plaintiff in Texas, violates due

process, obstructs justice, obstructs a federally funded and federal program proceeding, and the

legal framework of Title IV-D of the Social Security Act, specifically, 42 U.S.C. § 654 and 42

U.S.C. § 666.

9. Judge Smith's dismissal of Texas Plaintiff's legal remedy monetary damages and

breach of contract fraudulent inducement damages claims under Younger Abstention in this

Court of law represents irreparable harm violative of the First Amendment, Fourth Amendment,

Fifth Amendment, the Fourteenth Amendment, the Seventh Amendment and the First

Amendment access to the Court.  The undisputable fact remains, Plaintiff's legal remedy request

for monetary damages in this court of law consisting of twenty-two causes of action that cannot

be dismissed under Younger Abstention, namely monetary damages claims of breach of contract

fraudulent inducement, breach of implied contract, unjust enrichment, misrepresentation,

negligent misrepresentation, intentional/fraudulent misrepresentation, common law bad faith, breach of the covenant of good faith and fair dealings, tortious breach of the covenant of good faith and fair dealings, breach of fraudulent concealment/common law fraud, concealed fraud, tort of deceit, reckless indifference to the rights of Plaintiff, deliberate indifference to the rights of Plaintiff, abuse of process, breach of duty, accounting fraud, fraud cover up, RI Government Tort Liability (R.I. Gen. Laws 9-31-1, *et seq.*), 42 U.S.C. § 1983 Claim for Reckless Indifference of Plaintiff's Clearly Established Constitutional Rights, 42 U.S.C. § 1983 claim of Fourth Amendment Illegal Seizure of Plaintiff's Texas Property, state tort of liability against defendants under 42 U.S.C. § 1983, Civil RICO [ECF 25].

10. Judge Smith's legally-unsupported and factually-unsupported, and "legally insufficient" opinion that the limited jurisdiction family court is an adequate forum to raise Plaintiff's federal legal damages claims of breach of contract et al., contravenes Rhode Island law: R.I. Gen Laws 8-10-3 makes clear that family court is not a court of general jurisdiction, can only conduct bench trials functioning as a court of equity, not of law, and prohibits family court from exercising jurisdiction over breach of contract claims et al between the Texas Plaintiff and the Defendants; family court lacks jurisdiction over the Plaintiff's federal causes of actions; lacks the jurisdiction to summon a jury for jury trial in a court of law.

11. Finally, but equally critically, twenty-one days post judgment Plaintiff discovered troubling new evidence on November 9, 2023, that Judge Smith appears to have impermissibly acted in favor of the interests of the defendants – he is automatically disqualified under 28 U.S.C. § 455, because as a partner in his past practice and firm, the state government and the Rhode Island Judiciary were not only his clients, but continue to be that firm's major client under a flat fee contract and he has knowledge of the defendants' actions in this action – as a major

partner in his firm, the Rhode Island Judiciary is his and his form's past and current clients, the state government actors and the state courts actors, cooperate in the routine establishment and enforcement of 12% compound interest under the legal framework of Title IV-D Program of the Social Security Act, where 12% compound interest is disallowed under 42 U.S.C. § 654(21)(A). To the objective observer, having knowledge of the facts and circumstances of this case, and being a partner in his past firm that continues to have the Rhode Island Judiciary as a client, Judge Smith appears biased in favor of the defendants' interest to continue raking in state revenue under the auspices of 42 U.S.C. § 654(21))(A) that explicitly disallows state debts of 12% compound interest assigned to Rhode Island that the state actors who cover up the 12% compound rate by obstructing the noncustodial parent's access to her own child support case file that is further violative of the due process provisions under 42 U.S.C. § 654 and §666, in Rhode Island's federally funded operation with funds appropriated by Congress intended for the *lawful* operation of Title IV-D of the Social Security Act. Although under the judicial self-executing expectation under 28 U.S.C. §455, the Texas Plaintiff is not expected to cull court records in the Rhode Island state courts for judicial conflict of interest, nevertheless the Plaintiff in good faith and diligently attempted to perform a remote search of Rhode Island's electronic court case management system, Odyssey in 2023. In so doing, Plaintiff discovered troubling newly-discovered evidence that the Rhode Island Judiciary, while publicly representing that the 2014 $6 million state transition from paper courts to electronic courts promises *all court users* will be able to call up court documents remotely from their mobile devices, in reality Rhode Island adopted rules only denying the public and pro se litigants remote access to court case information, including pro-se litigants' own case records, that both the public and all litigants had equal statutory, common law and constitutional rights of access in paper courts – Judge

Smith's firm's clients, the Rhode Island Judiciary, therefore implemented electronic court public access denials that obstructed Plaintiff's and the public's discovery of Judge Smith's judicial disqualification regarding his former clients such as the state courts, the defendant state actors and other conflict entities.

## I. LEGAL STANDARD

11. The United States Supreme Court in 2020 reaffirmed, in *GEORGIA, ET AL., PETITIONERS v. PUBLIC.RESOURCE.ORG, INC*, 590 U.S. ___ (2020), the century-old government edicts doctrine, making clear that officials empowered to speak with the force of law cannot be the authors of—and therefore cannot monopolize access—the works they create in the course of their official duties. The U.S. Supreme Court previously applied that doctrine to hold that non-binding, explanatory legal materials when created by judges who possess the authority to make and interpret the law shall not monopolize access to it. *See Banks v. Manchester*, 128 U. S. 244 (1888). Tyler Technologies is a for profit organization that aims to facilitate public access to government judge-created records and legal materials. Tyler Technologies is contracted by the Rhode Island Judiciary to implement the State's electronic courts in 2013 and together, they both publicly represented that access to the contents of judge-created laws records will be readily called on mobile devices to *all* court users, namely, to the Public and to pro se litigants.

12. Under the government edicts doctrine, judges may not be considered the "authors" of the works they produce in the course of their official duties as judges. That rule applies regardless of whether a given material carries the force of law. In *Banks v. Manchester,* 128 U. S. 244 (1888) the Supreme Court concluded that "the judge who, in his judicial capacity, prepares the opinion or decision, the statement of the case and the syllabus or head note" cannot "be regarded as their author or their proprietor. *Banks*, 128 U. S, at 253 (emphasis in original).

Rather, "[t]he whole work done by the judges constitutes the authentic exposition and interpretation of the law, which, binding every citizen, is free for publication to all." *Ibid.* (citing *Nash v. Lathrop*, 142 Mass. 29, 6 N. E. 559 (1886)). These cases establish a straightforward rule: Because judges are vested with the authority to make and interpret the law, they cannot be the "author" of the works they prepare "in the discharge of their judicial duties." Banks, 128 U. S., at 253. This rule applies both to binding works (such as opinions) and to non-binding works (such as headnotes and syllabi). *Ibid.* The animating principle behind this rule is that no one can own the law. "Every citizen is presumed to know the law," and "it needs no argument to show . . . that all should have free access" to its contents. *Nash,* 142 Mass., at 35, 6 N. E., at 560 (cited by *Banks*, 128 U. S., at 253–254). Rather than attempting to catalog the materials that constitute "the law," the doctrine bars the officials responsible for creating the law from being considered the "author[s]" of "whatever work they perform in their capacity" as lawmakers. *Ibid.* (emphasis added). Because these officials are generally empowered to make and interpret law, their "whole work" is deemed part of the "authentic exposition and interpretation of the law" and must be "free for publication to all." *Ibid.*

13.  Rhode Island Judiciary and Tyler Technologies monopoly of publication of the judge-created laws and their "whole works" making and interpreting the law that explicitly by design deny access to the Public and to the Pro Se Litigant runs afoul of the government edicts doctrine.

14. Courts have long understood the government edicts doctrine to apply to legislative materials. See, e.g., *Nash*, 142 Mass., at 35, 6 N. E., at 560 (judicial opinions and statutes stand "on substantially the same footing" for purposes of the government edicts doctrine); moreover, just as the doctrine applies to "whatever work [judges] perform in their capacity as judges,"

*Banks*, 128 U. S., at 253, it applies to whatever work judges perform in their capacity as judges. *Banks*, following *Wheaton* and the "judicial consensus" it inspired, denied publication monopoly protection to judicial opinions without excepting concurrences and dissents that carry no legal force. 128 U. S., at 253 (emphasis deleted). As every judge learns the hard way, "comments in [a] dissenting opinion" about legal principles and precedents "are just that: comments in a dissenting opinion." *Railroad Retirement Bd. v. Fritz,* 449 U. S. 166, 177, n. 10 (1980). Yet such comments are covered by the government edicts doctrine because they come from an official with authority to make and interpret the law. Indeed, *Banks* went even further and withheld publication monopoly protection from headnotes and syllabi produced by judges. 128 U. S., at 253. Surely these supplementary materials do not have the force of law, yet they are covered by the doctrine. The simplest explanation is the one *Banks* provided: These non-binding works are not copyrightable because of who creates them—judges acting in their judicial capacity. *See ibid.* The textual basis for the doctrine is the "authorship" requirement, which unsurprisingly focuses on—the author, the judges*. The Supreme Court long ago interpreted the 'author" to be officials empowered to speak with the force of law. The doctrine distinguishes between some authors (who are empowered to speak with the force of law) and others (who are not). The Supreme Court explicitly rejects allowing the States to "monetize its entire suite of legislative and judicial history. With today's *digital tools*, States might even launch a subscription or pay-per-law service." See *Georgia v, Public Resources Org.* at 590 U. S. ____ (2020) It is obviously explicitly clear that the Supreme Court refers to the prohibition against the Rhode Island Judiciary and Tyler Technology's monopolization of the digital publication of DIGITAL COURT JUDICIAL COURT RECORDS that denies publication access of judge-created laws and their work materials to the Public and to Pro Se Litigants.

15. There is no legitimate Rhode Island government interest in the knowing illegal denial of access to the public and to pro se litigants the digital records of the Rhode Island Judiciary's and Tyler Technologies' illegal monopolization of digital publication of judge-created laws involving the establishment nor enforcement of unlawful 12% compound interest violative of explicitly clear 42 U.S.C. § 654(21)(A) within the legal framework of Title IV-D Program targeting noncustodial parties in Texas who are outside of Rhode Island that Rhode Island already knows is unenforceable in Texas, and thus had removed the 12% compound interest in 2018 calculated to cover it up from federal and Texas authorities. Rhode Island's abuse of the legal framework of the government edict doctrine and the legal framework of Title IV-D Program are diametrically at odds with the intent of Congress and binding caselaws of the U.S. Supreme Court. The civil conspiracy to cover up the illegal machinery of the digital electronic courts in Rhode Island is clear. *See Turner v. Rogers*, 131 S. Ct. 2507, 2518 (2011). *See Georgia v, Public Resources Org.* at 590 U. S. ____ (2020); *See* HOUSE COMM. WAYS & MEANS, Section 8: Child Support Enforcement Program, in 2004 GREEN BOOK: BACKGROUND MATERIAL AND DATA ON THE PROGRAMS WITHIN THE JURISDICTION OF THE COMMITTEE ON WAYS AND MEANS 8-1, 8-2 (2004). *See* Social Services Amendments of 1974, Pub. L. No. 93-647, § 101, 88 Stat. 2337, 2351. Where the mother receives public aid, federal and state governments will provide the child support payment to the mother and hold the father indebted to the government for that amount. In cases where the mother is not dependent on welfare, the government has largely stayed out of the fray. *See* HOUSE COMM. WAYS & MEANS, *supra* note 38. Yet, this case does not involve a welfare case, as the custodial father is wealthy, but the Defendants are motivated by retaliation against the Plaintiff for suing them ten years ago in Seguin v. Chafee et al., Civil No. 12-cv-708-JD (D.R.I. 2013), Seguin v. Bedrosian

et al, Civil No. 12-cv-614-JD (D.R.I. 2013), and Seguin v. Suttell et al, Civil No. 13-cv-95-JNL-LM (D.R.I. 2013), in which Plaintiff sued them, *inter alia*, for monetary damages claims for extortion by the Rhode Island state court's under color of state law abuse of the legal frame work of another federal-funded human services program Violence Against Women Act, 34 U.S.C. § 12471 *et seq.*, through which Rhode Island demanded that Plaintiff pay the state court actor $55,000.00 per visitation if she wanted to see her children in Rhode Island, because the state court stated in writing they believed Plaintiff married "a rich oil man" in Texas, absent any other legally sufficient basis. Plaintiff had reported this *prima facie* extortion under color of state law and under color of federal law 34 U.S.C. § 12471 *et seq.*, to the federal law enforcement authorities, *e.g.*, the F.B.I. in Texas and the Office of the U.S. Department of Justice in Texas. Here, Plaintiff's retaliation damages claims have been issues pending before the Court since September 1, 2023 [ECF 25], at which point Judge Smith was disqualified under the self-executing expectation under 28 U.S.C. § 455, additionally given the fact Judge Smith had also self-recused from Seguin v. Chafee et al., Civil No. 12-cv-708-JD (D.R.I. 2013), Seguin v. Bedrosian et al, Civil No. 12-cv-614-JD (D.R.I. 2013), and Seguin v. Suttell et al, Civil No. 13-cv-95-JNL-LM (D.R.I. 2013) ten years ago. *See In re Martinez-Catala,* 129 F.3d 213, 220 (1st Cir. 1998) ("[under §455] the judge is expected to recuse sua sponte, where necessary, even if no party has requested it").

## II. ARGUMENT

16. Plaintiff has appealed the Court's/Judge Smith's judgment in its entirety in the related case, Seguin v, RI Office of Child Support Services et al Civil No. 23-cv-34-WES-PAS (D.R.I. 2023) and respectfully submits that she is likely to secure a complete reversal of this Court's

holding that the judicially created doctrine of Younger Abstention applies to the *dismissal* of her

monetary damages and breach of contract damages claims.

17. Plaintiff further submits that she is likely to secure a complete reversal of this Court's

in this case.

18. Conducting state proceedings funded by federal funding appropriated by Congress

under Title IV of the Social Security Act in state monopolized electronic courts that violate the

long-established government edict doctrine as it related to the Public's access of the digital

publication of judge-created laws and violate the Constitution targeting Texas assets and Texas

parties for illegal 12% compound interest involving fraudulent inducement that cannot be

enforceable in Texas is the prima facie example of government fraud and government waste,

warranting cut off from federal funding at the very minimum. Not even Judge Smith, friend of

the Rhode Island Judiciary, can punt these egregious state activities to later addressment via the

attention of the Supreme Court and to Congress Appropriation Committees, wrongfully using

Younger Abstention.

19. Judge Smith's holding is defect in claiming without a shred of factual basis that

Plaintiff can raise her federal monetary damages claims and fraudulent inducement breach of

contract claims in the jurisdictionally defective Rhode Island family court, that R.I. Gen. Laws 8-

10-3 plainly states the family court is *not* a court of general jurisdiction, and which lacks the

jurisdiction over the controversy for legal relief of monetary damages tort claims and fraudulent

inducement breach of contract damages claims over both the Plaintiff and all the named

defendants.

20.  Plaintiff seeks a new trial or a stay pending appeal as Plaintiff's likelihood of success on appeal, together with the lopsided balance of hardships, weigh heavily in favor of granting the stay being sought pending appellate review.

### A. Plaintiff is Likely To Succeed On Appeal Of the Judgment Ordered By the Court:

21. Although Plaintiff recognizes that the Court has ruled against her as to the scope of relief, Plaintiff is likely to succeed on appeal of those issues, and has raised serious legal questions and presented a substantial case. *See Arnold v. Garlock, Inc*., 278 F.3d 426, 438-39 (5th Cir. 2001).

