No. 23-1967

IN THE
UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT
UNITED STATES OF AMERICA,

Plaintiff-Appellant,

MARY SEGUIN

v.

RHODE ISLAND DEPARTMENT OF HUMAN SERVICES in its official capacity; MICHAEL D. COLEMAN, DEBORAH A. BARCLAY in their individual and official capacities; Rhode Island OFFICE OF Child Support Services in its official capacity; KEVIN TIGHE, MONIQUE BONIN, FRANK DIBIASE, WENDY FOBERT, KARLA CABALLEROS, TIMOTHY FLYNN, LISA PINSONNEAULT, CARL BEAUREGARD, PRISCILLA GLUCKSMAN, JOHN LANGLOIS, PAUL GOULD, in their individual and official capacities; RHODE ISLAND STATE COURT SYSTEM in its official capacity; PAUL A. SUTTELL in his individual and official capacity as EXECUTIVE HEAD OF RHODE ISLAND STATE COURT SYSTEM; RHODE ISLAND ADMINISTRATIVE OFFICE OF STATE COURTS in its official capacity; RHODE ISLAND ADMINISTRATIVE OFFICE OF THE SUPERIOR COURT in its official capacity; RHODE ISLAND JUDICIAL COUNCIL in its official capacity; RHODE ISLAND SUPERIOR COURT in its official capacity; RHODE ISLAND SUPERIOR COURT JUDICIAL COUNCIL in its official capacity; THE JUDICIAL TECHNOLOGY CENTER in its official capacity; JULIE HAMIL, MARISA BROWN, JOHN JOSEPH BAXTER, JR., JUSTIN CORREA in their individual and official capacities; RHODE ISLAND OFFICE OF THE ATTORNEY GENERAL in its official capacity; RHODE ISLAND OFFICE OF THE ATTORNEY GENERAL OPEN GOVERNMENT UNIT in its official capacity; ADAM D. ROACH, PETER NERONHA in their official and individual capacities; TYLER TECHNOLOGIES, INC.; GERO MEYERSIEK

Defendants-Appellees.

Appeal from the United States District Court

for the District of Rhode Island

———————————

**APPELLANT'S NOTICE INFORMING THE COURT OF APPELLANT'S INTENT TO FILE NOTICE OF APPEAL OR AMENDED NOTICE OF APPEAL**

and

**PLAINTIFF-APPELLANT'S NOTICE OF APPELLANT'S DISTRICT COURT FILINGS OF MOTIONS FOR EXTENSION OF TIME PURSUANT TO Fed. R. App. P. 4(a)(5)(A)(i) and Fed. R. App. P. 4(a)(5)(A)(ii) on MARCH 1, 2024 and on MARCH 7, 2024**

———————————

Pursuant to the Court's March 1, 2024 Court Order that states, "The appellant shall inform this court whether or not she intends to file a notice of appeal or amended notice of appeal from the district court's post-judgment order," (Case: 23-1967 Document: 00118115155 Page: 2 Date Filed: 03/01/2024 Entry ID: 6626341) Appellant, MARY SEGUIN, again respectfully serves NOTICE of, NOTICE INFORMING THE COURT Appellant "**intends to file a notice of appeal or amended notice of appeal**."

(Appellant had previously informed the Court of her "intent to file a notice of appeal or amended notice of appeal" on March 4, 2024 via Appellant's Notice to the Court of Appellant's timely March 1, 2024 filing of Appellant's Fed. R. App. P

4(a)(5) Motion for Extension of Time 29 days after the district court's February 1, 2024 post-judgment order). (*See, e.g.*, (Case: 23-1967 Document: 00118115266 Page: 2 Date Filed: 03/01/2024 Entry ID: 6626396) – "APPELLANT'S NOTICE OF PLAINTIFF-APPELLANT'S SUBMISSION/FILING MOTION FOR EXTENSION OF TIME PURSUANT TO Fed. R. App. P 4(a)(5)"); *See also, e.g.*, ECF 49.

## PLAIN READING OF THE TEXT OF Fed. R. App. P 4(a)(5)

**Fed. R. App. P 4(a)(5) Motion for Extension of Time** states as follows:

Fed. R. App. P 4(a)(5)(A)(i) states, "a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and"

Fed R. App. P 4(a)(5)(A)(ii) states, "regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause."

