

# UNITED STATES DISTRICT COURT
### *District of Rhode Island*

### CLERK'S SUPPLEMENTAL CERTIFICATE OF THE RECORD ON APPEAL

| Case Information |
| --- |

Case Caption: **Seguin**      vs.   Rhode Island Department of Human Services et al

District Court case number: **23cv126**      Court of Appeals case number: **23-1967, 23-1978**

| Record Information |
| --- |

Supplemental documents: [53] Motion for Reconsideration of TEXT ORDER dated 3/7/2024 and Extension of Time Document #

Sealed documents:    Yes ☐    No ☑
*If yes, document #*

*Ex parte* documents:    Yes ☐    No ☑
*If yes, document #*

Transcripts:    Yes ☐    No ☑
*If yes, document #*

Trial/Hearing exhibits:    Yes ☐    No ☑
*If yes, description*

| Certification |
| --- |

I, Hanorah Tyer-Witek, Clerk of the United States District Court for the District of Rhode Island, do certify that the above annexed documents are to be included with the record on appeal in the above referenced case.

**HANORAH TYER-WITEK**
Clerk of Court

/s/ *Viviana Gonzalez Gomez*
Deputy Clerk

Date: **03/08/2024**

APPEAL,Pro Se ECF Filer,Pro Se Plaintiff

# U.S. District Court
## District of Rhode Island (Providence)
## CIVIL DOCKET FOR CASE #: <u>1:23–cv–00126–WES–PAS</u>

| | |
|---|---|
| Seguin v. Rhode Island Department of Human Services et al | Date Filed: 03/30/2023 |
| Assigned to: District Judge William E. Smith | Date Terminated: 10/19/2023 |
| Referred to: Magistrate Judge Patricia A. Sullivan | Jury Demand: Both |
| Demand: $3,000,000 | Nature of Suit: 440 Civil Rights: Other |
| Case in other court:  First Circuit, <u>23–01967 (requires PACER login)</u> | Jurisdiction: Federal Question |
| First Circuit, <u>23–01978 (requires PACER login)</u> | |
| Cause: 18:1962 Racketeering (RICO) Act | |

**Plaintiff**

**Mary Seguin**                                  represented by  **Mary Seguin**
P.O. Box 22022
Houston, TX 77019
281–744–2016
Email: <u>maryseguin22022@gmail.com</u>
PRO SE

V.

**Defendant**

**Rhode Island Department of Human Services**                represented by  **Marissa D. Pizana**
*In its official capacity*                                    RI Department of Attorney General
Civil Division
150 South Main Street
Providence, RI 02903
401–274–4400
Email: <u>mpizana@riag.ri.gov</u>
*ATTORNEY TO BE NOTICED*

**Defendant**

**Rhode Island Department of Human Services Office Of Child Support Services**          represented by  **Marissa D. Pizana**
(See above for address)
*In its official capacity*                                    *ATTORNEY TO BE NOTICED*

**Defendant**

**Gero Meyersiek**                               represented by  **Joanna M. Achille**
*In his individual and official capacity*                      Burns & Levinson LLP
1 Citizens Plaza
Providence, RI 02903
(401) 831–8330
Fax: (617) 345–3299

Email: jachille@burnslev.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Michael D. Coleman**
*In his individual and official capacity*

**Defendant**

**Deborah A. Barclay**
*In her individual and official capacity*

**Defendant**

**Lisa Pinsoneault**
*In her individual and official capacity*

**Defendant**

**Carl Beauregard**
*In his individual and official capacity*

**Defendant**

**Kevin Tighe**

**Defendant**

**Monique Bonin**

**Defendant**

**Frank Dibiase**

**Defendant**

**Wendy A. Fobert**

**Defendant**

**Karla Caballeros**

**Defendant**

**Timothy Flynn**

**Defendant**

**Rhode Island Court System**

**Defendant**

**Paul A Suttell**
*L in his individual and official capacity*
*as Executive Head OF Rhode Island State*
*Court System*

**<u>Defendant</u>**

**Rhode Island Administrative Office of State Courts**

**<u>Defendant</u>**

**Rhode Island Administrative Office of the Superior Court**

**<u>Defendant</u>**

**Rhode Island Judicial Council**

**<u>Defendant</u>**

**Rhode Island Superior Court**

**<u>Defendant</u>**

**Rhode Island Superior Court Judicial Council**

**<u>Defendant</u>**

**The Judicial Technology Center**

**<u>Defendant</u>**

**Julie Hamil**

**<u>Defendant</u>**

**Marisa P. Brown**

**<u>Defendant</u>**

**John Joseph Baxter, Jr.**

**<u>Defendant</u>**

**Justin Correa**

**<u>Defendant</u>**

**Rhode Island Office of the Attorney General**

**<u>Defendant</u>**

**Rhode Island Office of the Attorney General Open Government Unit**

**<u>Defendant</u>**

**Adam Roach**

**<u>Defendant</u>**

Peter Neronha

**Defendant**

**Tyler Technologies, Inc.**

| Date Filed | # | Docket Text |
|---|---|---|
| 03/30/2023 | 1 | COMPLAINT ( filing fee paid $ 402.00 receipt number ARIDC−1855567 ), filed by Mary Seguin.(DaCruz, Kayla) (Entered: 03/30/2023) |
| 03/30/2023 | | <span style="color:red">CORRECTIVE DOCKET ENTRY</span> Regarding: 1 Complaint. **<span style="color:red">CORRECTIVE DOCKET ENTRY:</span>** This case has been electronically filed and processed, however, after a quality control review the following deficiencies were found:<span style="color:blue">Civil Cover Sheet not attached.</span> <span style="color:red">The filer is directed to file a Civil Cover Sheet within one day.</span> (DaCruz, Kayla) (Entered: 03/30/2023) |
| 03/30/2023 | 2 | Civil Cover Sheet filed by Mary Seguin. Regarding New Case: 1 Complaint. (Attachments: # 1 Email)(DaCruz, Kayla) (Entered: 03/30/2023) |
| 03/30/2023 | 3 | Summons Request filed by Mary Seguin. (Attachments: # 1 Rhode Island Department of Human Services Office of Child Support Services Summons, # 2 Gero Meyersiek Summons)(DaCruz, Kayla) (Additional attachment(s) added on 3/30/2023: # 3 Email) (DaCruz, Kayla). (Entered: 03/30/2023) |
| 03/30/2023 | 4 | MOTION for Leave to Proceed as Pro Se Electronic Filer filed by Mary Seguin. (Attachments: # 1 Email)(DaCruz, Kayla) (Entered: 03/30/2023) |
| 03/30/2023 | | CASE CONDITIONALLY ASSIGNED to District Judge William E. Smith and Magistrate Judge Patricia A. Sullivan. Related Case Number 23cv34 based upon a related case previously assigned to the presiding judge. The assignment is subject to the presiding judge's determination that the cases, in fact, are related. (DaCruz, Kayla) (Entered: 03/30/2023) |
| 03/30/2023 | 5 | CASE OPENING NOTICE ISSUED (DaCruz, Kayla) (Entered: 03/30/2023) |
| 03/30/2023 | 6 | Summons Issued as to Gero Meyersiek, Rhode Island Department of Human Services, Rhode Island Department of Human Services Office of Child Support Services. (Attachments: # 1 Rhode Island Department of Human Services Office Of Child Support Services Summons, # 2 Gero Meyersiek Summons)(DaCruz, Kayla) (Entered: 03/30/2023) |
| 03/30/2023 | | TEXT ORDER granting 4 Motion for Leave to Proceed as Pro Se Electronic Filer. So Ordered by District Judge William E. Smith on 3/30/2023. (Urizandi, Nissheneyra) (Entered: 03/30/2023) |
| 07/07/2023 | 7 | ORDER TO SHOW CAUSE entered. Show Cause Response due by 7/21/2023. So Ordered by District Judge William E. Smith on 7/7/2023. (Urizandi, Nissheneyra) (Entered: 07/07/2023) |
| 07/07/2023 | | CASE PERMANENTLY ASSIGNED: Since District Judge William E. Smith has determined that this case is in fact related to CA 22−cv−34 this case is permanently assigned to District Judge William E. Smith for all further proceedings. (Urizandi, Nissheneyra) (Entered: 07/07/2023) |
| 07/20/2023 | 8 | |