22. Plaintiff incorporates by reference her prior remedy arguments.  Plaintiff reserves the right to make any and all arguments on appeal.

23. Among the substantial questions raised by Plaintiff is whether the Court erred in awarding Defendants dismissal of Plaintiff's monetary damages claim in this First Circuit under Younger Abstention and erred in failing to self-execute 28 U.S.C. § 455. And Plaintiff respectfully submits that she is likely to succeed on appeal in arguing that, in these circumstances, dismissal was not properly ordered in the particular circumstances of this case pursuant to established binding First Circuit caselaws on both the Court's errors applying Younger Abstention as well as judicial disqualification. *See DeMauro v. DeMauro,* 115 F.3d 94, 98 (1st Cir. 1997)**;** *In re Martinez-Catala,* 129 F.3d 213, 220 (1st Cir. 1998); *Quackenbush v. Allstate Ins. Co*., 517 U.S. 706 (1996).  *See* also *Allen v. La. State Bd. of Dentistry*, 835 F.2d 100, 104 (5th Cir. 1988). ("Younger abstention does not apply to claims for monetary damages.")

24. Absence of a new trial or a stay of the judgment will erode confidence in the Judiciary in the First Circuit by creating an impression that it is violating national law regarding the government edict doctrine and setting illegal new national policy regarding the Title IV-D Program. It may also have the effect of "encouraging forum shopping." *Trump v. Hawaii,* 138 S. Ct. 2392, 2425 (2018) (Thomas, J., concurring). It further "undermines the judicial system's goals of allowing the 'airing of competing views' and permitting multiple judges and circuits to weigh in on significant issues." *See* also *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (traditional remedial principles account for "the public interest" and "the balance of equities"); *EME Homer City Generation, LP v. EPA*, 795 F.3d 118, 132 (D.C. Cir. 2015) (Kavanaugh, J.) (declining to vacate unlawful agency action under the APA because "vacatur could cause substantial disruption"). In this context, the dismissal of Plaintiff's state government tort monetary damages claims entered by the Court could cause substantial disruption to the *uniform* application of the legal framework of the Title IV-D Program Congress explicitly intended.

25. The serious legal questions raised in this case regarding the scope of remedy go beyond the questions of whether a Younger abstention is applicable to federal monetary damages claims and or the feeble assertion of *comity* applied to the Rhode Island Judiciary and Tyler Technology's gross violation of the government edict doctrine—and indeed, those questions should not have even entered into this case. Here, among Plaintiff's challenges was to state Judiciary, Tyler Technologies and agency actions, and Plaintiff pursued fraudulent inducement breach of contract damages claims and tort monetary damages claims. Instead, the Court at law cannot vacate a federal statute—i.e., cannot "delete a previously enacted statute from the books" such as 42 U.S.C. § 1983. *See* also Jonathan F. Mitchell, The Writ-of-Erasure Fallacy, 104 Va.

L. Rev. 933, 936 (2018) ("The federal courts have no authority to erase a duly enacted law from the statute books, and they have no power to veto or suspend a statute. The power of judicial review is more limited." (footnotes omitted). Legal monetary damages relief under 42 U.S.C. § 1983 that would hold the Rhode Island state government accountable under the Rhode Island Government Tort Act for Rhode Island government actors' tortious actions violating the legal framework of the Title IV-D Program federal statutes targeting the Plaintiff in Texas was a legal remedy conferred by Congress to federal courts to grant legal relief appropriate in this case. The Court has an unflagging obligation to exercise jurisdiction conferred to it by Congress. *See Sprint Communications, Inc. v. Jacobs*, 571 U.S. 69 (2013)

26. With respect, although the Court has entered a judgment otherwise, Plaintiff has demonstrated a likelihood of success on appeal of the Final Judgment sufficient to justify a stay of the judgment.

## **B. The Balance of the Equities Overwhelmingly Favors the Requested New Trial or Stay**

27. The balance of the equities overwhelmingly favors a new trial or stay: The State of Rhode Island plainly lacks any legitimate interest in the State's systemic knowing violation of the government edict doctrine and violation of 42 U.S.C. § 654(21)(A) that they now target Plaintiff in Texas, and which they sought to cover up from federal and Texas authorities, as well as from Plaintiff, by knowingly and unlawfully removing interest from the automated support record system. Americans outside of Rhode Island re fraudulently, unlawfully and systemically fleeced by Rhode Island's illegal scheme that is illegally funded through the State's defrauding of the United States lying to the United States that these activities are eligible for federal funds

appropriated by Congress for the legal administration of Title IV Program of the Social Security
Act.

28. Defendants will face no harm from Plaintiff's requested new trial or stay. The
judgment that is specifically directed to and protects the prevailing Defendants from legal
accountability of their illegal actions, is further issued by a disqualified judge, Judge Smith, who
was the former counsel for the Defendants and a  partner of the firm whose major client is the
Rhode Island Judiciary, *e.g.*, Rhode Island state government entities, including the state courts
and state agencies.  The requested new trial or stay will thus impose no hardship on the
prevailing Defendants at all.

29. By contrast, the public and the Plaintiff face significant harm if now new trial is
ordered or the judgment is not stayed. As an initial matter, "any time a [government]" violates
"statutes enacted by representatives of its people," the people "suffer a form of irreparable
injury." *Maryland v. King,* 567 U.S. 1301, 1303 (2012) (Roberts, C.J., in chambers) (citation
omitted).  But the harm here is much greater and more far-reaching. The government edict
doctrine is willfully violated by the Rhode Island Judiciary and Tyler Technology in a civil
conspiracy to cover up the illegal state family court creating judge-created laws ordering and
enforcing 12% compound interest, aided and abetted by the Department of Human Services -
Title IV-D requires the uniform application and compliance by participating States with the
Social Security Act.  Congress's as well as the United States through the Secretary of the U.S.
Department of Health and Human Services' interest in the uniform compliance of 42 U.S.C. §
654(21)(A), § 654 and 42 U.S.C. § 666 are well established.  The States are reimbursed 66% of
the cost of operations through federal funding appropriated by Congress under Title IV-D of the
Social Security Act.  The Defendants' arbitrary illegal removal of the illegal unenforceable 12%

compound interest from the automated support record system and cover up of their illegal 12% compound interest scheme from the federal and Texas authorities targeting Texas properties and targeting the Plaintiff in Texas demonstrates Rhode Island government agencies (who are former clients of Judge Smith) knowingly committed criminal schemes illegally seizing Plaintiff's properties interstate in Texas that they know are violative of federal criminal codes and Texas civil and penal codes. *See,* e.g., Social Services Amendments of 1974 (1975 Act), Pub. L. No. 93-647, § 101(a), 88 Stat. 2351 (42 U.S.C. 651 et seq.) (adding Title IV-D to the Social Security Act). The program, which is administered by the United States Secretary of Health and Human Services (Secretary), provides that States with approved plans for child and spousal support that meet federal requirements are reimbursed by the federal government for a significant sixty-six percent (66%) of the costs of operating their child-support enforcement programs. 42 U.S.C. §v655(a)(2)(C).  In 1975, Congress adopted Title IV-D, 42 U.S.C. §v651 *et seq.*, and established the general statutory framework that exists today. See 1975 Act § 101(a), 88 Stat. 2351; *Blessing v. Freestone*, 520 U.S. 329, 333-335 (1997) (describing program).  Congress ultimately set the federal share of reimbursable expenditures at 66%, 42 U.S.C. 655(a)(2), but expanded the availability of matching funds at the 90% level for State expenditures for automating data processing systems to improve "the monitoring of support payments, the maintenance of accurate records regarding the payment of support.  Therefore, the Defendants' illegal operations cannot be funded by Congressional appropriations.

30. Judge Smith's failure to self-execute his disqualification under 28 U.S.C. § 455 as well as Canon 3E of the Code of Judicial Conduct, then his subsequent refusal to recuse in the related case, <u>Seguin v, RI Office of Child Support Services et al Civil</u> No. 23-cv-34-WES-PAS (D.R.I. 2023), upon Plaintiff's request after she raised newly discovered discovery post judgment

on October 6, 2023 of his direct and past public sector law practice's contract legal representation of the Defendants, state courts, state agencies and other conflict entities, have the appearance, to the objective observer, of the Court's issuance of judgment in favor of the Defendants in error that contravenes established First Circuit case law on Younger Abstention as well as disqualification, calculated to benefit the interests of his former clients, as partner of his former firm that represents the Rhode Island Judiciary and the state government.

31. Moreover, the Court's judgment effectively functions as a denial of Plaintiff's access to this Court of law to redress her legal monetary damages claims and fraudulent inducement breach of contract damages claims. It is well-settled that even minimal loss of First Amendment freedoms, "unquestionably constitutes irreparable injury." *Elrod v. Burns*, 427 U.S. 347, 373, 96 S. Ct. 2673, 49 L. Ed. 2d 547 (1976) (plurality)); *see* also *Elrod*, 427 U.S. at 373.; *N.Y. Times v. United States*, 403 U.S. 713, 715 (1971). Accordingly, Plaintiff has a strong likelihood of success on the merits, will suffer irreparable injury without a stay, and a stay will not injure others while furthering the public interest.

### III. CONCLUSION

27. For the foregoing reasons, Plaintiff has demonstrated a likelihood of success on appeal of the Judgment ordered, and has demonstrated that the balance of the equities favors a new trial or a stay. Plaintiff respectfully requests that the Court stay the final judgment for the duration of appellate proceedings relating to the related <u>Seguin v, RI Office of Child Support Services et al Civil</u> No. 23-cv-34-WES-PAS (D.R.I. 2023).

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 16, 2023, I filed the within Motion with the

Clerk of the Court via email.

Respectfully submitted,

Mary Seguin

Pro Se

/s/ *Mary Seguin*

Email: maryseguin22022@gmail.com
Phone: (281)744-2016
P.O. Box 22022
Houston, TX  77019

Dated: November 16, 2023

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND

MARY SEGUIN,
*pro se*

*Plaintiff,*

VS.                                        Civil Action No. 1:23-cv-126-WES-PAS


RHODE ISLAND DEPARTMENT OF HUMAN SERVICES in its official capacity; MICHAEL
D. COLEMAN, DEBORAH A. BARCLAY in their individual and official capacities;
RHODE ISLAND OFFICE OF CHILD SUPPORT SERVICES in its official capacity; KEVIN
TIGHE, MONIQUE BONIN, FRANK DIBIASE, WENDY FOBERT, KARLA
CABALLEROS, TIMOTHY FLYNN, LISA PINSONNEAULT, CARL BEAUREGARD,
PRISCILLA GLUCKSMAN, JOHN LANGLOIS, PAUL GOULD, in their individual and
official capacities; RHODE ISLAND STATE COURT SYSTEM in its official capacity; PAUL
A. SUTTELL in his individual and official capacity as EXECUTIVE HEAD OF RHODE
ISLAND STATE COURT SYSTEM; RHODE ISLAND ADMINISTRATIVE OFFICE OF
STATE COURTS in its official capacity; RHODE ISLAND ADMINISTRATIVE OFFICE OF
THE SUPERIOR COURT in its official capacity; RHODE ISLAND JUDICIAL COUNCIL in
its official capacity; RHODE ISLAND SUPERIOR COURT in its official capacity; RHODE
ISLAND SUPERIOR COURT JUDICIAL COUNCIL in its official capacity; THE JUDICIAL
TECHNOLOGY CENTER in its official capacity; JULIE HAMIL, MARISA BROWN, JOHN
JOSEPH BAXTER, JR., JUSTIN CORREA in their individual and official capacities; RHODE
ISLAND OFFICE OF THE ATTORNEY GENERAL in its official capacity; RHODE ISLAND
OFFICE OF THE ATTORNEY GENERAL OPEN GOVERNMENT UNIT in its official
capacity; ADAM D. ROACH, PETER NERONHA in their official and individual capacities;
TYLER TECHNOLOGIES, INC.; GERO MEYERSIEK

*Defendants*

### <u>MARY SEGUIN'S DECLARATION IN SUPPORT OF PLAINTIFF'S RULE 59<br>MOTION</u>


I, MARY SEGUIN, hereby declare under penalty of perjury, pursuant to 28 U.S.C. sec.
1746(2) that the following statements are true and correct:

1. That I am the Plaintiff, Pro Se, in the above captioned matter.

2. That I exercised, am exercising and continue to exercise my statutory right to appear
   pro se party in the above captioned civil matter in federal court by statute 28 U.S.C.
   sec. 1654.

3. That in state proceedings in Rhode Island, I am required to comply with Rhode Island Article X. Rules Governing Electronic Filing, Rule 2. Official Court Record, (a) Official Court Record. "Upon the implementation of the Electronic Filing System ("EFS") in each court, all documents shall be filed electronically and shall be the official court record."

4. That the state proceedings in which I am a party are public and are not about child custody nor involve a minor.

5. That the **Rhode Island Family Court**, through its adoption and promulgation of **Administrative Order 2021-01 A2)** mandated that all child support interest matters shall be heard remotely via WebEx. Further, **Administrative Order 2021-01 B1)** mandated that all non-emergency filings shall be filed using the electronic filing system in accordance with the Family Court Rules of Domestic Relations Procedure, which is the **Odyssey system**.

6. That the **"RHODE ISLAND JUDICIARY RULES OF PRACTICE GOVERNING PUBLIC ACCESS TO ELECTRONIC CASE INFORMATION, Rule 5. Access to Case Information, (c) Remote Access to Case Information. (1) Policy. To allow <u>limited</u> Remote Access to the Database through the Public Portal. Non-public case types shall not be remotely accessible except for certain case types to attorneys who have entered an appearance in a case. (2) Content. (a) The Public, Self-represented Litigants and Parties. The Public, self-represented litigants, and parties shall have Remote Access to the register of actions or Docket but shall <u>not</u> have Remote Access to other Electronic Case Information"** bar, deny, violate, abridge, infringe and interfere with Pro Se Litigants' and the Public's fundamental rights to access public court records and Pro Se Litigants' fundamental right to meaningful access to the courts. See **"<u>RHODE ISLAND JUDICIARY RULES OF PRACTICE GOVERNING PUBLIC ACCESS TO ELECTRONIC CASE INFORMATION</u>"** **Rule 5(c)(2)(a)** **"<u>The Public, Self-represented Litigants and Parties. The Public, self-represented litigants, and parties shall have Remote Access to the register of actions or Docket but shall not have Remote Access to other Electronic Case Information.</u>"** See also **"<u>RHODE ISLAND JUDICIARY, Access to Case Information, 2. Remote Access to Case Information A. The Public, Self-represented Litigants, and Parties to a Case, The public, self-represented litigants, and parties in a case shall have remote access to the register of actions or docket but shall not have remote access to other electronic case information</u>."**

7. That I, the Plaintiff, learned and verified on July 10, 2023 directly from the Rhode Island Judiciary itself through numerous (14) correspondences with the Rhode Island Judiciary from June 10, 2023 to July 10, 2023, pursuant to my RI Access to Public Records Act ("APRA") request for public records from the Rhode Island Judiciary, that as a matter of State policy, State Court Rule, and Judiciary Rule, in the digital courts implemented by the Rhode Island Judiciary, the State Court, the Rhode Island

Judiciary deny remote digital access of the Rhode Island Judiciary's monopolized publication of court and judicial records using the digital tool maintained and published by Tyler Technologies, Odyssey, including judge-created, judge-authored court decisions arising from state proceedings in the State's digital electronic courts, and digital court transcripts ordered by and paid by pro-se litigants that are published by the Judiciary digitally on Tyer Technologies' Odyssey are also denied access to the Public, pro-se litigants, and parties to the litigation (who are represented by counsel). The Rhode Island State Court only grants remote access to digital court and judicial records created by judges produced in digital courts to Rhode Island attorneys and state and federal agencies that are approved by the Rhode Island Judiciary's monopoly. On this matter, I corresponded in writing fourteen (14) APRA correspondence emails with Mr. Justin Correa, Esq. and Ms. Alexandra Kriss of the Rhode Island Judiciary from June 10, 2023 to July 10, 2023.