Fed. R. App. P 4(a)(5)(C) states, "No extension under this Rule 4(a)(5) may exceed 30 days after the prescribed time or 14 days after the date when the order granting the motion is entered, whichever is later."

Therefore, a plain textual reading of Fed. R. App. P 4(a)(5) Motion for Extension of Time makes clear that **good cause** is the standard of review to be applied by the district court of Appellant's Fed. R. App. P 4(a)(5) Motion for Extension of Time filed on Friday, March 1, 2024 that is 29 days from the district court February 1, 2024 order. Appellant **showed good cause** for a 30 day extension **based on the this Court's aforesaid March 1, 2024 Court Order** *that affects the Appellant's "intent to file a Notice of Appeal or an amended Notice of Appeal" and the preparation of the Notice of Appeal* – therefore pursuant to the appellate rule's prescribed **good cause showing**, Appellant requested the 30 days extension to adequately review and consider this Court's March 1, 2024 Court Order that affects Appellant's preparation of the Notice of Appeal. See this Court's 03/01/2024 Court Order (Case: 23-1967 Document: 00118115155 Page: 2 Date Filed: 03/01/2024 Entry ID: 6626341)

However, the district court did not review Appellant's timely 29 day Fed. R. App. P 4(a)(5) motion for extension of time applying the appellate rule's standard of good cause that is explicitly prescribed by Fed. R. App. P 4(a)(5)(A)(ii).

On March 7, 2024 the district court denied Appellant's timely 29 day Fed. R. App. P 4(a)(5) motion for extension of time showing good cause this Court's March 1, 2024 Court Order that affects Appellant's preparation of Appellant's Notice of Appeal.

Wrongly, the district court denied Appellant's timely 29 day Fed. R. App. P 4(a)(5) motion for extension of time filed on March 1, 2024 wrongly applying "excusable neglect" relying on "extraordinary circumstances."

Accordingly, Appellant filed with the district court clerk today, March 7, 2024, Appellant's motion for reconsideration and Appellant's Motion for Extension of Time pursuant to Fed. R. App. P 4(a)(5)(A)(i), Fed. R. App. P 4(a)(5)(A)(ii), and Fed. R. App. P 4(a)(5)(C) moving the district court to apply the good cause standard because Appellant already filed on March 1st Appellant's timely Fed. R. App. P 4(a)(5) Motion for Extension of time within **29 days**, that had **already shown good cause** that Appellant *required the 30 day extension to adequately review and consider this Appellate Court's March 1, 2024 Order that affects Appellant's preparation of Notice of Appeal*. For example, Paragraph one (1) of Appellant's March 1, 2024 FRAP 4(a)(5) Motion clearly states as good cause that "Plaintiff only received the Appellate Court March 1, 2024 Court Order on the afternoon of March 1, 2024, and has not had an adequate opportunity to adequately review, consider or respond." *See*, ECF 49, first paragraph.

Accordingly, Appellant respectfully gives this Court Notice of Appellant's filing in the United States District Court of the District of Rhode Island on March 7, 2024 of Appellant's Fed. R. App. P. 4(a)(5)(A)(ii) Motion for Extension of time to April 2, 2024, in which Appellant invokes Fed. R. App. P. 4(a)(5)(A)(i), Fed. R.

App. P. 4(a)(5)(A)(ii), Fed. R. App. P. 4(a)(5)(C), and in which Appellant moves the district court to properly apply the good cause standard pursuant to Appellant's timely March 1, 2024 Fed. R. App. P. 4(a)(5) motion for extension of time, in accordance with Fed. R. App. P. 4(a)(5)(A)(i), Fed. R. App. P. 4(a)(5)(A)(ii) and Fed. R. App. P. 4(a)(5)(C) . *See* **Exhibit A**.

## CONCLUSION

**WHEREFORE**, In compliance with the Court's March 1, 2024 Order in this matter, Appellant reiterates and reinforces Appellant's previous March 4, 2024 filing in this Court informing the Court that Appellant Intends to "file a notice of appeal or amended notice of appeal."