4

| | | |
|---|---|---|
| | | AFFIDAVIT re 7 Order to Show Cause *Rule 4(m) Show Cause Declaration* by Mary Seguin. (Attachments: # 1 Exhibit Exhibits A to B attached to Plaintiff's Rule 4(m) Show Cause Declaration)(Seguin, Mary) (Entered: 07/20/2023) |
| 08/07/2023 | 9 | NOTICE of Appearance by Marissa D. Pizana on behalf of Rhode Island Department of Human Services, Rhode Island Department of Human Services Office Of Child Support Services (Pizana, Marissa) (Entered: 08/07/2023) |
| 08/07/2023 | 10 | MOTION for an Extension of Time to File Answer re 1 Complaint *or Otherwise Respond to the Complaint* filed by Rhode Island Department of Human Services, Rhode Island Department of Human Services Office Of Child Support Services. **Responses due by 8/21/2023.** (Pizana, Marissa) (Entered: 08/07/2023) |
| 08/07/2023 | 11 | EXHIBIT IN SUPPORT by Rhode Island Department of Human Services, Rhode Island Department of Human Services Office Of Child Support Services in support of 10 MOTION for an Extension of Time to File Answer re 1 Complaint *or Otherwise Respond to the Complaint* . (Pizana, Marissa) (Entered: 08/07/2023) |
| 08/08/2023 | 12 | MOTION for an Extension of Time to Amend 1 Complaint *Pursuant to Rule 15* filed by Mary Seguin. **Responses due by 8/22/2023.** (Attachments: # 1 Exhibit Exhibit A to E attached to Plaintiff Motion for Extension of Time To Amend Complaint 080823, # 2 Affidavit Affidavit in Support of Plaintiff Motion for Extension of Time to Amend Complaint 080823, # 3 Exhibit Exhibit A to D attached to Affidavit in Support of Plaintiff Motion for Extension of Time to Amend Complaint 080823)(Seguin, Mary) (Entered: 08/08/2023) |
| 08/10/2023 | 13 | NOTICE of Appearance by Joanna M. Achille on behalf of Gero Meyersiek (Achille, Joanna) (Entered: 08/10/2023) |
| 08/10/2023 | 14 | First MOTION for an Extension of Time to File Answer re 1 Complaint filed by Gero Meyersiek. **Responses due by 8/24/2023.** (Achille, Joanna) (Entered: 08/10/2023) |
| 08/15/2023 | | TEXT ORDER granting 10 Motion for Extension of Time to Answer. Rhode Island Department of Human Services answer due 10/9/2023; Rhode Island Department of Human Services Office of Child Support Services answer due 10/9/2023. So Ordered by District Judge William E. Smith on 8/15/2023. (Urizandi, Nissheneyra) (Entered: 08/15/2023) |
| 08/16/2023 | 15 | RESPONSE In Opposition to 12 MOTION for an Extension of Time to Amend 1 Complaint *Pursuant to Rule 15* filed by Rhode Island Department of Human Services, Rhode Island Department of Human Services Office Of Child Support Services. **Replies due by 8/23/2023.** (Pizana, Marissa) (Entered: 08/16/2023) |
| 08/16/2023 | 16 | REPLY to Response re 15 Response to Motion, *Plaintiff's Motion for Extension of Time to Amend Complaint* filed by Mary Seguin. (Seguin, Mary) (Entered: 08/16/2023) |
| 08/17/2023 | 17 | MOTION for Temporary Restraining Order filed by Mary Seguin. (Attachments: # 1 Supporting Memorandum Memorandum In Support of Motion for Preliminary Injunction and Temporary Restraining Order, # 2 Affidavit Affidavit in Support of Plaintiff Motion for TRO, # 3 Exhibit Exhibits Attached to Plaintiff Motion for TRO and Preliminary Injunction)(Seguin, Mary) (Entered: 08/17/2023) |
| 08/17/2023 | 18 | AFFIDAVIT re 17 MOTION for Temporary Restraining Order *and Motion for Preliminary Injunction* by Mary Seguin. (Seguin, Mary) (Entered: 08/17/2023) |
| 08/18/2023 | 19 | |