8. That the State Defendants in this matter electronically file all notices using another electronic filing system that is even separate and different from the EFS (Odyssey).

9. That the State Defendants' court electronic filings are not noticed to me in Texas.

10. That the State Defendants' court electronic filings are not visible to me on the Rhode Island courts' EFS.

11. That the State Defendants' court electronic filing court records cannot be accessed remotely by me, solely because I am a self-represented litigant.

12. That the State Defendants' court electronic filing court records cannot be accessed remotely by the public, by self-represented litigants, nor by parties to the case, but can be accessed remotely and instantly through the internet by attorneys in Rhode Island and state and federal agencies.

13. That the Rhode Island Court Clerks state to me over the phone that they are prohibited from reading the contents of the court records over the phone to me.

14. That the Rhode Island Court virtual clerks state to me over the phone that even they are unable to see or access the court record information of filings by the State Defendants from the virtual clerks' access portals.

15. That the Rhode Island Electronic Filing System, case management system, rules and practices outright and unconstitutionally restrict and deny access to the court to three classes: (1) the public; (2) pro-se litigants; (3) parties to the case (who are represented by counsel), and is obviously outright reserved for only the government and Rhode Island attorneys.

16. That the State Defendants have full knowledge of the egregious due process violations of the Rhode Island state court EFS.

17. That the State Defendants have full knowledge of the egregious due process violations of the Rhode Island state court EFS system/architecture/rules/practices, and

withdrew from my-initiated RI EOHHS agency appeal in 2022 in a scheme to procure a favorable judgment in a state proceeding that deny my federal constitutional and due process rights in Texas.

18. That the State Defendants have full knowledge of the egregious due process violations of the Rhode Island state court EFS system/architecture/rules/practices, and initiated the family court state proceeding on January 31, 2023 before the Covid Emergency Declaration was lifted.

19. That the State Defendants have full knowledge of the egregious due process violations of the Rhode Island state court EFS system/architecture/rules/practices that appear to **only allow remote, instant and full court access to a restricted club of R.I. lawyers and the government**, pose unconstitutional and undue burden on me, a citizen of Texas over 2,500 miles away.

20. That the State Defendant have full knowledge of the egregiously unfair due process violations of the Rhode Island state court EFS system/architecture/rules/practices that deny me access to the required **electronic court transcripts** prepared by the court reporter and electronically filed in the state EFS that **I ordered and paid for** for appeal, but the State Defendants have instant remote access by state court design.

21. That the State Defendants have full knowledge of the above unconstitutional restriction on access to court records and information to the public and non-lawyers is deliberate, by design and calculated to be unfair, violating constitutional guarantees of full and fair opportunity to raise claims in state proceedings.

22. That the above-raised unconstitutional restrictions are not exhaustive.

23. That my federal monetary damages claims on the unconstitutionality of the Rhode Island state court rules, practices and proceedings that violate the government edict doctrine and violate the pro-se litigants', such as my-self, federal constitutional rights: (1) federal constitutional right of equal access to the courts, (2) federal constitutional right to equal access to court records to receive information on the contents of all electronically filed notices, pleadings, court decisions, and transcripts that I myself ordered and paid for for appeal that are required to be electronically filed by state court rules and practices, (3) federal constitutional due process right and equal right to be given equal and timely notice of electronic filings and entries by the courts (including court decisions, court orders, court judgments, full docket entries, etc.) that the Rhode Island Judiciary deliberately deny by category all pro-se litigants access to court information, namely the contents of judicial/court records of cases to which I am the self-represented party, (4) federal constitutional due process right to be heard (Rhode Island Superior Court threatens me, the Texas pro-se plaintiff, with denial of my request to conduct WebEx hearings for the purpose of denying the Texas pro-se litigant access to the court and to be heard), (5) federal constitutional due process right to decision by a neutral decision-maker (the court that denies pro-se litigant

access to the court and the corollary opportunity to be heard fails the neutral decision-maker test). This list is not exhaustive.

24. That I seek to sue in federal court the State Defendants and add additional defendants.

25. I am an out-of-state diversity and a pro-se litigant in two state proceedings in Rhode Island, and have been unconstitutionally singled out by the State Judiciary, by category "self-represented litigant," to be barred from accessing electronic case information authored by judges and which the Judiciary has a monopoly in the publication of the judge-created laws in which state court cases I am the pro-se party, and therefore have standing to raise claims against this unconstitutional state practice and unconstitutional state court practice and rules. I understand the Rhode Island Judiciary's monopoly in the digital publication of judge-created laws in the Judiciary' implemented digital/electronic courts and the Judiciary's denial to the Public and to me from accessing the monopolized electronic publication of the judge-created laws in the court records violate the government edict doctrine.

26. Additionally, my fundamental First and Fourteenth Amendment constitutional right and common law right to equal, meaningful, and timely access to judicial records and public court records in litigation, given timely notice, adequate opportunity to be heard and to decision by a neutral decision-maker are fundamental First and Fourth Amendment and Fourteenth Amendment rights. Critically, the unconstitutional abridgement, infringement, and denial of judicial and court records to out-of-state pro-se litigants by the Rhode Island State Courts, Rhode Island State Judiciary and the Rhode Island Superior Court Bench Bar Committee directly relate to Younger Abstention Exception.

27. The State Defendants deliberately file all the State's pleadings outside of the State's electronic filing system, "Odyssey," and deliberately use a wholly different un-named electronic filing system, different and separate from that ("Odyssey") provided for pro-se litigants, so that pro-se litigants do not receive any requisite automated electronic notices of court motions or pleadings the State Defendants file electronically, nor are pro se litigants able to electronically access the content information of the State Defendants' electronically-filed pleadings. The only way the pro se litigant, such as me, the Texas Plaintiff, can access the court record is to personally go over 2,500 miles away to the courthouse in Rhode Island to access the court pleading information, or get a "courtesy notice" via email or get a "courtesy notice" through U.S. Mail sent by the State Defendants at whim. The State Defendants deliberately fail to send the notices electronically or by U.S. Mail, and the state courts deliberately promulgated court rules disallowing the public, pro-se litigants and even the parties who are represented by lawyers, remote access to court records, and critically, deny access to crucial court decisions, judgments and orders of public cases, as well as deny remote access to the transcripts ordered by pro-se litigants for appeal. Critically, the State court's abridgment and denial of access to court documents to the pro se litigant and the general public result in the

unconstitutional abridgment and denial of equal, timely and meaningful access to court complaints, decisions, judgments and orders.  What is truly shocking is that the Rhode Island Judiciary even denies and/or bars pro-se litigants remote access of court transcripts that were ordered by pro-se litigants for appeal.

28. Thirdly, the Texas Pro-Se Plaintiff discovered and verified the fact, on or about July 7, 2023, that the Rhode Island Judiciary, using the aforesaid state court rule barring, by category, pro-se litigants from accessing court case information remotely, bars the Plaintiff by category ("self-represented litigant") from accessing state court proceeding transcripts that the Texas Plaintiff ordered and paid for, for appeal.  In other words, the RI Supreme Court Clerk stated to the Texas Plaintiff that the Plaintiff, in Texas, is unconstitutionally barred from remotely accessing the transcripts of court proceedings that she ordered and paid for in her appeal to the RI Supreme Court in the Plaintiff-initiated APRA action **Seguin v. RI Office of Child Support Services, PC-22-07215**, and yet the State Defendants are inequitably granted instant and free remote access to those very transcripts that the Texas Plaintiff ordered and paid for, for appeal.  The federal Texas Plaintiff respectfully requests this Court the extension of time to present the new evidence and plead the verified facts.

29. Fourthly, the Texas Plaintiff discovered and verified the fact, on or about July 11, 2023, that, despite the Texas Plaintiff's several phone inquiries to the RI Superior Court in the past several weeks regarding the status of the appeal, the RI Superior Court, for undisclosed reasons, failed and continue to fail to relinquish jurisdiction and transfer the court case file of **Seguin v. RI Office of Child Support Services, PC-22-07215** to the RI Supreme Court within the requisite 60 days after Plaintiff's filing of Notice of Appeal on April 3, 2023, as required by the RI Supreme Court rules and procedures.  At the same time, the Texas Plaintiff verified the fact that the Plaintiff-ordered transcripts of the state proceedings in the Federal Plaintiff-initiated state APRA action **Seguin v. RI Office of Child Support Services, PC-22-07215** show the RI Superior Court further unconstitutionally sought to deny the Texas Plaintiff access to the state court and opportunity to be heard by outright threatening the Plaintiff in open court that the Judge, David Cruise, during the hearing of March 24, 2023 in that matter, shall use the state court's discretionary power in the future to deny all of the Texas pro-se Plaintiff's petitions for remote WebEx hearings to effectively deny her access to the state superior court.   The state court that denies court access and the opportunity to be heard fails the neutral-decision-maker test required under the Fourteenth Amendment.  I now specifically request further the Court to judicially notice that this court access denial and denial to be heard occurred on March 24, 2023, PRIOR to President Biden's lifting of the COVID-19 National Health Emergency Declaration.  I, the Texas Plaintiff, aver this is a direct contributory reason for the RI Superior Court's failure to transfer the case file to the Supreme Court within 60 days (by June 3, 2023) of the Plaintiff's filing of Notice of Appeal on April 3, 2023 in **Seguin v. RI Office of Child Support Services, PC-22-07215**.

30. Fifthly, the Plaintiff presents to this Court and respectfully requests the Court to take judicial notice of the undisputed fact of the court rule-making process in Rhode Island.  The 1966 Rules were promulgated by the justices of the superior court pursuant to section 8-6-2 of the General Laws of Rhode Island.  This enabling act departed from the Federal Rules Enabling Act and most state enabling legislation conferring rule-making power on the supreme courts of the respective governments.  The Rhode Island Enabling Act was adopted in 1940, 1940 R.I. Pub. Laws ch. 943, sec. 1.  It conferred the power on the justices of the superior court and the 1966 reform was the product of that court.  In 1969 an amendment to section 8-6-2 made the Rules thereafter adopted by the trial courts subject to the approval of the Supreme Court. 1969 R.I. Pub. Laws ch. 239, sec 2.  Therefore, all public records relating to the adoption and promulgation of the "RHODE ISLAND JUDICIARY RULES OF PRACTICE GOVERNING PUBLIC ACCESS TO ELECTRONIC CASE INFORMATION" are "made in the course of, made or received pursuant to law or ordinance or in connection with the transaction of official business by any agency, ""agency" or "public body" means any executive, legislative, judicial, regulatory, or administrative body of the state, or any political subdivision thereof" as per R.I. Gen. Laws § 38-2-2, a.k.a. RI Access to Public Records Act ("APRA").  Even though the Rhode Island Enabling Act conferred the power on the judiciary public body to promulgate and adopt court rules, a.k.a. rule-making process, the Rhode Island Judiciary, pursuant to the Plaintiff's APRA request for public records, denied the Plaintiff's APRA request within the 10 business day period, as well as denies it possesses public records, as defined by APRA, relating to the rule-making process by the judiciary of the "RHODE ISLAND JUDICIARY RULES OF PRACTICE GOVERNING PUBLIC ACCESS TO ELECTRONIC CASE INFORMATION," including denying possession of public records that show the intent of the rule-makers to promulgate and adopt court rules denying fundamental right of public access to electronic case information remotely to the public, to self-represented litigants, and to parties to a case.  **See Exhibit D** fourteen (14) APRA correspondence emails between the Plaintiff and/with Mr. Justin Correa, Esq. and Ms. Alexandra Kriss of the Rhode Island Judiciary from June 10, 2023 to July 10, 2023.  The Texas pro-se Plaintiff respectfully requests the extension of time to present the new evidence and plead the newly verified facts and claims, and amend the complaint, which is further in the interest of judicial economy.  The Plaintiff further seeks to appeal and file her claim against the implausible denial by the RI Judiciary, which is conferred by the Rhode Island Enabling Act to make rules of the court, that it possesses public records relating to the "RHODE ISLAND JUDICIARY RULES OF PRACTICE GOVERNING PUBLIC ACCESS TO ELECTRONIC CASE INFORMATION," that the judiciary, conferred power by the Rhode Island Enabling Act, "made in the course of, made or received pursuant to law or ordinance or in connection with the transaction of official business by any agency, ""agency" or "public body" means any executive, legislative, judicial, regulatory, or administrative body of the state, or any political subdivision thereof" as per R.I. Gen. Laws § 38-2-2, a.k.a. RI Access to

Public Records Act ("APRA"). Because the RI Superior Court clearly ruled in **Seguin v. RI Office of Child Support Services, PC-22-07215** that it lacked subject matter jurisdiction to hear my/the Texas Plaintiff's APRA-related claims, I, the Texas Plaintiff, now exercise my statutory and constitutional rights to petition this Federal Court, invoking 28 U.S.C. § 1343(a)(3) (civil rights) and 28 U.S.C. § 1367 that provides supplemental jurisdiction over the state law tort claims that arose from the same common nuclei of facts, invoking 28 U.S.C. § 1331 (federal question), and invoking 42 U.S.C. § 1983 for violations of civil rights under the First, Fourth and Fourteenth Amendments to the United States Constitution. I, the Plaintiff, respectfully request this Court for the extension of time to file my claims.

31. Plaintiff discovered on October 6, 2023 that the Rhode Island Judiciary and Government Defendants are former clients of Judge Smith, a partner in his former firm, Edwards & Angell.

32. Plaintiff discovered on November 9, 2023 that the Rhode Isand Judiciary and Government Defendants are current clients of the firm Edwards & Angell, the former firm of Judge Smith, a partner in the firm.

33. A plain reading of 28 U.S.C. sec. 455 makes clear that Judge Smith is disqualified from this case, and a plain reading of case law makes clear that 28 U.S.C. sec. 455 is self-executing, without necessitating any party's request.

Respectfully submitted,

Date: November 16, 2023

MARY SEGUIN

*Mary Seguin*

Mary Seguin

P.O. Box 22022

Houston, TX 77019

maryseguin22022@gmail.com

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND

MARY SEGUIN,
*pro se*

*Plaintiff,*

VS.                                                    Civil Action No. 1:23-cv-126-WES-PAS

RHODE ISLAND DEPARTMENT OF HUMAN SERVICES in its official capacity; MICHAEL
D. COLEMAN, DEBORAH A. BARCLAY in their individual and official capacities;
RHODE ISLAND OFFICE OF CHILD SUPPORT SERVICES in its official capacity; KEVIN
TIGHE, MONIQUE BONIN, FRANK DIBIASE, WENDY FOBERT, KARLA
CABALLEROS, TIMOTHY FLYNN, LISA PINSONNEAULT, CARL BEAUREGARD,
PRISCILLA GLUCKSMAN, JOHN LANGLOIS, PAUL GOULD, in their individual and
official capacities; RHODE ISLAND STATE COURT SYSTEM in its official capacity; PAUL
A. SUTTELL in his individual and official capacity as EXECUTIVE HEAD OF RHODE
ISLAND STATE COURT SYSTEM; RHODE ISLAND ADMINISTRATIVE OFFICE OF
STATE COURTS in its official capacity; RHODE ISLAND ADMINISTRATIVE OFFICE OF
THE SUPERIOR COURT in its official capacity; RHODE ISLAND JUDICIAL COUNCIL in
its official capacity; RHODE ISLAND SUPERIOR COURT in its official capacity; RHODE
ISLAND SUPERIOR COURT JUDICIAL COUNCIL in its official capacity; THE JUDICIAL
TECHNOLOGY CENTER in its official capacity; JULIE HAMIL, MARISA BROWN, JOHN
JOSEPH BAXTER, JR., JUSTIN CORREA in their individual and official capacities; RHODE
ISLAND OFFICE OF THE ATTORNEY GENERAL in its official capacity; RHODE ISLAND
OFFICE OF THE ATTORNEY GENERAL OPEN GOVERNMENT UNIT in its official
capacity; ADAM D. ROACH, PETER NERONHA in their official and individual capacities;
TYLER TECHNOLOGIES, INC.; GERO MEYERSIEK

    *Defendants*

## **PLAINTIFF'S RULE 60(b) MOTION**

1. Plaintiff, proceeding from and as a citizen of Texas, respectfully requests pursuant to

Fed. R. Civ. P. Rule 60(b)(1), (3), (4) and (6) for a new trial.  Plaintiff avers the following,

supported by affidavit attached: The 91-page First Amended Complaint [ECF 25] filed on

September 1, 2023 seeks monetary damages against the Rhode Island State Defendants and the

private actor Defendants for:

(1) The Rhode Island Judiciary and Tyler Technologies' monopoly of publication of law.