As a showing of Appellant's Intent to file a notice of appeal or amended notice of appeal, Appellant again respectfully Notices this Court of Appellant's March 7, 2024 filing in the district court of Appellant's **Fed. R. App. P. 4(a)(5)(A)(ii) Motion for Extension of time** to *April 2, 2024*, in which Appellant invokes **Fed. R. App. P. 4(a)(5)(A)(i)**, **Fed. R. App. P. 4(a)(5)(A)(ii)**, **Fed. R. App. P. 4(a)(5)(C)**, and in which Appellant moves the district court to properly apply the **good cause** **standard,** pursuant to Appellant's timely filed **March 1, 2024 Fed. R. App. P. 4(a)(5)** motion for extension of time that shows good cause of this Court's issuance of March 1, 2024 Order in order to adequately review and

consider the Order, since that Order affects Appellant's preparation of Notice of Appeal (*see* **ECF 49**), in accordance with **Fed. R. App. P. 4(a)(5)(A)(i)**, **Fed. R. App. P. 4(a)(5)(A)(ii)** and **Fed. R. App. P. 4(a)(5)(C)**. *See Appellant's March 7, 2024 district court motion attached in* <u>**Exhibit A**</u>. **This Court's March 1, 2024 Order is (with emphasis) attached to Appellant's district court motion, in aid of the court.**

Respectfully submitted,

Mary Seguin
Pro Se
/s/    *Mary Seguin*

Email: maryseguin22022@gmail.com
Phone: (281)744-2016
P.O. Box 22022
Houston, TX  77019

Dated: March 7, 2024

# CERTIFICATE OF SERVICE

    This is to certify that the foregoing instrument has been served via the Court's ECF filing system on March 7, 2024, on all registered counsel of record, and has been transmitted to the Clerk of the Court.

Mary Seguin
Pro Se
/s/    *Mary Seguin*

Email: maryseguin22022@gmail.com
Phone: (281)744-2016
P.O. Box 22022
Houston, TX  77019

# Exhibit A



Mary Seguin <maryseguin22022@gmail.com>

---

## TIME-SENSITIVE - PLAINTIFF'S Fed. R. App. P. 4(a)(5)(A)(i) and (ii) MOTION FOR EXTENSION OF TIME in Civil Action No. 1:23-cv-126-WES-PAS, U.S. Court of Appeals for the First Circuit Appeal No. 23-1967, Related Appeal No. 23-1978, Related Appeal No. 23-1851

---

**Mary Seguin** <maryseguin22022@gmail.com>  Thu, Mar 7, 2024 at 3:51 PM
To: RID_ECF_INTAKE <RID_ECF_INTAKE@rid.uscourts.gov>

Dear Clerks of the Court of the United States District Court in the District of Rhode Island,

I respectfully submit herewith the PDF file attachment Plaintiff's Fed. R. App. P. 4(a)(5)(A)(i) and (ii) MOTION FOR EXTENSION OF TIME in Civil Action No. 1:23-cv-126-WES-PAS, again emphasizing the actual motion is attached herewith in PDF file. Because it is TIME SENSITIVE, please urgently file and docket.

Respectfully, this email serves as written Notice that this email itself is NOT a motion for leave to file. This email serves as my official electronic court submission by email of my attached PDF file of my written motion for extension of time pursuant to Fed. R. App. P. 4(a)(5).

Please do not hesitate to contact me with any questions you may have at (281) 744-2016.

Thank you in advance for your assistance.

Respectfully submitted,
Mary Seguin
Houston, Texas
(281) 744-2016

---



**Fed 126 FRAP 4a5A Motion for Extension of Time WITH EXHIBIT 030724.pdf**
287K

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND

MARY SEGUIN,
*pro se*

*Plaintiff,*

VS.  Civil Action No. 1:23-cv-126-WES-PAS
U.S. Court of Appeals for the First Circuit Appeal No. 23-1967
Related Appeal No. 23-1978
Related Appeal No. 23-1851