5

| | | |
|---|---|---|
| | | AFFIDAVIT re 17 MOTION for Temporary Restraining Order *and Rule 65(a) Motion for Injunctive Relief* by Mary Seguin. (Attachments: # 1 Exhibit Rhode Island Family Court Emergency Motion to Stay Proceedings)(Seguin, Mary) (Entered: 08/18/2023) |
| 08/18/2023 | 20 | EXHIBIT IN SUPPORT by Mary Seguin in support of 18 Affidavit, 17 MOTION for Temporary Restraining Order , 1 Complaint, 19 Affidavit *Affidavit in Support of Evidence Submitted for Complaint and Motion for Temporary Restraining Order.* (Seguin, Mary) (Entered: 08/18/2023) |
| 08/18/2023 | 21 | EXHIBIT IN SUPPORT by Mary Seguin in support of 1 Complaint . (Attachments: # 1 Exhibit Documentary Evidentiary Support, # 2 Exhibit Evidentiary Support, # 3 Exhibit Evidentiary Support, # 4 Exhibit Evidentiary Support, # 5 Exhibit Evidentiary Support, # 6 Exhibit Evidentiary Support, # 7 Exhibit Audio Recording Evidentiary Support)(Seguin, Mary) (Entered: 08/18/2023) |
| 08/18/2023 | 22 | DOCKET NOTE: Audio file was received and will be maintained in the Clerk's Office. Regarding: 20 Exhibit in Support, 21 Exhibit in Support, 18 Affidavit, 17 MOTION for Temporary Restraining Order , 1 Complaint, 19 Affidavit. (Kenny, Meghan) (Entered: 08/18/2023) |
| 08/18/2023 | 23 | Emergency MOTION for Hearing re 17 MOTION for Temporary Restraining Order filed by Mary Seguin. **Responses due by 9/1/2023.** (Seguin, Mary) (Entered: 08/18/2023) |
| 08/18/2023 | 24 | Second MOTION for Hearing re 17 MOTION for Temporary Restraining Order filed by Mary Seguin. **Responses due by 9/1/2023.** (Kenny, Meghan) (Entered: 08/18/2023) |
| 08/18/2023 | | TEXT ORDER denying Plaintiff's 17 Motion for Temporary Restraining Order and Preliminary Injunction. Because the ongoing proceedings in state court implicate a significant state interest, the Younger abstention doctrine applies, requiring this Court to abstain from enjoining ongoing state proceedings. See Younger v. Harris, 401 U.S. 37 (1971); Sirva Relocation, LLC v. Richie, 794 F.3d 185, 191–93 (1st Cir. 2015). The ongoing proceeding in Family Court implicates the State's interest in enforcing the orders and judgments of its courts and in its ability to collect child support payments, the state court is fully competent to adjudicate Plaintiff's claims, and no Younger abstention exceptions apply. See Sirva, 794 F.3d at 192. Accordingly, Plaintiff's 17 Motion for Temporary Restraining Order and Preliminary Injunction is DENIED. So Ordered by District Judge William E. Smith on 8/18/2023. (Urizandi, Nissheneyra) (Entered: 08/18/2023) |
| 08/18/2023 | | TEXT ORDER granting Plaintiff's 12 Motion for an Extension of Time to Amend Complaint and Defendant Gero Meyersiek's 14 First Motion for an Extension of Time to File Answer. Because Defendants have not yet filed a responsive pleading, Plaintiff is permitted to amend her Complaint pursuant to Federal Rule of Civil Procedure 15(a). Plaintiff is directed to file her amended complaint within fourteen days from the date of this order. In light of this extension, Defendant Gero Meyersieks request for an extension of time is also granted, and he is directed to respond to Plaintiff's amended complaint within 60 days of its filing. So Ordered by District Judge William E. Smith on 8/18/2023. (Urizandi, Nissheneyra) (Entered: 08/18/2023) |
| 08/18/2023 | | TEXT ORDER denying Plaintiff's 23 Emergency Motion for Hearing and 24 Second Motion for Hearing. In light of the denial of Plaintiff's 17 Motion for Temporary Restraining Order and Preliminary Injunction, Plaintiff's requests for a hearing on that motion are DENIED as MOOT. So Ordered by District Judge William E. Smith on 8/18/2023. (Urizandi, Nissheneyra) (Entered: 08/18/2023) |

| 09/01/2023 | 25 | AMENDED COMPLAINT against All Defendants, filed by Mary Seguin.(Seguin, Mary) (Entered: 09/01/2023) |
|---|---|---|
| 09/05/2023 | 26 | NOTICE by Mary Seguin *Notice and Demand of Claims Against Defendants' Liability Insurance Policies and Coverage* (Seguin, Mary) (Entered: 09/05/2023) |
| 09/06/2023 | 27 | MOTION for an Extension of Time to File Answer re 25 Amended Complaint filed by Rhode Island Department of Human Services, Rhode Island Department of Human Services Office Of Child Support Services. **Responses due by 9/20/2023.** (Pizana, Marissa) (Entered: 09/06/2023) |
| 09/08/2023 | 28 | RESPONSE In Opposition to 27 MOTION for an Extension of Time to File Answer re 25 Amended Complaint filed by Mary Seguin. **Replies due by 9/15/2023.** (Seguin, Mary) (Entered: 09/08/2023) |
| 09/19/2023 | | TEXT ORDER granting 27 Motion for an Extension of Time to File Answer. Rhode Island Department of Human Services' answer is due November 17, 2023; Rhode Island Department of Human Services Office of Child Support Services' answer is due November 17, 2023. So Ordered by District Judge William E. Smith on 9/19/2023. (Urizandi, Nissheneyra) (Entered: 09/19/2023) |
| 09/30/2023 | 29 | First MOTION for Recusal *Pursuant to 28 U.S.C. § 455* filed by Mary Seguin. **Responses due by 10/16/2023.** (Seguin, Mary) (Entered: 09/30/2023) |
| 10/02/2023 | | TEXT ORDER denying Plaintiff's 29 Motion for Recusal. Plaintiff "moves to recuse and/or disqualify" me and "all justices, judges, or magistrate judges... in the U.S. District Court of Rhode Island." A judge may be disqualified from a case if "(1) the judges impartiality may reasonably be questioned; or (2) the judge may have a personal bias or prejudice concerning a party." United States v. Kelley, 712 F.2d 884, 889 (1st Cir. 1983); see 28 U.S.C. § 455. Plaintiff argues that I and the other judges of this Court should disqualify ourselves because we did so sua sponte in her past lawsuits. Plaintiff does not identify any other facts to support her argument that I should recuse myself from this case. Plaintiffs argument is plainly insufficient to justify recusal and disqualification. See United States v. Houston, No. 3:13–10–DCR, 2013 WL 3975405, at *10 (E.D. Tenn. July 29, 2013) ("A judges recusal in a prior case does not alone require disqualification in a subsequent case."). Accordingly, Plaintiffs motion for Recusal is DENIED. So Ordered by District Judge William E. Smith on 10/2/2023. (Urizandi, Nissheneyra) (Entered: 10/02/2023) |
| 10/17/2023 | 30 | Summons Request filed by Mary Seguin. (Attachments: # 1 Summons Request, # 2 Summons Request)(Kenny, Meghan) (Entered: 10/17/2023) |
| 10/19/2023 | | TEXT ORDER dismissing the action under Younger abstention. Though not raised by the parties, the Court has the power and obligation to dismiss an action if the principles of abstention so require. See Guillemard–Ginorio v. Contreras–Gomez, 585 F.3d 508, 517–18 (1st Cir. 2009); see also Bellotti v. Baird, 428 U.S. 132, 14344 n.10 (1976) (recognizing that "abstention may be raised by the court sua sponte"). Plaintiff filed a 91–page Amended Complaint asking the Court to address the child support payments for which she alleges she is being wrongfully charged and her perceived grievance that she is being denied access to court records under the Rhode Island Access to Public Records Act ("APRA"). See generally Am. Compl., ECF No. 25 . Plaintiff seeks to impede both the child support proceedings before the Rhode Island Family Court ("Family Court") and her action before the Rhode Island Superior Court ("Superior Court") concerning her alleged denial of access to court records. The telltale signs that Plaintiff is attempting to encumber state court proceedings are the facts that Plaintiff, in |