(2) The Rhode Island Judiciary and Tyler Technologies' denial to the Public and to all Pro Se Litigants all access and the denial of free access to the contents of the law created, authored, and deliberated by the Rhode Island Judiciary.

(3) The civil conspiracy by the Rhode Island Judiciary and Tyler Technologies to knowingly fail to properly integrate the legacy electronic court case management systems used by Rhode Island Department of Human Services and Office of Child Support Services during the implementation of Odyssey from 2013 to 2014 (the State's official electronic court filing and electronic case management system), so that these state agencies' filings are discriminately invisible only to the Public, to Pro Se Litigants and to the Rhode Island Virtual Clerk of the Courts in the Rhode Island Family Court, a limited jurisdiction court of record. The State's filings are only visible to the judges and to the State filers, thus manipulating the proceeding towards a foregone conclusion in favor of the State filers.

(4) The civil conspiracy by the Rhode Island Judiciary and Tyler Technologies to misrepresent to the Public and to the Pro Se Litigants that the implemented electronic court case records of judge created laws are available to *all* court users, in order to cover up their monopolization of the publication of law denies the Public and the Pro Se Litigant access to the judge-created laws.

(5) The civil conspiracy by the Rhode Island Judiciary and the Defendant Department of Human Services and Office of Child Support Services that the State routinely establishes and enforces 12% compound interest on child and spousal support in Title IV of the Social Security Act state family court proceedings, in violation of the uniform statutory requirement of 42 U.S.C. § 654(21)(A) that provides States *may* opt to charge a fee, and

*if* the State opts to do so, between *3% to 6% simple interest*, *not* 12% compound interest, targeting noncustodial parents victims.  In welfare cases, support are assigned by the custodial parent to the State, and the 12% compound interest represents a fee for the State's "services" in the support's establishment and enforcement paid to the State, which at 12% compound interest represents lucrative, illegally obtained revenue to the State actors, who are financially incentivized to obtain as much as possible.

(6) The civil conspiracy by the Rhode Island Judiciary and the Defendant Department of Human Services and Office of Child Support Services and Tyler Technologies to knowingly fail to properly integrate Odyssey with the State's legacy electronic court filing system resulting in the State's filings seeking illegal 12% compound interest, as well as to deny the Public and to Pro Se Litigants' access to their publication of judge-created law records for the purpose of cover up of this wholesale illegal defraud of the court, extortionary defraud under color of state law targeting the unsuspecting noncustodial parents victims, and defraud of the United States (66% of the cost of these child support "operations" is funded by the U.S. Department of Health and Human Services through Title IV of the Social Security Act through funds appropriated by Congress through the annual budget appropriations.)

(7) The civil conspiracy by the Rhode Island Judiciary and the Defendant Department of Human Services and Tyler Technologies to operate the Title IV Program of the Social Security Act in all manners violative of due process, in prima facie due process violative State Electronic Courts, for the purpose of generating state revenue through fraud and deceit, through conspired tortious interference of rights of access to the courts, rights of

access to state case documents, and rights of access to judge-created laws targeting

litigants, targeting the Public and targeting Pro Se Litigants.

(8) The civil conspiracy by the Rhode Island Judiciary and the Defendant Department of

Human Services and Tyler Technologies to cover up their public-access-denied

publication of state judge-created laws of illegal 12% compound interest benefiting the

state's revenue by adopting a State policy not to establish nor enforce any interest in

*interstate* support cases only, calculated to cover up the collective fraud from federal

enforcement officials and other states' enforcement officials of court orders (laws)

showing 12% compounded interest established and funded under Title IV that are facially

illegally violative of 42 U.S.C. § 654(21)(A) which explicitly provides States *may* opt to

charge a fee, and *if* the State opts to do so, between *3% to 6% simple interest*, *not* 12%

compound interest.  The federal Title IV Program regulation by Congressional intent

explicitly preempts any related state laws of all participating states.

(9) The civil conspiracy by the Rhode Island Judiciary and the Defendant Department of

Human Services and Office of Child Support Services and Barbara Grady and Gero

Meyersiek to use the fraudulent, First Amendment-, Fourth Amendment-, Fifth

Amendment-, Seventh Amendment-, and Fourteenth Amendment violative state court

machinery weaponizing Title IV Program of the Social Security Act to target the Plaintiff

*pro se* noncustodial parent in Texas to retaliate against Plaintiff for her past lawsuits

against them, namely ten years ago in Seguin v. Chafee et al., Civil No. 12-cv-708-JD

(D.R.I. 2013), Seguin v. Bedrosian et al, Civil No. 12-cv-614-JD (D.R.I. 2013), and

Seguin v. Suttell et al, Civil No. 13-cv-95-JNL-LM (D.R.I. 2013), in which Plaintiff sued

them, *inter alia*, for monetary damages claims for extortion by the Rhode Island state

court's under color of state law abuse of the legal frame work of another federal-funded

human services program Violence Against Women Act, 34 U.S.C. § 12471 *et seq.*,

through which Rhode Island demanded that Plaintiff pay the state court actor $55,000.00

per visitation if Plaintiff wanted to see her children in Rhode Island, because the state

court stated in writing they believed Plaintiff married "a rich oil man" in Texas, absent

any other legally sufficient basis. Plaintiff had reported this *prima facie* extortion under

color of state law and under color of federal law 34 U.S.C. § 12471 *et seq.*, to the federal

law enforcement authorities, *e.g.*, the F.B.I. in Texas and the Office of the U.S.

Department of Justice in Texas. Here, Plaintiff's ==retaliation== damages claims have been

issues pending before the Court since September 1, 2023 [ECF 25], at which point Judge

Smith was disqualified under the self-executing expectation under 28 U.S.C. § 455,

additionally given the fact Judge Smith had also self-recused from Seguin v. Chafee et

al., Civil No. 12-cv-708-JD (D.R.I. 2013), Seguin v. Bedrosian et al, Civil No. 12-cv-

614-JD (D.R.I. 2013), and Seguin v. Suttell et al, Civil No. 13-cv-95-JNL-LM (D.R.I.

2013) ten years ago. *See In re Martinez-Catala,* 129 F.3d 213, 220 (1st Cir. 1998)

("[under §455] the judge is expected to recuse sua sponte, where necessary, even if no

party has requested it").

(10) The Rhode Island Judiciary continues the pattern of cover up by denying Plaintiff's

request for public judicial records related to the monopoly of publication of judge-created

records submitted to the State Judiciary pursuant to the Rhode Island Access to Public

Records Act ("RI APRA").

4. Plaintiff obtained new evidence on October 6, 2023 that the Rhode Island Judiciary is a

former client of Judge Smith, and on November 9, 2023, Plaintiff obtained new evidence that the

Rhode Island Judiciary remains a major client of Judge Smith's former law firm. Plaintiff's due diligence search for conflict of interest has been impeded by the Rhode Island Judiciary and Tyler Technologies monopoly of publication of judge-created laws in the state's electronic court system and their denial of access to the judge-created laws, and Plaintiff, as a member of the Public and proceeding pro se without a Rhode Island Attorney license, the issuance of which is also monopolized by the Rhode Island Judiciary, has further been denied access to official records, including through the Rhode Island Access to Public Records Act, consistent with a pattern of civil conspiracy cover up.

    5. A new trial or a stay of the Judgment is necessary to prevent irreparable harm to Plaintiff, and to Americans across the First Circuit who would be needlessly deprived of access to the federal courts of law in the First Circuit for monetary damages redress - the judicially created doctrine of Younger Abstention that functioned as a court of equity - regarding Plaintiff's monetary damages claims against the Rhode Island Judiciary and Tyler Technologies' scheme to monopolize the publication of judge-created laws that denies, tortiously interferes, tortiously abridges and tortiously obstruct the Public access to those very laws; regarding Defendant Rhode Island Office of Child Support Services' unlawful seizures of interstate Texas properties outside of Rhode Island under color of Rhode Island state law based on legally insufficient interest charge on overdue support based on the unlawful rate of 12% compound interest that is disallowed under Title IV-D Program of the Social Security Act, specifically 42 U.S.C. § 654(21)(A) that provides States *may* opt to charge a fee, and *if* the State opts to do so, between *3% to 6% simple interest*, *not* 12% compound interest. And this is on top of Defendants' breach of contract that was brokered by Defendant Rhode Island Office of Child Support Services on behalf of the agency's client; the contract between the custodial parent client, defendant Gero

Meyersiek and the Texas Plaintiff stipulated that the custodial parent waived interest upon the

Texas Plaintiff paying a lump sum of $104,185.98 pay-off amount, which Plaintiff performed

from Texas on December 7, 2021. Even at the point of contractual agreement, Defendant Rhode

Island Office of Child Support Services in conjunction with Defendant Gero Meyersiek,

misrepresented there was lawful and enforceable interest to be waived, as they removed the

accrued interest from the Title IV-D Program mandated support record system in order to cover

up from the Plaintiff, and from federal and Texas authorities the unlawful 12% compound rate.

After fraudulently inducing Plaintiff in Texas to agree to and to perform on the contract, the

Defendants immediately put the interest back into the Title IV-D Program-mandated automated

support record system and started to seize Plaintiff's properties in Texas under color of Rhode

Island state law.

     6. The final judgment is on its face violative of binding First Circuit caselaw that

mandates lower courts to *stay* monetary damages claims when applying Younger Abstention.

*See DeMauro v. DeMauro,* 115 F.3d 94, 98 (1st Cir. 1997) (relying on *Quackenbush v. Allstate*

*Ins. Co.,* 517 U.S. 706 (1996) in holding that abstention does not allow for dismissal of damages

claim).

     7. 42 U.S.C. § 654(21)(A) has been in effect since the enactment of the Title IV-D

Program of the Social Security Act several decades ago, and Congress's original intent was to

combat poverty within the populace of single mothers and children in welfare cases; Congress at

no time intended to shift the undue burden of Rhode Island's 12% compound interest on overdue

support under color of Rhode Island state law to noncustodial parents, whether targeting Texas

or across the country, which in welfare cases Rhode Island converts the 12% compound interest

to assigned debts owed by noncustodial parents to Rhode Island's state agencies and state

government, representing underhanded unlawful state revenue unlawfully obtained through the

legal framework of Title IV-D Program of the Social Security Act, targeting unsuspecting

noncustodial parents victims. As a legal point of a state's lawful application of 42 U.S.C. §

654(21)(A) within the First Circuit, New Hampshire, in compliance with the letter of federal law,

opts into Title IV-D Program and opts not to charge any interest whatsoever, as per the letter of

law and the original intent of Congress, 42 U.S.C. § 654(21)(A). Similarly, Texas charges 6% in

compliance with 42 U.S.C. § 654(21)(A).

8. Defendant Rhode Island Office of Child Support Service's illegal denial and

obstruction of access to Plaintiff's own child support case file that contains the incriminating

illegal and arguably criminal scheme of removing the interest rate from the Title IV-D Program

mandated and federally funded support record system to cover up the unlawful 12% compound

interest from federal and Texas authorities, as well as from the Plaintiff in Texas, violates due

process, obstructs justice, obstructs a federally funded and federal program proceeding, and the

legal framework of Title IV-D of the Social Security Act, specifically, 42 U.S.C. § 654 and 42

U.S.C. § 666.

9. Judge Smith's dismissal of Texas Plaintiff's legal remedy monetary damages and

breach of contract fraudulent inducement damages claims under Younger Abstention in this

Court of law represents irreparable harm violative of the First Amendment, Fourth Amendment,

Fifth Amendment, the Fourteenth Amendment, the Seventh Amendment and the First

Amendment access to the Court. The undisputable fact remains, Plaintiff's legal remedy request

for monetary damages in this court of law consisting of twenty-two causes of action that cannot

be dismissed under Younger Abstention, namely monetary damages claims of breach of contract

fraudulent inducement, breach of implied contract, unjust enrichment, misrepresentation,

negligent misrepresentation, intentional/fraudulent misrepresentation, common law bad faith, breach of the covenant of good faith and fair dealings, tortious breach of the covenant of good faith and fair dealings, breach of fraudulent concealment/common law fraud, concealed fraud, tort of deceit, reckless indifference to the rights of Plaintiff, deliberate indifference to the rights of Plaintiff, abuse of process, breach of duty, accounting fraud, fraud cover up, RI Government Tort Liability (R.I. Gen. Laws 9-31-1, *et seq.*), 42 U.S.C. § 1983 Claim for Reckless Indifference of Plaintiff's Clearly Established Constitutional Rights, 42 U.S.C. § 1983 claim of Fourth Amendment Illegal Seizure of Plaintiff's Texas Property, state tort of liability against defendants under 42 U.S.C. § 1983, Civil RICO [ECF 25].

10. Judge Smith's legally-unsupported and factually-unsupported, and "legally insufficient" opinion that the limited jurisdiction family court is an adequate forum to raise Plaintiff's federal legal damages claims of breach of contract et al., contravenes Rhode Island law: R.I. Gen Laws 8-10-3 makes clear that family court is not a court of general jurisdiction, can only conduct bench trials functioning as a court of equity, not of law, and prohibits family court from exercising jurisdiction over breach of contract claims et al between the Texas Plaintiff and the Defendants; family court lacks jurisdiction over the Plaintiff's federal causes of actions; lacks the jurisdiction to summon a jury for jury trial in a court of law.

11. Finally, but equally critically, twenty-one days post judgment Plaintiff discovered troubling new evidence on November 9, 2023, that Judge Smith appears to have impermissibly acted in favor of the interests of the defendants – he is automatically disqualified under 28 U.S.C. § 455, because as a partner in his past practice and firm, the state government and the Rhode Island Judiciary were not only his clients, but continue to be that firm's major client under a flat fee contract and he has knowledge of the defendants' actions in this action – as a major

partner in his firm, the Rhode Island Judiciary is his and his form's past and current clients, the

state government actors and the state courts actors, cooperate in the routine establishment and

enforcement of 12% compound interest under the legal framework of Title IV-D Program of the

Social Security Act, where 12% compound interest is disallowed under 42 U.S.C. § 654(21)(A).