RHODE ISLAND DEPARTMENT OF HUMAN SERVICES in its official capacity; MICHAEL D. COLEMAN, DEBORAH A. BARCLAY in their individual and official capacities; RHODE ISLAND OFFICE OF CHILD SUPPORT SERVICES in its official capacity; KEVIN TIGHE, MONIQUE BONIN, FRANK DIBIASE, WENDY FOBERT, KARLA CABALLEROS, TIMOTHY FLYNN, LISA PINSONNEAULT, CARL BEAUREGARD, PRISCILLA GLUCKSMAN, JOHN LANGLOIS, PAUL GOULD, in their individual and official capacities; RHODE ISLAND STATE COURT SYSTEM in its official capacity; PAUL A. SUTTELL in his individual and official capacity as EXECUTIVE HEAD OF RHODE ISLAND STATE COURT SYSTEM; RHODE ISLAND ADMINISTRATIVE OFFICE OF STATE COURTS in its official capacity; RHODE ISLAND ADMINISTRATIVE OFFICE OF THE SUPERIOR COURT in its official capacity; RHODE ISLAND JUDICIAL COUNCIL in its official capacity; RHODE ISLAND SUPERIOR COURT in its official capacity; RHODE ISLAND SUPERIOR COURT JUDICIAL COUNCIL in its official capacity; THE JUDICIAL TECHNOLOGY CENTER in its official capacity; JULIE HAMIL, MARISA BROWN, JOHN JOSEPH BAXTER, JR., JUSTIN CORREA in their individual and official capacities; RHODE ISLAND OFFICE OF THE ATTORNEY GENERAL in its official capacity; RHODE ISLAND OFFICE OF THE ATTORNEY GENERAL OPEN GOVERNMENT UNIT in its official capacity; ADAM D. ROACH, PETER NERONHA in their official and individual capacities; TYLER TECHNOLOGIES, INC.; GERO MEYERSIEK

*Defendants*

## **PLAINTIFF'S Fed. R. App. P. 4(a)(5) MOTION FOR RECONSIDERATION OF PLAINTIFF'S Fed. R. App. 4(a)(5)(A) MOTION FOR EXTENSION OF TIME (FILED ON 03/01/2024)**

## **And**

## **PLAINTIFF'S Fed. R. App. P. 4(a)(5)(A)(ii) MOTION FOR EXTENSION OF TIME**

Plaintiff, proceeding from and as a citizen of Texas, respectfully requests pursuant to Fed. R. App. P. 4(a)(5) for reconsideration of the Court's March 7, 2024 DENIAL of PLAINTIFF'S ==Fed. R. App. P. 4(a)(5)(A)(i)== filed with the Clerk of the District Court on March 1, 2024 (ECF 49) (**29** days after the February 1, 2024 district court order) for an extension of time of 30 days to April 1, 2024, pursuant to ==Fed. R. App. P. 4(a)(5)(C)== allowing the Plaintiff the adequate opportunity to consider the March 1, 2024 Order of the United States Court of Appeals for the First Circuit in Appeal No. 23-1967 (*see* attached March 1, 2024 First Circuit Court Order in **Exhibit A**), including but not limited to filing a Notice of Appeal or amend Plaintiff's Notice of Appeal from the district court's post-judgment order in this matter. Plaintiff reserves and preserves all applicable issues and her applicable appellate rights to be raised at the appropriate time in accordance with the laws of civil procedure governing this official federal proceeding.

**==PLAINTIFF, in compliance with the March 1, 2024 Appellate Court Order (*see* Order in Exhibit A), <u>notified</u> the United States Court of Appeals that <u>Plaintiff intends to amend the Notice of Appeal</u>, and filed in the district court under FRAP 4(a)(5) for an extension of time to file her amended Notice of Appeal, so as to have the adequate opportunity to review and consider the entirety of the Appellate Court's March 1, 2024 in order to prepare her amended Notice of Appeal.==  Again, *also see*, Exhibit A, the <u>entirety</u> of the Court of Appeal's March 1, 2024 Court Order.**

Paragraph one (1) of Plaintiff's March 1, 2024 FRAP 4(a)(5) Motion <u>clearly</u> states as <u>good cause</u> that "==Plaintiff only received the Appellate Court March 1, 2024 Court Order on the afternoon of March 1, 2024, and has not had an adequate opportunity to adequately review, consider or respond==" as the ==good cause basis== for moving for an extension of time to amend the

Notice of Appeal under Fed. R. App. P. 4(a)(5)(A)(i) filed on March 1, 2024, which is 29 days after the entry of this district court's February 1, 2024.