her Amended Complaint, included as parties, among others, the Superior Court, various state court clerks, and the Chief Justice of the Rhode Island Supreme Court; Plaintiff filed a Motion for Temporary Restraining Order and Preliminary Injunction seeking to "enjoin[] and restrain[] the Defendants from continuing prosecution of the family court proceeding against the Plaintiff," Mot. for TRO and Prelim. Inj. 16, ECF No. 17 ; and Plaintiff asked the Court, in her Amended Complaint, to "[e]njoin the Defendants'[] enforcement and practices of rules, practices, and/or policies" of the state courts, Am. Compl. 90. The issues being considered before the Family Court directly relate to this case because, according to the Amended Complaint, Defendant Rhode Island Department of Human Services ("RIDHS") is seeking child support arrearage interest from Plaintiff. See Am. Compl.&para&para 135–37 (recognizing that RIDHS is seeking compound interest). Moreover, Plaintiff admits that she has a pending case before the Superior Court where she alleges violations of the APRA. See Am. Compl. &para 2; see also Seguin v. R.I. Dept of Human Servs., PC–2022–07215 (R.I. Super. Ct.). The Court takes judicial notice of the proceedings before both state tribunals. See Meyersiek v. Seguin, K–2001–0521M (R.I. Fam. Ct.); see also Fed. R. Evid. 201 (permitting, "at any stage of the proceeding," sua sponte judicial notice of facts "not subject to reasonable dispute because" they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned"). The Younger abstention doctrine, derived from Younger v. Harris, 401 U.S. 37 (1971), "counsels federal–court abstention when there is a pending state proceeding." Moore v. Sims, 442 U.S. 415, 423 (1979). For the doctrine to apply, certain elements must be met. "First, the pending state [court] proceeding must fall into one of three categories: 1) criminal prosecutions, 2) civil proceedings that are 'akin to criminal prosecutions' ('quasi–criminal proceedings') or 3) civil proceedings that 'implicate a State's interest in enforcing the orders and judgments of its courts.'" Credit Acceptance Corp. v. Healey, 544 F. Supp. 3d 139, 143 (D. Mass. 2021) (quoting Sirva Relocation, LLC v. Richie, 794 F.3d 185, 192 (1st Cir. 2015)). Here, relief for Plaintiff in the pending Family Court case would implicate the state's interest in enforcing the orders and judgments of its courts concerning the payment and collection of child support. See Seguin v. Bedrosian, No. 12–cv–614–JD, 2013 WL 367722, at *2 (D.R.I. Jan. 30, 2013). Moreover, the state has an asserted interest in having appeals under the APRA be heard before the Superior Court. See R.I. Gen. Laws § 38–2–9. Second, the state court case must satisfy the factors identified in Middlesex County Ethics Committee v. Garden State Bar Association, 457 U.S. 423 (1982): "1) the state proceeding is ongoing, 2) it involves significant state interests and 3) it provides an adequate opportunity for the plaintiff to raise his federal claims in state court." Credit Acceptance Corp., 544 F. Supp. 3d at 143; see also Middlesex, 457 U.S. at 432. The first factor is satisfied because the proceedings are ongoing. The second factor is satisfied because the state has an interest in family relations and the payment and collection of child support, see Eastman v. New Hampshire, No. 11–cv–316–SM, 2012 WL 405487, at *3 (D.N.H. Jan. 17, 2012), report and recommendation adopted, No. 11–cv–316–SM, 2012 WL 405507 (D.N.H. Feb. 8, 2012), and an interest in the "fair and orderly administration of justice" that includes maintaining sensitive and confidential judicial records, see Courthouse News Serv. v. Quinlan, 32 F.4th 15, 21 (1st Cir. 2022). As for the third factor, "[e]xcept in the most extraordinary cases, a federal court must presume that state courts, consistent with the imperatives of the Supremacy Clause, see U.S. Const. art. VI, are fully competent to adjudicate federal constitutional and statutory claims properly presented by the parties." Casa Marie, Inc. v. Super. Ct. of P.R., 988 F.2d 252, 262 (1st Cir. 1993) (footnote omitted). Nothing suggests that the Family Court and the Superior Court cannot hear Plaintiff's federal claims. Third, none of the Younger abstention exceptions apply. See Sirva, 794 F.3d at 192 (finding abstention