To the objective observer, having knowledge of the facts and circumstances of this case, and

being a partner in his past firm that continues to have the Rhode Island Judiciary as a client,

Judge Smith appears biased in favor of the defendants' interest to continue raking in state

revenue under the auspices of 42 U.S.C. § 654(21))(A) that explicitly disallows state debts of

12% compound interest assigned to Rhode Island that the state actors who cover up the 12%

compound rate by obstructing the noncustodial parent's access to her own child support case file

that is further violative of the due process provisions under 42 U.S.C. § 654 and §666, in Rhode

Island's federally funded operation with funds appropriated by Congress intended for the *lawful*

operation of Title IV-D of the Social Security Act. Although under the judicial self-executing

expectation under 28 U.S.C. §455, the Texas Plaintiff is not expected to cull court records in the

Rhode Island state courts for judicial conflict of interest, nevertheless the Plaintiff in good faith

and diligently attempted to perform a remote search of Rhode Island's electronic court case

management system, Odyssey in 2023. In so doing, Plaintiff discovered troubling newly-

discovered evidence that the Rhode Island Judiciary, while publicly representing that the 2014 $6

million state transition from paper courts to electronic courts promises *all court users* will be

able to call up court documents remotely from their mobile devices, in reality Rhode Island

adopted rules only denying the public and pro se litigants remote access to court case

information, including pro-se litigants' own case records, that both the public and all litigants

had equal statutory, common law and constitutional rights of access in paper courts – Judge

Smith's firm's clients, the Rhode Island Judiciary, therefore implemented electronic court public access denials that obstructed Plaintiff's and the public's discovery of Judge Smith's judicial disqualification regarding his former clients such as the state courts, the defendant state actors and other conflict entities.

## I. LEGAL STANDARD

11. The United States Supreme Court in 2020 reaffirmed, in *GEORGIA, ET AL., PETITIONERS v. PUBLIC.RESOURCE.ORG, INC*, 590 U.S. ___ (2020), the century-old government edicts doctrine, making clear that officials empowered to speak with the force of law cannot be the authors of—and therefore cannot monopolize access—the works they create in the course of their official duties. The U.S. Supreme Court previously applied that doctrine to hold that non-binding, explanatory legal materials when created by judges who possess the authority to make and interpret the law shall not monopolize access to it. *See Banks v. Manchester*, 128 U. S. 244 (1888). Tyler Technologies is a for profit organization that aims to facilitate public access to government judge-created records and legal materials. Tyler Technologies is contracted by the Rhode Island Judiciary to implement the State's electronic courts in 2013 and together, they both publicly represented that access to the contents of judge-created laws records will be readily called on mobile devices to *all* court users, namely, to the Public and to pro se litigants.

12. Under the government edicts doctrine, judges may not be considered the "authors" of the works they produce in the course of their official duties as judges. That rule applies regardless of whether a given material carries the force of law. In *Banks v. Manchester,* 128 U. S. 244 (1888) the Supreme Court concluded that "the judge who, in his judicial capacity, prepares the opinion or decision, the statement of the case and the syllabus or head note" cannot "be regarded as their author or their proprietor. *Banks*, 128 U. S, at 253 (emphasis in original).

Rather, "[t]he whole work done by the judges constitutes the authentic exposition and interpretation of the law, which, binding every citizen, is free for publication to all." *Ibid.* (citing *Nash v. Lathrop*, 142 Mass. 29, 6 N. E. 559 (1886)). These cases establish a straightforward rule: Because judges are vested with the authority to make and interpret the law, they cannot be the "author" of the works they prepare "in the discharge of their judicial duties." Banks, 128 U. S., at 253. This rule applies both to binding works (such as opinions) and to non-binding works (such as headnotes and syllabi). *Ibid.* The animating principle behind this rule is that no one can own the law. "Every citizen is presumed to know the law," and "it needs no argument to show . . . that all should have free access" to its contents. *Nash,* 142 Mass., at 35, 6 N. E., at 560 (cited by *Banks*, 128 U. S., at 253–254). Rather than attempting to catalog the materials that constitute "the law," the doctrine bars the officials responsible for creating the law from being considered the "author[s]" of "whatever work they perform in their capacity" as lawmakers. *Ibid.* (emphasis added). Because these officials are generally empowered to make and interpret law, their "whole work" is deemed part of the "authentic exposition and interpretation of the law" and must be "free for publication to all." *Ibid.*

13.  Rhode Island Judiciary and Tyler Technologies monopoly of publication of the judge-created laws and their "whole works" making and interpreting the law that explicitly by design deny access to the Public and to the Pro Se Litigant runs afoul of the government edicts doctrine.

14. Courts have long understood the government edicts doctrine to apply to legislative materials. See, e.g., *Nash*, 142 Mass., at 35, 6 N. E., at 560 (judicial opinions and statutes stand "on substantially the same footing" for purposes of the government edicts doctrine); moreover, just as the doctrine applies to "whatever work [judges] perform in their capacity as judges,"

*Banks*, 128 U. S., at 253, it applies to whatever work judges perform in their capacity as judges. *Banks*, following *Wheaton* and the "judicial consensus" it inspired, denied publication monopoly protection to judicial opinions without excepting concurrences and dissents that carry no legal force. 128 U. S., at 253 (emphasis deleted). As every judge learns the hard way, "comments in [a] dissenting opinion" about legal principles and precedents "are just that: comments in a dissenting opinion." *Railroad Retirement Bd. v. Fritz,* 449 U. S. 166, 177, n. 10 (1980). Yet such comments are covered by the government edicts doctrine because they come from an official with authority to make and interpret the law. Indeed, *Banks* went even further and withheld publication monopoly protection from headnotes and syllabi produced by judges. 128 U. S., at 253. Surely these supplementary materials do not have the force of law, yet they are covered by the doctrine. The simplest explanation is the one *Banks* provided: These non-binding works are not copyrightable because of who creates them—judges acting in their judicial capacity. *See ibid.* The textual basis for the doctrine is the "authorship" requirement, which unsurprisingly focuses on—the author, the judges*.* The Supreme Court long ago interpreted the 'author" to be officials empowered to speak with the force of law. The doctrine distinguishes between some authors (who are empowered to speak with the force of law) and others (who are not). The Supreme Court explicitly rejects allowing the States to "monetize its entire suite of legislative and judicial history. With today's *digital tools*, States might even launch a subscription or pay-per-law service." See *Georgia v, Public Resources Org.* at 590 U. S. ____ (2020) It is obviously explicitly clear that the Supreme Court refers to the prohibition against the Rhode Island Judiciary and Tyler Technology's monopolization of the digital publication of DIGITAL COURT JUDICIAL COURT RECORDS that denies publication access of judge-created laws and their work materials to the Public and to Pro Se Litigants.

15. There is no legitimate Rhode Island government interest in the knowing illegal denial of access to the public and to pro se litigants the digital records of the Rhode Island Judiciary's and Tyler Technologies' illegal monopolization of digital publication of judge-created laws involving the establishment nor enforcement of unlawful 12% compound interest violative of explicitly clear 42 U.S.C. § 654(21)(A) within the legal framework of Title IV-D Program targeting noncustodial parties in Texas who are outside of Rhode Island that Rhode Island already knows is unenforceable in Texas, and thus had removed the 12% compound interest in 2018 calculated to cover it up from federal and Texas authorities. Rhode Island's abuse of the legal framework of the government edict doctrine and the legal framework of Title IV-D Program are diametrically at odds with the intent of Congress and binding caselaws of the U.S. Supreme Court. The civil conspiracy to cover up the illegal machinery of the digital electronic courts in Rhode Island is clear. *See Turner v. Rogers*, 131 S. Ct. 2507, 2518 (2011). *See Georgia v, Public Resources Org.* at 590 U. S. ____ (2020); *See* HOUSE COMM. WAYS & MEANS, Section 8: Child Support Enforcement Program, in 2004 GREEN BOOK: BACKGROUND MATERIAL AND DATA ON THE PROGRAMS WITHIN THE JURISDICTION OF THE COMMITTEE ON WAYS AND MEANS 8-1, 8-2 (2004). *See* Social Services Amendments of 1974, Pub. L. No. 93-647, § 101, 88 Stat. 2337, 2351. Where the mother receives public aid, federal and state governments will provide the child support payment to the mother and hold the father indebted to the government for that amount. In cases where the mother is not dependent on welfare, the government has largely stayed out of the fray. *See* HOUSE COMM. WAYS & MEANS, *supra* note 38. Yet, this case does not involve a welfare case, as the custodial father is wealthy, but the Defendants are motivated by retaliation against the Plaintiff for suing them ten years ago in Seguin v. Chafee et al., Civil No. 12-cv-708-JD (D.R.I. 2013), Seguin v. Bedrosian

et al, Civil No. 12-cv-614-JD (D.R.I. 2013), and <u>Seguin v. Suttell et al</u>, Civil No. 13-cv-95-JNL-LM (D.R.I. 2013), in which Plaintiff sued them, *inter alia*, for monetary damages claims for extortion by the Rhode Island state court's under color of state law abuse of the legal frame work of another federal-funded human services program Violence Against Women Act, 34 U.S.C. § 12471 *et seq.*, through which Rhode Island demanded that Plaintiff pay the state court actor $55,000.00 per visitation if she wanted to see her children in Rhode Island, because the state court stated in writing they believed Plaintiff married "a rich oil man" in Texas, absent any other legally sufficient basis.  Plaintiff had reported this *prima facie* extortion under color of state law and under color of federal law 34 U.S.C. § 12471 *et seq.*, to the federal law enforcement authorities, *e.g.*, the F.B.I. in Texas and the Office of the U.S. Department of Justice in Texas. Here, Plaintiff's retaliation damages claims have been issues pending before the Court since September 1, 2023 [ECF 25], at which point Judge Smith was disqualified under the self-executing expectation under 28 U.S.C. § 455, additionally given the fact Judge Smith had also self-recused from <u>Seguin v. Chafee et al.</u>, Civil No. 12-cv-708-JD (D.R.I. 2013), <u>Seguin v. Bedrosian et al,</u> Civil No. 12-cv-614-JD (D.R.I. 2013), and <u>Seguin v. Suttell et al</u>, Civil No. 13-cv-95-JNL-LM (D.R.I. 2013) ten years ago.  *See In re Martinez-Catala,* 129 F.3d 213, 220 (1st Cir. 1998) ("[under §455] the judge is expected to recuse sua sponte, where necessary, even if no party has requested it").

## II. ARGUMENT

16. Plaintiff has appealed the Court's/Judge Smith's judgment in its entirety in the related case, <u>Seguin v, RI Office of Child Support Services et al Civil</u> No. 23-cv-34-WES-PAS (D.R.I. 2023) and respectfully submits that she is likely to secure a complete reversal of this Court's

holding that the judicially created doctrine of Younger Abstention applies to the *dismissal* of her monetary damages and breach of contract damages claims.

17. Plaintiff further submits that she is likely to secure a complete reversal of this Court's in this case.

18. Conducting state proceedings funded by federal funding appropriated by Congress under Title IV of the Social Security Act in state monopolized electronic courts that violate the long-established government edict doctrine as it related to the Public's access of the digital publication of judge-created laws and violate the Constitution targeting Texas assets and Texas parties for illegal 12% compound interest involving fraudulent inducement that cannot be enforceable in Texas is the prima facie example of government fraud and government waste, warranting cut off from federal funding at the very minimum. Not even Judge Smith, friend of the Rhode Island Judiciary, can punt these egregious state activities to later addressment via the attention of the Supreme Court and to Congress Appropriation Committees, wrongfully using Younger Abstention.

19. Judge Smith's holding is defect in claiming without a shred of factual basis that Plaintiff can raise her federal monetary damages claims and fraudulent inducement breach of contract claims in the jurisdictionally defective Rhode Island family court, that R.I. Gen. Laws 8-10-3 plainly states the family court is *not* a court of general jurisdiction, and which lacks the jurisdiction over the controversy for legal relief of monetary damages tort claims and fraudulent inducement breach of contract damages claims over both the Plaintiff and all the named defendants.

20.  Plaintiff seeks a new trial or a stay pending appeal as Plaintiff's likelihood of success on appeal, together with the lopsided balance of hardships, weigh heavily in favor of granting the stay being sought pending appellate review.

**A. Plaintiff is Likely To Succeed On Appeal Of the Judgment Ordered By the Court:**

21. Although Plaintiff recognizes that the Court has ruled against her as to the scope of relief, Plaintiff is likely to succeed on appeal of those issues, and has raised serious legal questions and presented a substantial case. *See Arnold v. Garlock, Inc*., 278 F.3d 426, 438-39 (5th Cir. 2001).

22. Plaintiff incorporates by reference her prior remedy arguments.  Plaintiff reserves the right to make any and all arguments on appeal.

23. Among the substantial questions raised by Plaintiff is whether the Court erred in awarding Defendants dismissal of Plaintiff's monetary damages claim in this First Circuit under Younger Abstention and erred in failing to self-execute 28 U.S.C. § 455. And Plaintiff respectfully submits that she is likely to succeed on appeal in arguing that, in these circumstances, dismissal was not properly ordered in the particular circumstances of this case pursuant to established binding First Circuit caselaws on both the Court's errors applying Younger Abstention as well as judicial disqualification. *See DeMauro v. DeMauro,* 115 F.3d 94, 98 (1st Cir. 1997)**;** *In re Martinez-Catala,* 129 F.3d 213, 220 (1st Cir. 1998); *Quackenbush v. Allstate Ins. Co*., 517 U.S. 706 (1996).  *See* also *Allen v. La. State Bd. of Dentistry*, 835 F.2d 100, 104 (5th Cir. 1988). ("Younger abstention does not apply to claims for monetary damages.")

24. Absence of a new trial or a stay of the judgment will erode confidence in the
Judiciary in the First Circuit by creating an impression that it is violating national law regarding
the government edict doctrine and setting illegal new national policy regarding the Title IV-D
Program. It may also have the effect of "encouraging forum shopping." *Trump v. Hawaii,* 138
S. Ct. 2392, 2425 (2018) (Thomas, J., concurring). It further "undermines the judicial system's
goals of allowing the 'airing of competing views' and permitting multiple judges and circuits to
weigh in on significant issues." *See* also *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20
(2008) (traditional remedial principles account for "the public interest" and "the balance of
equities"); *EME Homer City Generation, LP v. EPA*, 795 F.3d 118, 132 (D.C. Cir. 2015)
(Kavanaugh, J.) (declining to vacate unlawful agency action under the APA because "vacatur
could cause substantial disruption"). In this context, the dismissal of Plaintiff's state government
tort monetary damages claims entered by the Court could cause substantial disruption to the
*uniform* application of the legal framework of the Title IV-D Program Congress explicitly
intended.

25. The serious legal questions raised in this case regarding the scope of remedy go
beyond the questions of whether a Younger abstention is applicable to federal monetary damages
claims and or the feeble assertion of *comity* applied to the Rhode Island Judiciary and Tyler
Technology's gross violation of the government edict doctrine—and indeed, those questions
should not have even entered into this case. Here, among Plaintiff's challenges was to state
Judiciary, Tyler Technologies and agency actions, and Plaintiff pursued fraudulent inducement
breach of contract damages claims and tort monetary damages claims. Instead, the Court at law
cannot vacate a federal statute—i.e., cannot "delete a previously enacted statute from the books"
such as 42 U.S.C. § 1983. *See* also Jonathan F. Mitchell, The Writ-of-Erasure Fallacy, 104 Va.