Put simply, Plaintiff <u>was preparing</u> Plaintiff's amended Notice of Appeal, and the filing of which expires 30 days, which falls on March 2, 2024, a Saturday. It is indisputable that the issuance of the March 1, 2024 Court Order by the United States Court of Appeals (*see* Appellate Court Order in Exhibit A) has an affect on/affects Plaintiff's preparation of the amended Notice of Appeal Plaintiff intends to file. Therefore, Plaintiff filed with the clerk of the district court on March 1, 2024 a Fed. R. App. P. 4(a)(5) motion for extension of time to allow Plaintiff the adequate time to review and consider the Appellate Court Order (see Appellate Court Order in Exhibit A).

Therefore, the district court's March 7, 2024 DENIAL appears **not** to rely on the good cause basis of the issuance of the Appellate Court Order dated March 1, 2024, which is basis of the Plaintiff's Fed. R. App. P 4(a)(5) March 1, 2024 motion for extension of time pursuant to Fed. R. App. P 4(a)(5)(A)(i) filed within 29 days of the February 1, 2024 district order.

Accordingly, Plaintiff hereby moves for the district court's reconsideration of Plaintiff's timely March 1, 2024 Fed. R. App. P 4(a)(5)(A)(i) Motion for Extension of Time showing good cause the United States Court of Appeals March 1, 2024 issuance of the Order (See Order Exhibit A) that necessitates the Plaintiff to review and consider as it affects Plaintiff's intent and Plaintiff's preparation of Plaintiff's amending the Notice of Appeal.

### Plaintiff's Fed. R. App. P 4(a)(5)(A)(ii) Motion for Extension of Time

Pursuant to Fed. R. App. P 4(a)(5)(A)(ii) and Fed. R. App. P 4(a)(5)(C) Plaintiff, in the alternative, hereby moves for an Extension of Time of 30 Days to April 2, 2024 to amend Plaintiff's Notice of Appeal.

Fed. R. App. P 4(a)(5)(A)(i) states, "a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and"

Fed R. App. P 4(a)(5)(A)(ii) states, "regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires. That party shows excusable neglect or good cause."

Fed. R. App. P 4(a)(5)(C) states, "No extension under this Rule 4(a)(5) may exceed 30 days after the prescribed time or 14 days after the after the date when the order granting the motion is entered, whichever is later."

Plaintiff's plain reading of the Fed. R. App. P 4(a)(5) Motion for Extension of Time in its relevant parts herein invoked requires the district court to review of motions brought before the Court pursuant to Fed. R. App. P 4(a)(5) under "good cause" when the Plaintiff shows good cause for extension to allow Plaintiff the requested 30 days to April 2, 2024 which is 30 days from the February 1, 2024 district court order.  Plaintiff shows good cause of the issuance by the United States Court of Appeals for the First Circuit of its Court Order on March 1, 2024, in Appeal No. 23-1967 (see Order in Exhibit A).  In compliance, Plaintiff notified the Court of Appeals Plaintiff's intent to amend the Notice of Appeal.  In compliance, Plaintiff moved the district court on March 1, 2024 for under Fed. R. App. P 4(a)(5) for an extension of time to file the amended notice – March 1, 2024 is within 29 days of the February 1, 2024 district court order pursuant to Fed. R. App. P 4(a)(5)(A)(i).  Pursuant to Fed. R. 4(a)(5)(A)(ii), motions for extension of time is accepted "regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause."

Plaintiff's plain reading of Fed. R. App. P 4(a)(5)(A)(i) and Fed. R. App. P 4(a)(5)(A)(ii) makes clear that the appellate rule makes clear that the **good cause** standard is mandated, because the undisputable fact shows that Plaintiff filed her Fed. R. App. P 4(a)(5) Motion for Extension of Time on March 1, 2024, which is 29 days after the February 1, 2024 district court order.

Also as a matter of undisputed fact, Plaintiff, in compliance with the Appellate Court Order, notified the Court of Appeals for the First Circuit that Plaintiff intends to amend the Notice of Appeal.