8

| | | |
|---|---|---|
| | | inappropriate if 1) the state proceeding is brought "in bad faith" to harass, 2) the state forum cannot adequately protect federal rights, or 3) the state statute is "flagrantly and patently violative of express constitutional prohibitions" (citations omitted)). Accordingly, because the Court does not have jurisdiction over Plaintiff's case, it is DISMISSED in its entirety. Because Plaintiff has a history of filing frivolous and repetitive motions following decisions of the Court of which she disapproves, see Seguin v. R.I. Office of Child Support Servs., No. 1:23–cv–00034–WES–PAS (D.R.I.), it is further ORDERED that the Courts March 30, 2023, Text Order granting Plaintiff Leave to Proceed as a Pro Se Electronic Filer is VACATED. Plaintiff's Electronic Filer privileges are revoked. See LR Gen 302(b). So Ordered by District Judge William E. Smith on 10/19/2023. (Simoncelli, Michael) (Entered: 10/19/2023) |
| 10/19/2023 | 31 | JUDGMENT. So Ordered by Clerk of Court on 10/19/2023. (Simoncelli, Michael) (Entered: 10/19/2023) |
| 11/17/2023 | | TEXT ORDER: The Court is in receipt of Plaintiff's two recent emails to the Clerk's Office. The Court construes these emails as motions for leave to file the motions attached to those emails and denies leave to file for the reasons given in its earlier text orders. So Ordered by District Judge William E. Smith on 11/17/2023. (Urizandi, Nissheneyra) Modified on 11/17/2023 to correct a typo. (Urizandi, Nissheneyra). (Entered: 11/17/2023) |
| 11/17/2023 | | TEXT ORDER: The Court is in receipt of Plaintiff's email to the Clerk's Office this afternoon. As with its order issued earlier today, the Court construes this email as a motion for leave to file the motion attached to the email and denies leave to file for the reasons given in its earlier text orders. So Ordered by District Judge William E. Smith on 11/17/2023. (Urizandi, Nissheneyra) (Entered: 11/17/2023) |
| 11/17/2023 | 32 | NOTICE OF APPEAL by Mary Seguin as to Text Order, Text Order, **NOTICE TO COUNSEL: Counsel should register for a First Circuit CM/ECF Appellate Filer Account at http://pacer.psc.uscourts.gov/cmecf/. Counsel should also review the First Circuit requirements for electronic filing by visiting the CM/ECF Information section at  http://www.ca1.uscourts.gov/cmecf** Appeal Record due by 11/24/2023. (Attachments: # 1 Envelope)(Kenny, Meghan) (Entered: 11/17/2023) |
| 11/17/2023 | 33 | CLERK'S CERTIFICATE AND APPELLATE COVER SHEET: Abbreviated record on appeal consisting of notice of appeal, order(s) being appealed, and a certified copy of the district court docket report transmitted to the U.S. Court of Appeals for the First Circuit in accordance with 1st Cir. R. 11.0(b). 32 Notice of Appeal. Documents Sent: Text Order 11/17/2023, Text Order 11/17/2023. (Attachments: # 1 Record on Appeal)(Kenny, Meghan) (Entered: 11/17/2023) |
| 11/17/2023 | 34 | MOTION Rule 59 for a New Trial filed by Mary Seguin. **Responses due by 12/1/2023.** (Attachments: # 1 Email)(DaCruz, Kayla) (Entered: 11/20/2023) |
| 11/17/2023 | 35 | MOTION Rule 60(b) filed by Mary Seguin. **Responses due by 12/1/2023.** (Attachments: # 1 Email)(DaCruz, Kayla) (Entered: 11/20/2023) |
| 11/17/2023 | 36 | DOCKET NOTE: Duplicate received regarding: 34 MOTION Rule 59 for a New Trial . (Attachments: # 1 Email) (DaCruz, Kayla) (Entered: 11/20/2023) |
| 11/17/2023 | 37 | MOTION Rule 60(b)(1) filed by Mary Seguin. **Responses due by 12/1/2023.** (Attachments: # 1 Email)(DaCruz, Kayla) (Entered: 11/20/2023) |

| 11/20/2023 | | TEXT ORDER: On November 17, 2023, Plaintiff attempted to file three motions in this case. Plaintiff emailed these motions to the Clerk's Office because the Court revoked Plaintiff's electronic filer privileges in its October 19, 2023, text order. After reviewing the three motions, the Court denied Plaintiff leave to file. However, although Plaintiff must seek leave to file documents in another case before this Court, the same restriction does not apply in this case. Therefore, the Clerk's Office is directed to docket the three motions Plaintiff sought to file. Plaintiff has now appealed, so this Court has limited jurisdiction, but when Plaintiff's appeal is resolved the Court will resolve these three motions. So Ordered by District Judge William E. Smith on 11/20/2023. (Urizandi, Nissheneyra) (Entered: 11/20/2023) |
|---|---|---|
| 11/20/2023 | | USCA Case Number 23–1967 for 32 Notice of Appeal, filed by Mary Seguin. (Hill, Cherelle) (Entered: 11/20/2023) |
| 11/20/2023 | 38 | NOTICE OF APPEAL by Mary Seguin as to 11/20/2023 Text Order. <br><br>**NOTICE TO COUNSEL: Counsel should register for a First Circuit CM/ECF Appellate Filer Account at http://pacer.psc.uscourts.gov/cmecf/. Counsel should also review the First Circuit requirements for electronic filing by visiting the CM/ECF Information section at  http://www.ca1.uscourts.gov/cmecf** Appeal Record due by 11/27/2023. (Attachments: # 1 Email)(DaCruz, Kayla) (Entered: 11/20/2023) |
| 11/20/2023 | 39 | CLERK'S CERTIFICATE AND APPELLATE COVER SHEET: Abbreviated record on appeal consisting of notice of appeal, order(s) being appealed, and a certified copy of the district court docket report transmitted to the U.S. Court of Appeals for the First Circuit in accordance with 1st Cir. R. 11.0(b). 38 Notice of Appeal. (Attachments: # 1 Record on Appeal)(DaCruz, Kayla) (Entered: 11/20/2023) |
| 11/20/2023 | 40 | Supplemental Record on Appeal transmitted to U.S. Court of Appeals for the First Circuit. 32 Notice of Appeal,,. (Attachments: # 1 Text Order)(Urizandi, Nissheneyra) (Entered: 11/20/2023) |
| 11/27/2023 | | USCA Case Number 23–1978 for 38 Notice of Appeal, filed by Mary Seguin. (Hill, Cherelle) (Entered: 11/27/2023) |
| 11/28/2023 | 41 | RESPONSE In Opposition to 34 MOTION Rule 59 for a New Trial filed by Rhode Island Department of Human Services, Rhode Island Department of Human Services Office Of Child Support Services. **Replies due by 12/5/2023.** (Pizana, Marissa) (Entered: 11/28/2023) |
| 11/28/2023 | 42 | RESPONSE In Opposition to 35 MOTION Rule 60(b) filed by Rhode Island Department of Human Services, Rhode Island Department of Human Services Office Of Child Support Services. **Replies due by 12/5/2023.** (Pizana, Marissa) (Entered: 11/28/2023) |
| 11/28/2023 | 43 | RESPONSE In Opposition to 37 MOTION Rule 60(b)(1) filed by Rhode Island Department of Human Services, Rhode Island Department of Human Services Office Of Child Support Services. **Replies due by 12/5/2023.** (Pizana, Marissa) (Entered: 11/28/2023) |
| 11/28/2023 | 44 | REPLY to Response re 43 Response to Motion, 42 Response to Motion, 41 Response to Motion, filed by Mary Seguin. (Attachments: # 1 Email) (Gonzalez Gomez, Viviana) (Entered: 11/29/2023) |