L. Rev. 933, 936 (2018) ("The federal courts have no authority to erase a duly enacted law from the statute books, and they have no power to veto or suspend a statute. The power of judicial review is more limited." (footnotes omitted). Legal monetary damages relief under 42 U.S.C. § 1983 that would hold the Rhode Island state government accountable under the Rhode Island Government Tort Act for Rhode Island government actors' tortious actions violating the legal framework of the Title IV-D Program federal statutes targeting the Plaintiff in Texas was a legal remedy conferred by Congress to federal courts to grant legal relief appropriate in this case. The Court has an unflagging obligation to exercise jurisdiction conferred to it by Congress. *See Sprint Communications, Inc. v. Jacobs*, 571 U.S. 69 (2013)

26. With respect, although the Court has entered a judgment otherwise, Plaintiff has demonstrated a likelihood of success on appeal of the Final Judgment sufficient to justify a stay of the judgment.

**B. The Balance of the Equities Overwhelmingly Favors the Requested New Trial or Stay**

27. The balance of the equities overwhelmingly favors a new trial or stay: The State of Rhode Island plainly lacks any legitimate interest in the State's systemic knowing violation of the government edict doctrine and violation of 42 U.S.C. § 654(21)(A) that they now target Plaintiff in Texas, and which they sought to cover up from federal and Texas authorities, as well as from Plaintiff, by knowingly and unlawfully removing interest from the automated support record system. Americans outside of Rhode Island re fraudulently, unlawfully and systemically fleeced by Rhode Island's illegal scheme that is illegally funded through the State's defrauding of the United States lying to the United States that these activities are eligible for federal funds

appropriated by Congress for the legal administration of Title IV Program of the Social Security Act.

28. Defendants will face no harm from Plaintiff's requested new trial or stay. The judgment that is specifically directed to and protects the prevailing Defendants from legal accountability of their illegal actions, is further issued by a disqualified judge, Judge Smith, who was the former counsel for the Defendants and a  partner of the firm whose major client is the Rhode Island Judiciary, *e.g.*, Rhode Island state government entities, including the state courts and state agencies.  The requested new trial or stay will thus impose no hardship on the prevailing Defendants at all.

29. By contrast, the public and the Plaintiff face significant harm if now new trial is ordered or the judgment is not stayed. As an initial matter, "any time a [government]" violates "statutes enacted by representatives of its people," the people "suffer a form of irreparable injury." *Maryland v. King,* 567 U.S. 1301, 1303 (2012) (Roberts, C.J., in chambers) (citation omitted).  But the harm here is much greater and more far-reaching. The government edict doctrine is willfully violated by the Rhode Island Judiciary and Tyler Technology in a civil conspiracy to cover up the illegal state family court creating judge-created laws ordering and enforcing 12% compound interest, aided and abetted by the Department of Human Services - Title IV-D requires the uniform application and compliance by participating States with the Social Security Act.  Congress's as well as the United States through the Secretary of the U.S. Department of Health and Human Services' interest in the uniform compliance of 42 U.S.C. § 654(21)(A), § 654 and 42 U.S.C. § 666 are well established.  The States are reimbursed 66% of the cost of operations through federal funding appropriated by Congress under Title IV-D of the Social Security Act.  The Defendants' arbitrary illegal removal of the illegal unenforceable 12%

compound interest from the automated support record system and cover up of their illegal 12% compound interest scheme from the federal and Texas authorities targeting Texas properties and targeting the Plaintiff in Texas demonstrates Rhode Island government agencies (who are former clients of Judge Smith) knowingly committed criminal schemes illegally seizing Plaintiff's properties interstate in Texas that they know are violative of federal criminal codes and Texas civil and penal codes. *See,* e.g., Social Services Amendments of 1974 (1975 Act), Pub. L. No. 93-647, § 101(a), 88 Stat. 2351 (42 U.S.C. 651 et seq.) (adding Title IV-D to the Social Security Act). The program, which is administered by the United States Secretary of Health and Human Services (Secretary), provides that States with approved plans for child and spousal support that meet federal requirements are reimbursed by the federal government for a significant sixty-six percent (66%) of the costs of operating their child-support enforcement programs. 42 U.S.C. §v655(a)(2)(C).  In 1975, Congress adopted Title IV-D, 42 U.S.C. §v651 *et seq*., and established the general statutory framework that exists today. See 1975 Act § 101(a), 88 Stat. 2351; *Blessing v. Freestone*, 520 U.S. 329, 333-335 (1997) (describing program).  Congress ultimately set the federal share of reimbursable expenditures at 66%, 42 U.S.C. 655(a)(2), but expanded the availability of matching funds at the 90% level for State expenditures for automating data processing systems to improve "the monitoring of support payments, the maintenance of accurate records regarding the payment of support.  Therefore, the Defendants' illegal operations cannot be funded by Congressional appropriations.

30. Judge Smith's failure to self-execute his disqualification under 28 U.S.C. § 455 as well as Canon 3E of the Code of Judicial Conduct, then his subsequent refusal to recuse in the related case, <u>Seguin v, RI Office of Child Support Services et al Civil</u> No. 23-cv-34-WES-PAS (D.R.I. 2023), upon Plaintiff's request after she raised newly discovered discovery post judgment

on October 6, 2023 of his direct and past public sector law practice's contract legal
representation of the Defendants, state courts, state agencies and other conflict entities, have the
appearance, to the objective observer, of the Court's issuance of judgment in favor of the
Defendants in error that contravenes established First Circuit case law on Younger Abstention as
well as disqualification, calculated to benefit the interests of his former clients, as partner of his
former firm that represents the Rhode Island Judiciary and the state government.

31. Moreover, the Court's judgment effectively functions as a denial of Plaintiff's access
to this Court of law to redress her legal monetary damages claims and fraudulent inducement
breach of contract damages claims. It is well-settled that even minimal loss of First Amendment
freedoms, "unquestionably constitutes irreparable injury." *Elrod v. Burns*, 427 U.S. 347, 373, 96
S. Ct. 2673, 49 L. Ed. 2d 547 (1976) (plurality)); *see* also *Elrod*, 427 U.S. at 373.; *N.Y. Times v.
United States*, 403 U.S. 713, 715 (1971). Accordingly, Plaintiff has a strong likelihood of success
on the merits, will suffer irreparable injury without a stay, and a stay will not injure others while
furthering the public interest.

### III. CONCLUSION

27. For the foregoing reasons, Plaintiff has demonstrated a likelihood of success on
appeal of the Judgment ordered, and has demonstrated that the balance of the equities favors a
new trial or a stay. Plaintiff respectfully requests that the Court stay the final judgment for the
duration of appellate proceedings relating to the related <u>Seguin v, RI Office of Child Support
Services et al Civil</u> No. 23-cv-34-WES-PAS (D.R.I. 2023).

<strong>CERTIFICATE OF SERVICE</strong>

I HEREBY CERTIFY that on November 16, 2023, I filed the within Motion with the

Clerk of the Court via email.

Respectfully submitted,

Mary Seguin

Pro Se

/s/ *Mary Seguin*

Email: maryseguin22022@gmail.com
Phone: (281)744-2016
P.O. Box 22022
Houston, TX 77019

Dated: November 16, 2023

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND

MARY SEGUIN,
*pro se*

*Plaintiff,*

VS.                                                   Civil Action No. 1:23-cv-126-WES-PAS


RHODE ISLAND DEPARTMENT OF HUMAN SERVICES in its official capacity; MICHAEL
D. COLEMAN, DEBORAH A. BARCLAY in their individual and official capacities;
RHODE ISLAND OFFICE OF CHILD SUPPORT SERVICES in its official capacity; KEVIN
TIGHE, MONIQUE BONIN, FRANK DIBIASE, WENDY FOBERT, KARLA
CABALLEROS, TIMOTHY FLYNN, LISA PINSONNEAULT, CARL BEAUREGARD,
PRISCILLA GLUCKSMAN, JOHN LANGLOIS, PAUL GOULD, in their individual and
official capacities; RHODE ISLAND STATE COURT SYSTEM in its official capacity; PAUL
A. SUTTELL in his individual and official capacity as EXECUTIVE HEAD OF RHODE
ISLAND STATE COURT SYSTEM; RHODE ISLAND ADMINISTRATIVE OFFICE OF
STATE COURTS in its official capacity; RHODE ISLAND ADMINISTRATIVE OFFICE OF
THE SUPERIOR COURT in its official capacity; RHODE ISLAND JUDICIAL COUNCIL in
its official capacity; RHODE ISLAND SUPERIOR COURT in its official capacity; RHODE
ISLAND SUPERIOR COURT JUDICIAL COUNCIL in its official capacity; THE JUDICIAL
TECHNOLOGY CENTER in its official capacity; JULIE HAMIL, MARISA BROWN, JOHN
JOSEPH BAXTER, JR., JUSTIN CORREA in their individual and official capacities; RHODE
ISLAND OFFICE OF THE ATTORNEY GENERAL in its official capacity; RHODE ISLAND
OFFICE OF THE ATTORNEY GENERAL OPEN GOVERNMENT UNIT in its official
capacity; ADAM D. ROACH, PETER NERONHA in their official and individual capacities;
TYLER TECHNOLOGIES, INC.; GERO MEYERSIEK

*Defendants*

## <u>MARY SEGUIN'S DECLARATION IN SUPPORT OF PLAINTIFF'S RULE 60(b)</u><br><u>MOTION</u>


     I, MARY SEGUIN, hereby declare under penalty of perjury, pursuant to 28 U.S.C. sec.
1746(2) that the following statements are true and correct:

1.   That I am the Plaintiff, Pro Se, in the above captioned matter.

2.   That I exercised, am exercising and continue to exercise my statutory right to appear
     pro se party in the above captioned civil matter in federal court by statute 28 U.S.C.
     sec. 1654.

3. That in state proceedings in Rhode Island, I am required to comply with Rhode Island Article X. Rules Governing Electronic Filing, Rule 2. Official Court Record, (a) Official Court Record. "Upon the implementation of the Electronic Filing System ("EFS") in each court, all documents shall be filed electronically and shall be the official court record."

4. That the state proceedings in which I am a party are public and are not about child custody nor involve a minor.

5. That the **Rhode Island Family Court**, through its adoption and promulgation of **Administrative Order 2021-01 A2)** mandated that all child support interest matters shall be heard remotely via WebEx.  Further, **Administrative Order 2021-01 B1)** mandated that all non-emergency filings shall be filed using the electronic filing system in accordance with the Family Court Rules of Domestic Relations Procedure, which is the **Odyssey system**.

6. That the **"RHODE ISLAND JUDICIARY RULES OF PRACTICE GOVERNING PUBLIC ACCESS TO ELECTRONIC CASE INFORMATION, Rule 5. Access to Case Information, (c) Remote Access to Case Information. (1) Policy. To allow <u>limited</u> Remote Access to the Database through the Public Portal.  Non-public case types shall not be remotely accessible except for certain case types to attorneys who have entered an appearance in a case.  (2) Content. (a) The Public, Self-represented Litigants and Parties. The Public, self-represented litigants, and parties shall have Remote Access to the register of actions or Docket but shall <u>not</u> have Remote Access to other Electronic Case Information"** bar, deny, violate, abridge, infringe and interfere with Pro Se Litigants' and the Public's fundamental rights to access public court records and Pro Se Litigants' fundamental right to meaningful access to the courts.  See "<u>**RHODE ISLAND JUDICIARY RULES OF PRACTICE GOVERNING PUBLIC ACCESS TO ELECTRONIC CASE INFORMATION**</u>"  **Rule 5(c)(2)(a)** "<u>**The Public, Self-represented Litigants and Parties. The Public, self-represented litigants, and parties shall have Remote Access to the register of actions or Docket but shall not have Remote Access to other Electronic Case Information.**</u>" See also "<u>**RHODE ISLAND JUDICIARY, Access to Case Information, 2. Remote Access to Case Information A. The Public, Self-represented Litigants, and Parties to a Case, The public, self-represented litigants, and parties in a case shall have remote access to the register of actions or docket but shall not have remote access to other electronic case information**</u>."

7. That I, the Plaintiff, learned and verified on July 10, 2023 directly from the Rhode Island Judiciary itself through numerous (14) correspondences with the Rhode Island Judiciary from June 10, 2023 to July 10, 2023, pursuant to my RI Access to Public Records Act ("APRA") request for public records from the Rhode Island Judiciary, that as a matter of State policy, State Court Rule, and Judiciary Rule, in  the digital courts implemented by the Rhode Island Judiciary, the State Court, the Rhode Island

Judiciary deny remote digital access of the Rhode Island Judiciary's monopolized publication of court and judicial records using the digital tool maintained and published by Tyler Technologies, Odyssey, including judge-created, judge-authored court decisions arising from state proceedings in the State's digital electronic courts, and digital court transcripts ordered by and paid by pro-se litigants that are published by the Judiciary digitally on Tyer Technologies' Odyssey are also denied access to the Public, pro-se litigants, and parties to the litigation (who are represented by counsel). The Rhode Island State Court only grants remote access to digital court and judicial records created by judges produced in digital courts to Rhode Island attorneys and state and federal agencies that are approved by the Rhode Island Judiciary's monopoly. On this matter, I corresponded in writing fourteen (14) APRA correspondence emails with Mr. Justin Correa, Esq. and Ms. Alexandra Kriss of the Rhode Island Judiciary from June 10, 2023 to July 10, 2023.

8. That the State Defendants in this matter electronically file all notices using another electronic filing system that is even separate and different from the EFS (Odyssey).

9. That the State Defendants' court electronic filings are not noticed to me in Texas.

10. That the State Defendants' court electronic filings are not visible to me on the Rhode Island courts' EFS.

11. That the State Defendants' court electronic filing court records cannot be accessed remotely by me, solely because I am a self-represented litigant.

12. That the State Defendants' court electronic filing court records cannot be accessed remotely by the public, by self-represented litigants, nor by parties to the case, but can be accessed remotely and instantly through the internet by attorneys in Rhode Island and state and federal agencies.

13. That the Rhode Island Court Clerks state to me over the phone that they are prohibited from reading the contents of the court records over the phone to me.

14. That the Rhode Island Court virtual clerks state to me over the phone that even they are unable to see or access the court record information of filings by the State Defendants from the virtual clerks' access portals.

15. That the Rhode Island Electronic Filing System, case management system, rules and practices outright and unconstitutionally restrict and deny access to the court to three classes: (1) the public; (2) pro-se litigants; (3) parties to the case (who are represented by counsel), and is obviously outright reserved for only the government and Rhode Island attorneys.

16. That the State Defendants have full knowledge of the egregious due process violations of the Rhode Island state court EFS.

17. That the State Defendants have full knowledge of the egregious due process violations of the Rhode Island state court EFS system/architecture/rules/practices, and

withdrew from my-initiated RI EOHHS agency appeal in 2022 in a scheme to procure a favorable judgment in a state proceeding that deny my federal constitutional and due process rights in Texas.

18. That the State Defendants have full knowledge of the egregious due process violations of the Rhode Island state court EFS system/architecture/rules/practices, and initiated the family court state proceeding on January 31, 2023 before the Covid Emergency Declaration was lifted.

19. That the State Defendants have full knowledge of the egregious due process violations of the Rhode Island state court EFS system/architecture/rules/practices that appear to **only allow remote, instant and full court access to a restricted club of R.I. lawyers and the government**, pose unconstitutional and undue burden on me, a citizen of Texas over 2,500 miles away.

20. That the State Defendant have full knowledge of the egregiously unfair due process violations of the Rhode Island state court EFS system/architecture/rules/practices that deny me access to the required **electronic court transcripts** prepared by the court reporter and electronically filed in the state EFS that **I ordered and paid for** for appeal, but the State Defendants have instant remote access by state court design.

21. That the State Defendants have full knowledge of the above unconstitutional restriction on access to court records and information to the public and non-lawyers is deliberate, by design and calculated to be unfair, violating constitutional guarantees of full and fair opportunity to raise claims in state proceedings.