## CONCLUSION

**WHEREFORE**, Plaintiff requests this district Court to GRANT an extension of time of 30 days to April 2, 2024 to amend the Notice of Appeal.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 7, 2024, I filed the within Motion with the Clerk of the Court via email at RID_ECF_INTAKE@rid.uscourts.gov and with the Clerk of the Court of the United States Court of Appeals for the First Circuit through the Court's ECF, notice of which is electronically transmitted by the ECF.

Respectfully submitted,

Mary Seguin

Pro Se

/s/ *Mary Seguin*

Email: maryseguin22022@gmail.com
Phone: (281)744-2016
P.O. Box 22022
Houston, TX  77019

Dated: March 7, 2024

Exhibit A

# United States Court of Appeals
## For the First Circuit

---

No. 23-1967

MARY SEGUIN,

Plaintiff - Appellant,

v.

RHODE ISLAND DEPARTMENT OF HUMAN SERVICES, in its official capacity; RHODE ISLAND OFFICE OF CHILD SUPPORT SERVICES, in its official capacity; GERO MEYERSIEK, in his individual and official capacity; PRISCILLA GLUCKSMAN; JOHN A. LANGLOIS; PAUL GOULD; MICHAEL D. COLEMAN, in his individual and official capacity; DEBORAH A. BARCLAY, in her individual and official capacity; LISA PINSONNEAULT, in her individual and official capacity; CARL BEAUREGARD, in his individual and official capacity; KEVIN TIGHE; MONIQUE BONIN; FRANK DIBIASE; WENDY FOBERT; KARLA CABALLEROS; TIMOTHY FLYNN; RHODE ISLAND COURT SYSTEM; MARISA BROWN; PAUL A. SUTTELL, in his individual and official capacity as Executive Head of Rhode Island State Court System; RHODE ISLAND ADMINISTRATIVE OFFICE OF STATE COURTS; RHODE ISLAND ADMINISTRATIVE OFFICE OF THE SUPERIOR COURT; RHODE ISLAND JUDICIAL COUNCIL; RHODE ISLAND SUPERIOR COURT; RHODE ISLAND SUPERIOR COURT JUDICIAL COUNCIL; THE JUDICIAL TECHNOLOGY CENTER; JULIE HAMIL; JOHN JOSEPH BAXTER, JR.; JUSTIN CORREA; RHODE ISLAND OFFICE OF THE ATTORNEY GENERAL; RHODE ISLAND OFFICE OF THE ATTORNEY GENERAL OPEN GOVERNMENT UNIT; ADAM D. ROACH; PETER F. NERONHA; TYLER TECHNOLOGIES, INC.,

Defendants - Appellees.

---

### ORDER OF COURT

Entered: March 1, 2024
Pursuant to 1st Cir. R. 27.0(d)

The briefing schedule entered on January 22, 2024 is hereby vacated as entered in error.

In 1:23-cv-00126-WES-PAS (D.R.I), Plaintiff-appellant Mary Seguin filed three post-judgment motions pursuant to Rule 59, Rule 60(b) and Rule 60(b)(1) (Docket Entries #34, #35 and #37) which, per Fed. R. App. P. 4(a)(4)(B)(i), tolled the effectiveness of her November 17, 2023 notice of appeal until the district court disposed of the post-judgment motions. On February 1, 2024, the district court entered an order denying the post judgment motions. (D.E. # 48)

The appellant shall inform this court whether or not she intends to file a notice of appeal or amended notice of appeal from the district court's post-judgment order. <u>See</u> Fed. R. App. P. 4(a)(4)(B)(ii) (noting that if appellant seeks appeal an order disposing of a post-judgment motion or incorporate it into a prior appeal, they must file a notice of appeal or amended notice of appeal within the 30 day period after the order enters). <u>See also</u> Fed. R. App. P. 4(a)(5) (allowing the district court to grant an extension of time to file a notice of appeal if the party so moved no later than 30 days after the time prescribed by Rule 4(a) expires).

A briefing schedule will enter in due course.

By the Court:

Maria R. Hamilton, Clerk

cc:
Mary Seguin
Marissa D. Pizana
Joanna M. Achille
Peter F. Neronha