| 12/04/2023 | 45 | MOTION to Stay *Pending Appeal* filed by Mary Seguin. **Responses due by 12/18/2023.** (Attachments: # 1 Email)(Hill, Cherelle) (Entered: 12/04/2023) |
|---|---|---|
| 12/05/2023 | | TEXT ORDER denying Plaintiff's 45 Motion to Stay Pending Appeal under Federal Rule of Appellate Procedure 8. Plaintiff seeks a stay of judgment pending appeal. Before seeking relief from the Court of Appeals, a litigant must first request relief from the District Court. Dist. 4 Lodge of Intl Assoc. of Machinists & Aerospace Workers Loc. Lodge 207 v. Raimondo, No. 1:21–cv–00275–LEW, 2021 WL 5163306, at *1 (D. Me. Nov. 5, 2021). The factors that govern the issuance of a preliminary injunction are the same as the factors for relief under Rule 8. Id. (citing Bos. Parent Coal. for Acad. Excellence Corp. v. Sch. Comm. of City of Bos., 996 F.3d 37, 44 (1st Cir. 2021)). To grant such relief, "a district court must find the following four elements satisfied: (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm absent interim relief, (3) a balance of equities in the [movants] favor, and (4) service of the public interest." Arborjet, Inc. v. Rainbow Treecare Sci. Advancements, Inc., 794 F.3d 168, 171 (1st Cir. 2015). Here, Plaintiff has not made a showing that any of the factors justify staying judgment pending appeal. Principally, Plaintiff will not face irreparable harm absent interim relief. If, hypothetically, the Court granted Plaintiffs' Motion, the stay would not have any legal effect because there is nothing for the Court to enjoin. In other words, there is no immediate harm facing Plaintiff for the Court to prevent. The status quo would be the same whether or not the Court grants Plaintiffs motion. Plaintiff misunderstands this point. Therefore, Plaintiff's 45 Motion to Stay Pending Appeal is DENIED. So Ordered by District Judge William E. Smith on 12/5/2023. (Simoncelli, Michael) (Entered: 12/05/2023) |
| 12/14/2023 | 47 | U.S. Court of Appeals for the First Circuit Appeal Fees received $505.00 re: 32 Notice of Appeal, filed by Mary Seguin. (Gonzalez Gomez, Viviana) (Additional attachment(s) added on 12/27/2023: # 2 Envelope with Payment, # 3 Envelope – FedEx) (Gonzalez Gomez, Viviana). (Entered: 12/27/2023) |
| 12/27/2023 | 46 | Supplemental Record on Appeal transmitted to U.S. Court of Appeals for the First Circuit. 32 Notice of Appeal. Unrestricted Documents Sent: [doc] filing date 12/14/2023. (Attachments: # 1 Supplemental Record on Appeal) (Gonzalez Gomez, Viviana) (Entered: 12/27/2023) |
| 02/01/2024 | 48 | ORDER denying Plaintiff's 34 Rule 59 Motion for a New Trial, denying 35 Rule 60(b) Motion, and denying as moot 37 Rule 60(b)(1) Motion. So Ordered by District Judge William E. Smith on 2/1/2024. (Urizandi, Nissheneyra) (Entered: 02/01/2024) |
| 03/01/2024 | 49 | MOTION for an Extension of Time filed by Mary Seguin. **Responses due by 3/15/2024.** (Hill, Cherelle) (Entered: 03/04/2024) |
| 03/04/2024 | 50 | Supplemental Record on Appeal transmitted to U.S. Court of Appeals for the First Circuit. 38 Notice of Appeal,, 32 Notice of Appeal,,, Unrestricted Documents Sent: 34, 35, 37, and 49. (Attachments: # 1 Supplemental Record on Appeal)(Urizandi, Nissheneyra) (Entered: 03/04/2024) |
| 03/04/2024 | 51 | Supplemental Record on Appeal transmitted to U.S. Court of Appeals for the First Circuit. 32 Notice of Appeal re: 49 (Attachments: # 1 Supplemental Record on Appeal)(Hill, Cherelle) (Entered: 03/04/2024) |
| 03/07/2024 | | TEXT ORDER: Plaintiff moves to extend the time to file a notice of appeal of the Court's 48 Order denying her post–judgment motions. See Pl.'s Fed. R. App. P. 4(a)(5) Mot. Extension Time ("Pl.s Mot."), ECF No. 49 . Under Federal Rule of Appellate Procedure 4(a)(1)(A), Plaintiff had to file a notice of appeal by March 2, 2024. For the |

| | | Court to extend the deadline, the moving party must demonstrate "excusable neglect" or "good cause." 28 U.S.C. § 2107(c); Fed. R. App. P. 4(a)(5)(A)(ii). The "good cause" standard is met where the tardy filing "resulted entirely from external causes." Mirpuri v. ACT Mfg., Inc., 212 F.3d 624, 630 (1st Cir. 2000). The "excusable neglect" standard is met where the moving party "demonstrate[s] unique or extraordinary circumstances" prevented her from filing the notice. Id. at 631 (citation omitted). "Extraordinary circumstances" do not include the moving party's "inadvertence, ignorance of the rules, or mistakes construing the rules." Id. (quoting Pioneer Inv. Servs. Co. v. Brunswick Associates Ltd. P'ship, 507 U.S. 380, 392 (1993)). Plaintiff appears to blame the undersigned for her tardy filing. See Pl's Mot. 2. Her grievance does not change the fact that Plaintiff had notice of this Court's February 1, 2024 Order given that she has access to, and receives notifications from, the docket in this matter. Otherwise, Plaintiff does not provide any explanation for why she did not file her notice within the thirty−day period. Accordingly, Plaintiff's Motion for Extension of Time, ECF No. 49 , is DENIED. So Ordered by District Judge William E. Smith on 3/7/2024. (Urizandi, Nissheneyra) (Entered: 03/07/2024) |
|---|---|---|
| 03/07/2024 | 52 | Supplemental Record on Appeal transmitted to U.S. Court of Appeals for the First Circuit. 38 Notice of Appeal, 32 Notice of Appeal. Unrestricted Documents Sent: 49 and text order re 49. (Attachments: # 1 Supplemental Record on Appeal)(Urizandi, Nissheneyra) (Entered: 03/07/2024) |
| 03/07/2024 | 53 | MOTION for Reconsideration of TEXT ORDER dated 3/7/2024 and Extension of Time re: Order on Motion for Extension of Time,,,,,,, filed by Mary Seguin. **Responses due by 3/21/2024.** (Attachments: # 1 Email)(Gonzalez Gomez, Viviana) (Entered: 03/07/2024) |

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND

MARY SEGUIN,
*pro se*

*Plaintiff,*

VS.                                Civil Action No. 1:23-cv-126-WES-PAS
                                   U.S. Court of Appeals for the First Circuit Appeal No. 23-1967
                                               Related Appeal No. 23-1978
                                               Related Appeal No. 23-1851