22. That the above-raised unconstitutional restrictions are not exhaustive.

23. That my federal monetary damages claims on the unconstitutionality of the Rhode Island state court rules, practices and proceedings that violate the government edict doctrine and violate the pro-se litigants', such as my-self, federal constitutional rights: (1) federal constitutional right of equal access to the courts, (2) federal constitutional right to equal access to court records to receive information on the contents of all electronically filed notices, pleadings, court decisions, and transcripts that I myself ordered and paid for for appeal that are required to be electronically filed by state court rules and practices, (3) federal constitutional due process right and equal right to be given equal and timely notice of electronic filings and entries by the courts (including court decisions, court orders, court judgments, full docket entries, etc.) that the Rhode Island Judiciary deliberately deny by category all pro-se litigants access to court information, namely the contents of judicial/court records of cases to which I am the self-represented party, (4) federal constitutional due process right to be heard (Rhode Island Superior Court threatens me, the Texas pro-se plaintiff, with denial of my request to conduct WebEx hearings for the purpose of denying the Texas pro-se litigant access to the court and to be heard), (5) federal constitutional due process right to decision by a neutral decision-maker (the court that denies pro-se litigant

access to the court and the corollary opportunity to be heard fails the neutral decision-maker test). This list is not exhaustive.

24. That I seek to sue in federal court the State Defendants and add additional defendants.

25. I am an out-of-state diversity and a pro-se litigant in two state proceedings in Rhode Island, and have been unconstitutionally singled out by the State Judiciary, by category "self-represented litigant," to be barred from accessing electronic case information authored by judges and which the Judiciary has a monopoly in the publication of the judge-created laws in which state court cases I am the pro-se party, and therefore have standing to raise claims against this unconstitutional state practice and unconstitutional state court practice and rules. I understand the Rhode Island Judiciary's monopoly in the digital publication of judge-created laws in the Judiciary' implemented digital/electronic courts and the Judiciary's denial to the Public and to me from accessing the monopolized electronic publication of the judge-created laws in the court records violate the government edict doctrine.

26. Additionally, my fundamental First and Fourteenth Amendment constitutional right and common law right to equal, meaningful, and timely access to judicial records and public court records in litigation, given timely notice, adequate opportunity to be heard and to decision by a neutral decision-maker are fundamental First and Fourth Amendment and Fourteenth Amendment rights. Critically, the unconstitutional abridgement, infringement, and denial of judicial and court records to out-of-state pro-se litigants by the Rhode Island State Courts, Rhode Island State Judiciary and the Rhode Island Superior Court Bench Bar Committee directly relate to Younger Abstention Exception.

27. The State Defendants deliberately file all the State's pleadings outside of the State's electronic filing system, "Odyssey," and deliberately use a wholly different un-named electronic filing system, different and separate from that ("Odyssey") provided for pro-se litigants, so that pro-se litigants do not receive any requisite automated electronic notices of court motions or pleadings the State Defendants file electronically, nor are pro se litigants able to electronically access the content information of the State Defendants' electronically-filed pleadings. The only way the pro se litigant, such as me, the Texas Plaintiff, can access the court record is to personally go over 2,500 miles away to the courthouse in Rhode Island to access the court pleading information, or get a "courtesy notice" via email or get a "courtesy notice" through U.S. Mail sent by the State Defendants at whim. The State Defendants deliberately fail to send the notices electronically or by U.S. Mail, and the state courts deliberately promulgated court rules disallowing the public, pro-se litigants and even the parties who are represented by lawyers, remote access to court records, and critically, deny access to crucial court decisions, judgments and orders of public cases, as well as deny remote access to the transcripts ordered by pro-se litigants for appeal. Critically, the State court's abridgment and denial of access to court documents to the pro se litigant and the general public result in the

unconstitutional abridgment and denial of equal, timely and meaningful access to court complaints, decisions, judgments and orders. What is truly shocking is that the Rhode Island Judiciary even denies and/or bars pro-se litigants remote access of court transcripts that were ordered by pro-se litigants for appeal.

28. Thirdly, the Texas Pro-Se Plaintiff discovered and verified the fact, on or about July 7, 2023, that the Rhode Island Judiciary, using the aforesaid state court rule barring, by category, pro-se litigants from accessing court case information remotely, bars the Plaintiff by category ("self-represented litigant") from accessing state court proceeding transcripts that the Texas Plaintiff ordered and paid for, for appeal. In other words, the RI Supreme Court Clerk stated to the Texas Plaintiff that the Plaintiff, in Texas, is unconstitutionally barred from remotely accessing the transcripts of court proceedings that she ordered and paid for in her appeal to the RI Supreme Court in the Plaintiff-initiated APRA action **Seguin v. RI Office of Child Support Services, PC-22-07215**, and yet the State Defendants are inequitably granted instant and free remote access to those very transcripts that the Texas Plaintiff ordered and paid for, for appeal. The federal Texas Plaintiff respectfully requests this Court the extension of time to present the new evidence and plead the verified facts.

29. Fourthly, the Texas Plaintiff discovered and verified the fact, on or about July 11, 2023, that, despite the Texas Plaintiff's several phone inquiries to the RI Superior Court in the past several weeks regarding the status of the appeal, the RI Superior Court, for undisclosed reasons, failed and continue to fail to relinquish jurisdiction and transfer the court case file of **Seguin v. RI Office of Child Support Services, PC-22-07215** to the RI Supreme Court within the requisite 60 days after Plaintiff's filing of Notice of Appeal on April 3, 2023, as required by the RI Supreme Court rules and procedures. At the same time, the Texas Plaintiff verified the fact that the Plaintiff-ordered transcripts of the state proceedings in the Federal Plaintiff-initiated state APRA action **Seguin v. RI Office of Child Support Services, PC-22-07215** show the RI Superior Court further unconstitutionally sought to deny the Texas Plaintiff access to the state court and opportunity to be heard by outright threatening the Plaintiff in open court that the Judge, David Cruise, during the hearing of March 24, 2023 in that matter, shall use the state court's discretionary power in the future to deny all of the Texas pro-se Plaintiff's petitions for remote WebEx hearings to effectively deny her access to the state superior court. The state court that denies court access and the opportunity to be heard fails the neutral-decision-maker test required under the Fourteenth Amendment. I now specifically request further the Court to judicially notice that this court access denial and denial to be heard occurred on March 24, 2023, PRIOR to President Biden's lifting of the COVID-19 National Health Emergency Declaration. I, the Texas Plaintiff, aver this is a direct contributory reason for the RI Superior Court's failure to transfer the case file to the Supreme Court within 60 days (by June 3, 2023) of the Plaintiff's filing of Notice of Appeal on April 3, 2023 in **Seguin v. RI Office of Child Support Services, PC-22-07215**.

30. Fifthly, the Plaintiff presents to this Court and respectfully requests the Court to take judicial notice of the undisputed fact of the court rule-making process in Rhode Island. The 1966 Rules were promulgated by the justices of the superior court pursuant to section 8-6-2 of the General Laws of Rhode Island. This enabling act departed from the Federal Rules Enabling Act and most state enabling legislation conferring rule-making power on the supreme courts of the respective governments. The Rhode Island Enabling Act was adopted in 1940, 1940 R.I. Pub. Laws ch. 943, sec. 1. It conferred the power on the justices of the superior court and the 1966 reform was the product of that court. In 1969 an amendment to section 8-6-2 made the Rules thereafter adopted by the trial courts subject to the approval of the Supreme Court. 1969 R.I. Pub. Laws ch. 239, sec 2. Therefore, all public records relating to the adoption and promulgation of the "RHODE ISLAND JUDICIARY RULES OF PRACTICE GOVERNING PUBLIC ACCESS TO ELECTRONIC CASE INFORMATION" are "made in the course of, made or received pursuant to law or ordinance or in connection with the transaction of official business by any agency, ""agency" or "public body" means any executive, legislative, judicial, regulatory, or administrative body of the state, or any political subdivision thereof" as per R.I. Gen. Laws § 38-2-2, a.k.a. RI Access to Public Records Act ("APRA"). Even though the Rhode Island Enabling Act conferred the power on the judiciary public body to promulgate and adopt court rules, a.k.a. rule-making process, the Rhode Island Judiciary, pursuant to the Plaintiff's APRA request for public records, denied the Plaintiff's APRA request within the 10 business day period, as well as denies it possesses public records, as defined by APRA, relating to the rule-making process by the judiciary of the "RHODE ISLAND JUDICIARY RULES OF PRACTICE GOVERNING PUBLIC ACCESS TO ELECTRONIC CASE INFORMATION," including denying possession of public records that show the intent of the rule-makers to promulgate and adopt court rules denying fundamental right of public access to electronic case information remotely to the public, to self-represented litigants, and to parties to a case. **See Exhibit D** fourteen (14) APRA correspondence emails between the Plaintiff and/with Mr. Justin Correa, Esq. and Ms. Alexandra Kriss of the Rhode Island Judiciary from June 10, 2023 to July 10, 2023. The Texas pro-se Plaintiff respectfully requests the extension of time to present the new evidence and plead the newly verified facts and claims, and amend the complaint, which is further in the interest of judicial economy. The Plaintiff further seeks to appeal and file her claim against the implausible denial by the RI Judiciary, which is conferred by the Rhode Island Enabling Act to make rules of the court, that it possesses public records relating to the "RHODE ISLAND JUDICIARY RULES OF PRACTICE GOVERNING PUBLIC ACCESS TO ELECTRONIC CASE INFORMATION," that the judiciary, conferred power by the Rhode Island Enabling Act, "made in the course of, made or received pursuant to law or ordinance or in connection with the transaction of official business by any agency, ""agency" or "public body" means any executive, legislative, judicial, regulatory, or administrative body of the state, or any political subdivision thereof" as per R.I. Gen. Laws § 38-2-2, a.k.a. RI Access to

Public Records Act ("APRA").  Because the RI Superior Court clearly ruled in
**Seguin v. RI Office of Child Support Services, PC-22-07215** that it lacked subject
matter jurisdiction to hear my/the Texas Plaintiff's APRA-related claims, I, the Texas
Plaintiff, now exercise my statutory and constitutional rights to petition this Federal
Court, invoking 28 U.S.C. § 1343(a)(3) (civil rights) and 28 U.S.C. § 1367 that
provides supplemental jurisdiction over the state law tort claims that arose from the
same common nuclei of facts, invoking  28 U.S.C. § 1331 (federal question), and
invoking 42 U.S.C. § 1983 for violations of civil rights under the First, Fourth and
Fourteenth Amendments to the United States Constitution.  I, the Plaintiff,
respectfully request this Court for the extension of time to file my claims.

31. Plaintiff discovered on October 6, 2023 that the Rhode Island Judiciary and
    Government Defendants are former clients of Judge Smith, a partner in his former
    firm, Edwards & Angell.

32. Plaintiff discovered on November 9, 2023 that the Rhode Isand Judiciary and
    Government Defendants are current clients of the firm Edwards & Angell, the former
    firm of Judge Smith, a partner in the firm.

33. A plain reading of 28 U.S.C. sec. 455 makes clear that Judge Smith is disqualified
    from this case, and a plain reading of case law makes clear that 28 U.S.C. sec. 455 is
    self-executing, without necessitating any party's request.


Respectfully submitted,

Date: November 16, 2023

MARY SEGUIN

*Mary Seguin*

Mary Seguin

P.O. Box 22022

Houston, TX 77019

maryseguin22022@gmail.com

## Meghan Kenny

| | |
|---|---|
| **From:** | Mary Seguin <maryseguin22022@gmail.com> |
| **Sent:** | Friday, November 17, 2023 3:21 PM |
| **To:** | RID_ECF_INTAKE |
| **Subject:** | URGENT - TIME SENSITIVE - FILE TODAY NOTICE OF APPEAL in Seguin v. Ri Dept of Human Services et al, Civil Action No. 1:23-cv-126-WES-PAS |
| **Attachments:** | CA 126 Notice of Appeal 111723.pdf |
| | |
| **Categories:** | Being Worked On MK |

<mark>**CAUTION - EXTERNAL:**</mark>

Dear Clerks of the Court,

I spoke with Clerk Meghan today regarding an update on the docketing of my motions and filing a Notice of Appeal in the above captioned matter, Seguin v. Ri Dept of Human Services et al, Civil Action No. 1:23-cv-126-WES-PAS.

Following our discussion, I emailed and filed today at 3:10 PM Eastern Time to the Clerk of the Court and respectfully requested the Clerk of the Court to docket today my Rule 60(b)(1) Motion, dated November 17, 2023, that is time-sensitive, per my email below.

**Please make sure that my previously filed Rule 60(b)(1) Motion referred in my below email is docketed as ECF 32.**

Please make sure that the law is followed so that my attached Rule 60(b)(1) Motion is NOT forwarded to Chambers prior to docketing. I am NOT requesting the Court leave to file, since it is my right to file the attached Rule 60(b)(1) Motion. No Chamber interference should be taking place to prevent the docketing of my attached Rule 60(b)(1) Motion.

Additionally, subsequent to my filing of the aforementioned Rule 60(b)(1) Motion referenced in my email below that I had requested be docketed as ECF 32, I am herewith filing my attached **Notice of Appeal** in the above captioned matter, Seguin v. Ri Dept of Human Services et al, Civil Action No. 1:23-cv-126-WES-PAS.

**Please make sure that my Notice of Appeal filed herewith that is attached to this email is docketed today as ECF 33.**

Please make sure that the law is followed so that my attached Notice of Appeal docketed immediately upon receipt and is NOT forwarded to Chambers prior to docketing. I am NOT requesting the Court leave to file, since it is my right to file the attached Notice of Appeal. No Chamber interference should be taking place to prevent the docketing of my attached Notice of Appeal.

Thank you for your assistance.

Respectfully Submitted,
Mary Seguin
Houston, Texas

---------- Forwarded message ---------
From: **Mary Seguin <maryseguin22022@gmail.com>**
Date: Fri, Nov 17, 2023 at 2:10 PM
Subject: URGENT - TIME SENSITIVE - FILE TODAY RULE 60(b)(1) MOTION in Seguin v. Ri Dept of Human Services et al, Civil

Action No. 1:23-cv-126-WES-PAS
To: RID_ECF_INTAKE <RID_ECF_INTAKE@rid.uscourts.gov>


Dear Clerks of the Court,

I spoke with Clerk Meghan today regarding an update on the docketing of my motions.

Following our discussion, I respectfully request the Clerk of the Court to docket today my attached Rule 60(b)(1) Motion, dated November 17, 2023, that is time-sensitive.

**Please make sure that my attached Rule 60(b)(1) Motion is docketed as ECF 32.**

Please make sure that the law is followed that my attached Rule 60(b)(1) Motion is NOT forwarded to Chambers prior to docketing.  I am NOT requesting the Court leave to file, since it is my right to file the attached Rule 60(b)(1) Motion.  No Chamber interference should be taking place to prevent the docketing of my attached Rule 60(b)(1) Motion.

Thank you for your assistance.

Respectfully Submitted,
Mary Seguin
Houston, Texas

---------- Forwarded message ---------
From: **Mary Seguin** <maryseguin22022@gmail.com>
Date: Fri, Nov 17, 2023 at 12:33 PM
Subject: Fwd: URGENT - TIME SENSITIVE - FILE TODAY RULE 59 MOTION in Seguin v. Ri Dept of Human Services et al, Civil Action No. 1:23-cv-126-WES-PAS
To: RID_ECF_INTAKE <RID_ECF_INTAKE@rid.uscourts.gov>


Dear Clerks of the Court,

I am respectfully following up on my Rule 59 Motion filing.