RHODE ISLAND DEPARTMENT OF HUMAN SERVICES in its official capacity; MICHAEL D. COLEMAN, DEBORAH A. BARCLAY in their individual and official capacities; RHODE ISLAND OFFICE OF CHILD SUPPORT SERVICES in its official capacity; KEVIN TIGHE, MONIQUE BONIN, FRANK DIBIASE, WENDY FOBERT, KARLA CABALLEROS, TIMOTHY FLYNN, LISA PINSONNEAULT, CARL BEAUREGARD, PRISCILLA GLUCKSMAN, JOHN LANGLOIS, PAUL GOULD, in their individual and official capacities; RHODE ISLAND STATE COURT SYSTEM in its official capacity; PAUL A. SUTTELL in his individual and official capacity as EXECUTIVE HEAD OF RHODE ISLAND STATE COURT SYSTEM; RHODE ISLAND ADMINISTRATIVE OFFICE OF STATE COURTS in its official capacity; RHODE ISLAND ADMINISTRATIVE OFFICE OF THE SUPERIOR COURT in its official capacity; RHODE ISLAND JUDICIAL COUNCIL in its official capacity; RHODE ISLAND SUPERIOR COURT in its official capacity; RHODE ISLAND SUPERIOR COURT JUDICIAL COUNCIL in its official capacity; THE JUDICIAL TECHNOLOGY CENTER in its official capacity; JULIE HAMIL, MARISA BROWN, JOHN JOSEPH BAXTER, JR., JUSTIN CORREA in their individual and official capacities; RHODE ISLAND OFFICE OF THE ATTORNEY GENERAL in its official capacity; RHODE ISLAND OFFICE OF THE ATTORNEY GENERAL OPEN GOVERNMENT UNIT in its official capacity; ADAM D. ROACH, PETER NERONHA in their official and individual capacities; TYLER TECHNOLOGIES, INC.; GERO MEYERSIEK

            *Defendants*

## PLAINTIFF'S Fed. R. App. P. 4(a)(5) MOTION FOR RECONSIDERATION OF PLAINTIFF'S Fed. R. App. 4(a)(5)(A) MOTION FOR EXTENSION OF TIME (FILED ON 03/01/2024)

## And

## PLAINTIFF'S Fed. R. App. P. 4(a)(5)(A)(ii) MOTION FOR EXTENSION OF TIME

Plaintiff, proceeding from and as a citizen of Texas, respectfully requests pursuant to Fed. R. App. P. 4(a)(5) for reconsideration of the Court's March 7, 2024 DENIAL of PLAINTIFF'S Fed. R. App. P. 4(a)(5)(A)(i) filed with the Clerk of the District Court on March 1, 2024 (ECF 49) (**29** days after the February 1, 2024 district court order) for an extension of time of 30 days to April 1, 2024, pursuant to Fed. R. App. P. 4(a)(5)(C) allowing the Plaintiff the adequate opportunity to consider the March 1, 2024 Order of the United States Court of Appeals for the First Circuit in Appeal No. 23-1967 (*see* attached March 1, 2024 First Circuit Court Order in **Exhibit A**), including but not limited to filing a Notice of Appeal or amend Plaintiff's Notice of Appeal from the district court's post-judgment order in this matter. Plaintiff reserves and preserves all applicable issues and her applicable appellate rights to be raised at the appropriate time in accordance with the laws of civil procedure governing this official federal proceeding.

**PLAINTIFF, in compliance with the March 1, 2024 Appellate Court Order (*see* Order in Exhibit A), notified the United States Court of Appeals that Plaintiff intends to amend the Notice of Appeal, and filed in the district court under FRAP 4(a)(5) for an extension of time to file her amended Notice of Appeal, so as to have the adequate opportunity to review and consider the entirety of the Appellate Court's March 1, 2024 in order to prepare her amended Notice of Appeal.** Again, *also see*, **Exhibit A, the entirety** of the Court of Appeal's March 1, 2024 Court Order.

Paragraph one (1) of Plaintiff's March 1, 2024 FRAP 4(a)(5) Motion clearly states as good cause that "Plaintiff only received the Appellate Court March 1, 2024 Court Order on the afternoon of March 1, 2024, and has not had an adequate opportunity to adequately review, consider or respond" as the good cause basis for moving for an extension of time to amend the

Notice of Appeal under Fed. R. App. P. 4(a)(5)(A)(i) filed on March 1, 2024, which is 29 days after the entry of this district court's February 1, 2024.

Put simply, Plaintiff was preparing Plaintiff's amended Notice of Appeal, and the filing of which expires 30 days, which falls on March 2, 2024, a Saturday.  It is indisputable that the issuance of the March 1, 2024 Court Order by the United States Court of Appeals (*see* Appellate Court Order in Exhibit A) has an affect on/affects Plaintiff's preparation of the amended Notice of Appeal Plaintiff intends to file.  Therefore, Plaintiff filed with the clerk of the district court on March 1, 2024 a Fed. R. App. P. 4(a)(5) motion for extension of time to allow Plaintiff the adequate time to review and consider the Appellate Court Order (see Appellate Court Order in Exhibit A).

Therefore, the district court's March 7, 2024 DENIAL appears **not** to rely on the good cause basis of the issuance of the Appellate Court Order dated March 1, 2024, which is basis of the Plaintiff's Fed. R. App. P 4(a)(5) March 1, 2024 motion for extension of time pursuant to Fed. R. App. P 4(a)(5)(A)(i)   filed within 29 days of the February 1, 2024 district order.

Accordingly, Plaintiff hereby moves for the district court's reconsideration of Plaintiff's timely March 1, 2024 Fed. R. App. P 4(a)(5)(A)(i) Motion for Extension of Time showing good cause the United States Court of Appeals March 1, 2024 issuance of the Order (See Order Exhibit A) that necessitates the Plaintiff to review and consider as it affects Plaintiff's intent and Plaintiff's preparation of Plaintiff's amending the Notice of Appeal.

### Plaintiff's Fed. R. App. P 4(a)(5)(A)(ii) Motion for Extension of Time

Pursuant to Fed. R. App. P 4(a)(5)(A)(ii) and Fed. R. App. P 4(a)(5)(C) Plaintiff, in the alternative, hereby moves for an Extension of Time of 30 Days to April 2, 2024 to amend Plaintiff's Notice of Appeal.

Fed. R. App. P 4(a)(5)(A)(i) states, "a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and"

Fed R. App. P 4(a)(5)(A)(ii) states, "regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires. That party shows excusable neglect or good cause."

Fed. R. App. P 4(a)(5)(C) states, "No extension under this Rule 4(a)(5) may exceed 30 days after the prescribed time or 14 days after the after the date when the order granting the motion is entered, whichever is later.""

Plaintiff's plain reading of the Fed. R. App. P 4(a)(5) Motion for Extension of Time in its relevant parts herein invoked requires the district court to review of motions brought before the Court pursuant to Fed. R. App. P 4(a)(5) under "good cause" when the Plaintiff shows good cause for extension to allow Plaintiff the requested 30 days to April 2, 2024 which is 30 days from the February 1, 2024 district court order.  Plaintiff shows good cause of the issuance by the United States Court of Appeals for the First Circuit of its Court Order on March 1, 2024, in Appeal No. 23-1967 (see Order in Exhibit A).  In compliance, Plaintiff notified the Court of Appeals Plaintiff's intent to amend the Notice of Appeal.  In compliance, Plaintiff moved the district court on March 1, 2024 for under Fed. R. App. P 4(a)(5) for an extension of time to file the amended notice – March 1, 2024 is within 29 days of the February 1, 2024 district court order pursuant to Fed. R. App. P 4(a)(5)(A)(i).  Pursuant to Fed. R. 4(a)(5)(A)(ii), motions for extension of time is accepted "regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause."