Yesterday, November 16, 2023, at 1:31 PM Central Time, I filed via email below, my Rule 59 Motion in the above captioned matter, Seguin v. Ri Dept of Human Services et al, Civil Action No. 1:23-cv-126-WES-PAS.  As indicated in my email below, I emphasized that docketing the Rule 59 Motion on November 16, 2023 is urgent, to comply with the 28 day filing post-judgment deadline, which my filing meets - November 16, 2023 is within the 28 day deadline of Fed. R. of Civ. P. 59 that tolls the time for filing an appeal.

I followed up with telephone calls to the Clerk's Office at 1:32 PM Central Time, and at 3:42 PM Central Time to request timely docket of my Rule 59 Motion, and the Clerk's Office assured me each time that a deputy clerk is working on it and that it will be docketed on the day it was received and that the docket will reflect the email date stamp of the day the Rule 59 Motion is received by email.  Further, I was told that **all filings** I email to the Clerk's Office will be docketed and considered by the Court as having been filed on the day that the motion was emailed to the Clerk's Office.

Therefore, my Rule 59 Motion emailed on November 16, 2023 should be accordingly docketed as **ECF 32** with the **entry of/stating filing on November 16, 2023**, in the above captioned matter, Seguin v. Ri Dept of Human Services et al, Civil Action No. 1:23-cv-126-WES-PAS.

However, as of this time, on November 17, 2023 almost 24 hours later, my Rule 59 Motion is still not docketed.

2

I would like to respectfully clarify that the Text Order dated October 19, 2023 in this matter states that only my electronic filing privilege was revoked, but there is **no** order requiring that I need to file for leave of Court to file any post-judgment motions, such as my Rule 59 Motion.

Today, November 17, 2023, I telephoned the Clerk's Office first thing at 8:00 AM Central Time, and spoke with Clerk Meghan, who informed me that yesterday she had forwarded my Rule 59 Motion to Chambers upon receipt, but has yet to hear back from Chambers, but did not know what was causing the hold up when I asked why Chambers' response is taking almost 24 hours which impacts the docketing date of the Rule 59 Motion.  I expressed my concern of the Rule 59 deadline, emphasizing that it tolls the time for filing an appeal, therefore I respectfully requested that the docket accurately reflects my timely filing of my Rule 59 Motion on November 16, 2023 (at 1:31 PM Central Time).

Additionally, I informed Clerk Meghan that I relied on the Clerk's Office's information provided above, and I had also filed a timely **Rule 60** Motion yesterday, **November 16, 2023**, at **4:39 PM Central Time**, similarly requesting docketing to reflect it was timely filed via email to on November 16, 2023.  I emphasized to Clerk Meghan that timeliness is critical, as Rule 60 Motion filed within 28 days post-judgment tolls the time for filing an appeal.  Clerk Meghan told me that my Rule 60 Motion was forwarded to Chambers as well.  According to the Clerk's Office's information, my **Rule 60 Motion** needs to be docketed/filed as **ECF 33, dated stamped filed on November 16, 2023**.

Due to the above information regarding the processing of my post-judgment motions, I expressed to Clerk Megghan my concern regarding the Court's procedure of forwarding my time-sensitive post-judgment motions to Chambers without docketing/filing, and then those time-sensitive motions seemingly to languish in Chambers past the date of the 28-day deadline stipulated by Rule 59, and Rule 60 as they relate to tolling the time for filing an appeal.  I expressed my explicit concern that I seek to preserve my right of appeal, and that I respectfully seek to preserve on the record the issues contained in my Rule 59 and Rule 60 Motions that are currently before Chambers, without docketing, by law within the jurisdiction of the U.S. District Court of Rhode Island.  My Rule 59 and Rule 60 Motions are not ex-parte or emergency motions.

Moreover, I expressed to Clerk Meghan my concern that the processing of my post-judgment motions forwarded to Chambers and seemingly pending before Chambers without the motions being docketed, impacts my right of appeal 30-days post judgment, and today, Friday, is Day 29.  I told the Clerk that under the circumstances in this matter, I seek to preserve for appeal the issues raised in my timely filed Rule 59 Motion and Rule 60 Motion, and that I seek to preserve my right to appeal within the 30-day postjudgment period.

I also discussed with the Clerk that my timely filed but undocketed Rule 59 Motion and Rule 60 Motion that were forwarded to and currently before Chambers cause an uncertain effect, impacting the date of my filing of Notice of Appeal, the deadline of which is November 18, 2023, a Saturday.   Based on the current facts and issues regarding simply docketing my filings on the record, I am concerned my rights of access to the Courts are impacted, and that my Notice of Appeal may also languish I do not believe any pro se litigant should be made to be uncertain of the timeliness of filing a Notice of Appeal as a matter of right that is caused by inaction by Chambers on timely-filed Rule 59 and Rule 60 Motions that toll the time to file an appeal. I explicitly expressed my concern on the effect on my access to the Courts.

I respectfully request that this email communication regarding the filing/docketing of my Rule 59 Motion be docketed to accurately reflect the record on appeal along with the Rule 59 Motion at the time the Rule 59 Motion is docketed by the Clerk.

Thank you in advance for you assistance.

Respectfully submitted,
Mary Seguin

3

---------- Forwarded message ---------
From: **Mary Seguin** <maryseguin22022@gmail.com>
Date: Thu, Nov 16, 2023 at 1:31 PM
Subject: URGENT - TIME SENSITIVE - FILE TODAY RULE 59 MOTION in Seguin v. Ri Dept of Human Services et al, Civil Action No. 1:23-cv-126-WES-PAS
To: RID_ECF_INTAKE <RID_ECF_INTAKE@rid.uscourts.gov>


Dear Clerk of the Court,

Kindly urgently file today, November 16, 2023, my attached Rule 59 Motion in the above captioned case, Seguin v. Ri Dept of Human Services et al, Civil Action No. 1:23-cv-126-WES-PAS.

Because this Rule 59 Motion is time sensitive, kindly make sure that it is filed and docketed today, November 16, 2023. I do not have access to electronic filing, it appears.

Thank you in advance for your assistance.

Respectfully Submitted,
Mary Seguin
PO Box 22022
Houston, TX  77019
(281) 244-2016

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

Entity ID: 662563048

Date Filed: 12/29/2024

Page 149

Document: 00118114505

Case: 23-1967

From: Mary Seguin
Houston, TX  77019
Email: maryseguin22022@gmail.com
(281) 744-2016

To: Clerk, U.S. District Court of Rhode Island
One Exchange Terrace
Federal Building and Courthouse
Providence, RI 02903
Clerk's Office: (401) 752-7200

December 7, 2023

RE: Docket Fee in the amount of $505.00 for **First Circuit Appeals case No. 23-1967**
District Court Case Number 1:23-cv-126-WES-PAS

Dear Clerk of the District Court of the District of Rhode Island:

Per instructions by the Clerk of the Court of the U.S. District Court of Rhode Island, I respectfully submit the enclosed money order in the amount of $505.00 for the docketing fee and the filing fee for **Appellate Case Number No. 23-1967**, district court case number  1:23-cv-126-WES-PAS.  The notice of appeal was filed on November 17, 2023, supplemental appeal of the text order dated November 20, 2023 also on November 20, 2023.

I enclose herewith the following:

(1)  $505.00 docket fee and filing fee (Money Order made to Clerk, U.S. District Court)

If you have any questions, please contact me at (281) 744-2016 or maryseguin22022@gmail.com

Thank you in advance for your assistance.

Respectfully submitted,

*Mary Seguin*

Mary Seguin

RECEIVED

DEC 14 2023

U.S. DISTRICT COURT
DISTRICT OF R.I.

RECEIVED

DEC 14 2023

U.S. DISTRICT
R.I.

CLERK, US. DISTRICT COURT OF RHODE ISLAND
ONE EXCHANGE TERRACE
PROVIDENCE, RI 02903





Exhibit B



**Mary Seguin <maryseguin22022@gmail.com>**

---

## Activity in Case 1:23-cv-00126-WES-PAS Seguin v. Rhode Island Department of Human Services et al Order

---

**cmecf@rid.uscourts.gov** <cmecf@rid.uscourts.gov>
To: cmecfnef@rid.uscourts.gov

Fri, Nov 17, 2023 at 12:26 PM

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

### U.S. District Court

### District of Rhode Island

### Notice of Electronic Filing

The following transaction was entered on 11/17/2023 at 1:26 PM EST and filed on 11/17/2023
**Case Name:**        Seguin v. Rhode Island Department of Human Services et al
**Case Number:**      1:23-cv-00126-WES-PAS
**Filer:**
**WARNING: CASE CLOSED on 10/19/2023**
**Document Number:** No document attached

**Docket Text:**
**EXT ORDER: The Court is in receipt of Plaintiff's two recent emails to the Clerk's Office. The Court construes these emails as motions for leave to file the motions attached to those emails and denies leave to file for the reasons given in its earlier text orders. So Ordered by District Judge William E. Smith on 11/17/2023. (Urizandi, Nissheneyra)**


**1:23-cv-00126-WES-PAS Notice has been electronically mailed to:**

Joanna M. Achille &nbsp &nbsp jachille@burnslev.com

Marissa D. Pizana &nbsp &nbsp mpizana@riag.ri.gov, ddiaz@riag.ri.gov

Mary Seguin &nbsp &nbsp maryseguin22022@gmail.com

**1:23-cv-00126-WES-PAS Notice has been delivered by other means to:**

 Gmail

**Mary Seguin <maryseguin22022@gmail.com>**

---

## Activity in Case 1:23-cv-00126-WES-PAS Seguin v. Rhode Island Department of Human Services et al Order

---

**cmecf@rid.uscourts.gov** <cmecf@rid.uscourts.gov>
To: cmecfnef@rid.uscourts.gov

Fri, Nov 17, 2023 at 2:39 PM

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

**U.S. District Court**

**District of Rhode Island**

### Notice of Electronic Filing

The following transaction was entered on 11/17/2023 at 3:39 PM EST and filed on 11/17/2023
**Case Name:**         Seguin v. Rhode Island Department of Human Services et al
**Case Number:**      1:23-cv-00126-WES-PAS
**Filer:**
**WARNING: CASE CLOSED on 10/19/2023**
**Document Number:** No document attached

**Docket Text:**
**TEXT ORDER: The Court is in receipt of Plaintiff's email to the Clerk's Office this afternoon. As with its order issued earlier today, the Court construes this email as a motion for leave to file the motion attached to the email and denies leave to file for the reasons given in its earlier text orders. So Ordered by District Judge William E. Smith on 11/17/2023. (Urizandi, Nissheneyra)**


**1:23-cv-00126-WES-PAS Notice has been electronically mailed to:**

Joanna M. Achille &nbsp &nbsp jachille@burnslev.com

Marissa D. Pizana &nbsp &nbsp mpizana@riag.ri.gov, ddiaz@riag.ri.gov

Mary Seguin &nbsp &nbsp maryseguin22022@gmail.com
[Quoted text hidden]

Exhibit C

 Gmail

**Mary Seguin <maryseguin22022@gmail.com>**

---

## Activity in Case 1:23-cv-00126-WES-PAS Seguin v. Rhode Island Department of Human Services et al

---

**cmecf@rid.uscourts.gov** <cmecf@rid.uscourts.gov>
To: cmecfnef@rid.uscourts.gov

Fri, Nov 17, 2023 at 2:53 PM

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

**U.S. District Court**

**District of Rhode Island**

### Notice of Electronic Filing

The following transaction was entered on 11/17/2023 at 3:53 PM EST and filed on 11/17/2023
**Case Name:**        Seguin v. Rhode Island Department of Human Services et al
**Case Number:**     1:23-cv-00126-WES-PAS
**Filer:**              Mary Seguin
**WARNING: CASE CLOSED on 10/19/2023**
**Document Number:** 32

**Docket Text:**
**NOTICE OF APPEAL by Mary Seguin as to Text Order, Text Order,**

**NOTICE TO COUNSEL: Counsel should register for a First Circuit CM/ECF Appellate Filer Account at http://pacer.psc.uscourts.gov/cmecf/. Counsel should also review the First Circuit requirements for electronic filing by visiting the CM/ECF Information section at http://www.ca1.uscourts.gov/cmecf**

**Appeal Record due by 11/24/2023. (Attachments: # (1) Envelope)(Kenny, Meghan)**

**1:23-cv-00126-WES-PAS Notice has been electronically mailed to:**

Joanna M. Achille &nbsp &nbsp jachille@burnslev.com

Marissa D. Pizana &nbsp &nbsp mpizana@riag.ri.gov, ddiaz@riag.ri.gov

Mary Seguin &nbsp &nbsp maryseguin22022@gmail.com

**1:23-cv-00126-WES-PAS Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1096917572 [Date=11/17/2023] [FileNumber=1900856-0] [402164ca1bd60e11a1fb52e10d864265f87affb0ee5b5106ec76240c54ed8fae9a4432b3491a37af8dacbd3f6ce7fc2eac24d877ab96c2b31b428b3852f9b191]]

**Document description:**Envelope
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1096917572 [Date=11/17/2023] [FileNumber=1900856-
1] [46a83fff250cac6d22f79253fddcd65b5e8326ae439af3686cd07ec55c578dd5ac
a322074dabf92b190c35d42f17f2ecaf8db36b53cbb9fecda101607952bb50]]

Exhibit D

 Gmail

**Mary Seguin <maryseguin22022@gmail.com>**

---

## Activity in Case 1:23-cv-00126-WES-PAS Seguin v. Rhode Island Department of Human Services et al

---

**cmecf@rid.uscourts.gov** <cmecf@rid.uscourts.gov>
To: cmecfnef@rid.uscourts.gov

Fri, Nov 17, 2023 at 3:30 PM

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

**U.S. District Court**

**District of Rhode Island**

### Notice of Electronic Filing

The following transaction was entered on 11/17/2023 at 4:30 PM EST and filed on 11/17/2023
**Case Name:**    Seguin v. Rhode Island Department of Human Services et al
**Case Number:**    1:23-cv-00126-WES-PAS
**Filer:**
**WARNING: CASE CLOSED on 10/19/2023**
**Document Number:** 33

**Docket Text:**
**CLERK'S CERTIFICATE AND APPELLATE COVER SHEET: Abbreviated record on appeal consisting of notice of appeal, order(s) being appealed, and a certified copy of the district court docket report transmitted to the U.S. Court of Appeals for the First Circuit in accordance with 1st Cir. R. 11.0(b). [32] Notice of Appeal. Documents Sent: Text Order 11/17/2023, Text Order 11/17/2023. (Attachments: # (1) Record on Appeal)(Kenny, Meghan)**

**1:23-cv-00126-WES-PAS Notice has been electronically mailed to:**

Joanna M. Achille &nbsp &nbsp jachille@burnslev.com

Marissa D. Pizana &nbsp &nbsp mpizana@riag.ri.gov, ddiaz@riag.ri.gov

Mary Seguin &nbsp &nbsp maryseguin22022@gmail.com

**1:23-cv-00126-WES-PAS Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1096917572 [Date=11/17/2023] [FileNumber=1900911-0] [0e6932254d2060172641ab54d1d81a83bc83b81acbfae209d9e1bf4a82cda0a2a4 f423ea13d81405dedaee9579b0e86c6e5892e535a559b89e956efa77383876]]
**Document description:** Record on Appeal
**Original filename:**n/a
**Electronic document Stamp:**

[STAMP dcecfStamp_ID=1096917572 [Date=11/17/2023] [FileNumber=1900911-1] [4898f10f55535b097068a8d383ea4312c58156e6c8cf665b95822b14911ad04b40e236d833f121fd91d5c4ac700572afaf933edf1a0569c243ef46e8cb71901d]]