Plaintiff's plain reading of Fed. R. App. P 4(a)(5)(A)(i) and Fed. R. App. P 4(a)(5)(A)(ii) makes clear that the appellate rule makes clear that the ==good cause== standard is mandated, because the undisputable fact shows that Plaintiff filed her Fed. R. App. P 4(a)(5) Motion for Extension of Time on March 1, 2024, which is 29 days after the February 1, 2024 district court order.

Also as a matter of undisputed fact, Plaintiff, in compliance with the Appellate Court Order, notified the Court of Appeals for the First Circuit that Plaintiff intends to amend the Notice of Appeal.

## CONCLUSION

**WHEREFORE**, Plaintiff requests this district Court to GRANT an extension of time of 30 days to April 2, 2024 to amend the Notice of Appeal.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 7, 2024, I filed the within Motion with the Clerk of the Court via email at RID_ECF_INTAKE@rid.uscourts.gov and with the Clerk of the Court of the United States Court of Appeals for the First Circuit through the Court's ECF, notice of which is electronically transmitted by the ECF.

Respectfully submitted,

Mary Seguin

Pro Se

/s/ *Mary Seguin*

Email: maryseguin22022@gmail.com
Phone: (281)744-2016
P.O. Box 22022
Houston, TX 77019

Dated: March 7, 2024

Exhibit A

# United States Court of Appeals
## For the First Circuit
———————————

No. 23-1967

MARY SEGUIN,

Plaintiff - Appellant,

v.

RHODE ISLAND DEPARTMENT OF HUMAN SERVICES, in its official capacity; RHODE ISLAND OFFICE OF CHILD SUPPORT SERVICES, in its official capacity; GERO MEYERSIEK, in his individual and official capacity; PRISCILLA GLUCKSMAN; JOHN A. LANGLOIS; PAUL GOULD; MICHAEL D. COLEMAN, in his individual and official capacity; DEBORAH A. BARCLAY, in her individual and official capacity; LISA PINSONNEAULT, in her individual and official capacity; CARL BEAUREGARD, in his individual and official capacity; KEVIN TIGHE; MONIQUE BONIN; FRANK DIBIASE; WENDY FOBERT; KARLA CABALLEROS; TIMOTHY FLYNN; RHODE ISLAND COURT SYSTEM; MARISA BROWN; PAUL A. SUTTELL, in his individual and official capacity as Executive Head of Rhode Island State Court System; RHODE ISLAND ADMINISTRATIVE OFFICE OF STATE COURTS; RHODE ISLAND ADMINISTRATIVE OFFICE OF THE SUPERIOR COURT; RHODE ISLAND JUDICIAL COUNCIL; RHODE ISLAND SUPERIOR COURT; RHODE ISLAND SUPERIOR COURT JUDICIAL COUNCIL; THE JUDICIAL TECHNOLOGY CENTER; JULIE HAMIL; JOHN JOSEPH BAXTER, JR.; JUSTIN CORREA; RHODE ISLAND OFFICE OF THE ATTORNEY GENERAL; RHODE ISLAND OFFICE OF THE ATTORNEY GENERAL OPEN GOVERNMENT UNIT; ADAM D. ROACH; PETER F. NERONHA; TYLER TECHNOLOGIES, INC.,

Defendants - Appellees.
———————————
### ORDER OF COURT

Entered: March 1, 2024
Pursuant to 1st Cir. R. 27.0(d)

The briefing schedule entered on January 22, 2024 is hereby vacated as entered in error.

In 1:23-cv-00126-WES-PAS (D.R.I), Plaintiff-appellant Mary Seguin filed three post-judgment motions pursuant to Rule 59, Rule 60(b) and Rule 60(b)(1) (Docket Entries #34, #35 and #37) which, per Fed. R. App. P. 4(a)(4)(B)(i), tolled the effectiveness of her November 17, 2023 notice of appeal until the district court disposed of the post-judgment motions. On February 1, 2024, the district court entered an order denying the post judgment motions. (D.E. # 48)

The appellant shall inform this court whether or not she intends to file a notice of appeal or amended notice of appeal from the district court's post-judgment order.  <u>See</u> Fed. R. App. P. 4(a)(4)(B)(ii) (noting that if appellant seeks appeal an order disposing of a post-judgment motion or incorporate it into a prior appeal, they must file a notice of appeal or amended notice of appeal within the 30 day period after the order enters). <u>See also</u> Fed. R. App. P. 4(a)(5) (allowing the district court to grant an extension of time to file a notice of appeal if the party so moved no later than 30 days after the time prescribed by Rule 4(a) expires).

A briefing schedule will enter in due course.

By the Court:

Maria R. Hamilton, Clerk

cc:
Mary Seguin
Marissa D. Pizana
Joanna M. Achille
Peter F. Neronha

20

**Viviana Gonzalez Gomez**

| | |
|---|---|
| **From:** | Mary Seguin <maryseguin22022@gmail.com> |
| **Sent:** | Thursday, March 7, 2024 4:52 PM |
| **To:** | RID_ECF_INTAKE |
| **Subject:** | TIME-SENSITIVE - PLAINTIFF'S Fed. R. App. P. 4(a)(5)(A)(i) and (ii) MOTION FOR EXTENSION OF TIME in Civil Action No. 1:23-cv-126-WES-PAS, U.S. Court of Appeals for the First Circuit Appeal No. 23-1967, Related Appeal No. 23-1978, Related Appeal No. 23-... |
| **Attachments:** | Fed 126 FRAP 4a5A Motion for Extension of Time WITH EXHIBIT 030724.pdf |

**CAUTION - EXTERNAL:**

Dear Clerks of the Court of the United States District Court in the District of Rhode Island,

I respectfully submit herewith the PDF file attachment Plaintiff's Fed. R. App. P. 4(a)(5)(A)(i) and (ii) MOTION FOR EXTENSION OF TIME in Civil Action No. 1:23-cv-126-WES-PAS, again emphasizing the actual motion is attached herewith in PDF file.  Because it is TIME SENSITIVE, please urgently file and docket.

Respectfully, this email serves as written Notice that this email itself is NOT a motion for leave to file.  This email serves as my official electronic court submission by email of my attached PDF file of my written motion for extension of time pursuant to Fed. R. App. P. 4(a)(5).

Please do not hesitate to contact me with any questions you may have at (281) 744-2016.

Thank you in advance for your assistance.

Respectfully submitted,
Mary Seguin
Houston, Texas
(281) 744-2016

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.