

# UNITED STATES DISTRICT COURT
## *District of Rhode Island*

### CLERK'S SUPPLEMENTAL CERTIFICATE OF THE RECORD ON APPEAL

| Case Information ||
|---|---|
| Case Caption: **Seguin** | vs. Rhode Island Department of Human Services et al |
| District Court case number: **23cv126** | Court of Appeals case number: **23-1967, 23-1978** |

**Record Information**

Supplemental documents: TEXT ORDER dated 3/11/2024, [57] Notice of Withdrawal
Document #

| | Yes | No |
|---|---|---|
| Sealed documents: *If yes, document #* | ☐ | ☑ |
| *Ex parte* documents: *If yes, document #* | ☐ | ☑ |
| Transcripts: *If yes, document #* | ☐ | ☑ |
| Trial/Hearing exhibits: *If yes, description* | ☐ | ☑ |

**Certification**

I, Hanorah Tyer-Witek, Clerk of the United States District Court for the District of Rhode Island, do certify that the above annexed documents are to be included with the record on appeal in the above referenced case.

Date: 03/11/2024

**HANORAH TYER-WITEK**
Clerk of Court
/S/ *Viviana Gonzalez Gomez*
Deputy Clerk

APPEAL,Pro Se ECF Filer,Pro Se Plaintiff

# U.S. District Court
## District of Rhode Island (Providence)
## CIVIL DOCKET FOR CASE #: 1:23−cv−00126−WES−PAS

| | |
|---|---|
| Seguin v. Rhode Island Department of Human Services et al | Date Filed: 03/30/2023 |
| Assigned to: District Judge William E. Smith | Date Terminated: 10/19/2023 |
| Referred to: Magistrate Judge Patricia A. Sullivan | Jury Demand: Both |
| Demand: $3,000,000 | Nature of Suit: 440 Civil Rights: Other |
| Case in other court:  First Circuit, 23−01967 (requires PACER login) | Jurisdiction: Federal Question |
| First Circuit, 23−01978 (requires PACER login) | |
| Cause: 18:1962 Racketeering (RICO) Act | |

**Plaintiff**

**Mary Seguin**      represented by **Mary Seguin**
P.O. Box 22022
Houston, TX 77019
281−744−2016
Email: maryseguin22022@gmail.com
*PRO SE*

V.

**Defendant**

**Rhode Island Department of Human Services**
*In its official capacity*
     represented by **Marissa D. Pizana**
RI Department of Attorney General
Civil Division
150 South Main Street
Providence, RI 02903
401−274−4400
Email: mpizana@riag.ri.gov
*ATTORNEY TO BE NOTICED*

**Defendant**

**Rhode Island Department of Human Services Office Of Child Support Services**
*In its official capacity*
     represented by **Marissa D. Pizana**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Gero Meyersiek**
*In his individual and official capacity*
     represented by **Joanna M. Achille**
Burns & Levinson LLP
1 Citizens Plaza
Providence, RI 02903
(401) 831−8330
Fax: (617) 345−3299

Email: jachille@burnslev.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Michael D. Coleman**
*In his individual and official capacity*

**Defendant**

**Deborah A. Barclay**
*In her individual and official capacity*

**Defendant**

**Lisa Pinsoneault**
*In her individual and official capacity*

**Defendant**

**Carl Beauregard**
*In his individual and official capacity*

**Defendant**

**Kevin Tighe**

**Defendant**

**Monique Bonin**

**Defendant**

**Frank Dibiase**

**Defendant**

**Wendy A. Fobert**

**Defendant**

**Karla Caballeros**

**Defendant**

**Timothy Flynn**

**Defendant**

**Rhode Island Court System**

**Defendant**

**Paul A Suttell**
*L in his individual and official capacity as Executive Head OF Rhode Island State Court System*

**Defendant**

**Rhode Island Administrative Office of State Courts**

**Defendant**

**Rhode Island Administrative Office of the Superior Court**

**Defendant**

**Rhode Island Judicial Council**

**Defendant**

**Rhode Island Superior Court**

**Defendant**

**Rhode Island Superior Court Judicial Council**

**Defendant**

**The Judicial Technology Center**

**Defendant**

**Julie Hamil**

**Defendant**

**Marisa P. Brown**

**Defendant**

**John Joseph Baxter, Jr.**

**Defendant**

**Justin Correa**

**Defendant**

**Rhode Island Office of the Attorney General**

**Defendant**

**Rhode Island Office of the Attorney General Open Government Unit**

**Defendant**

**Adam Roach**

**Defendant**

**Peter Neronha**

**Defendant**

**Tyler Technologies, Inc.**

| Date Filed | # | Docket Text |
|---|---|---|
| 03/30/2023 | 1 | COMPLAINT ( filing fee paid $ 402.00 receipt number ARIDC−1855567 ), filed by Mary Seguin.(DaCruz, Kayla) (Entered: 03/30/2023) |
| 03/30/2023 |   | CORRECTIVE DOCKET ENTRY Regarding: 1 Complaint. **CORRECTIVE DOCKET ENTRY:** This case has been electronically filed and processed, however, after a quality control review the following deficiencies were found:Civil Cover Sheet not attached. The filer is directed to file a Civil Cover Sheet within one day. (DaCruz, Kayla) (Entered: 03/30/2023) |
| 03/30/2023 | 2 | Civil Cover Sheet filed by Mary Seguin. Regarding New Case: 1 Complaint. (Attachments: # 1 Email)(DaCruz, Kayla) (Entered: 03/30/2023) |
| 03/30/2023 | 3 | Summons Request filed by Mary Seguin. (Attachments: # 1 Rhode Island Department of Human Services Office of Child Support Services Summons, # 2 Gero Meyersiek Summons)(DaCruz, Kayla) (Additional attachment(s) added on 3/30/2023: # 3 Email) (DaCruz, Kayla). (Entered: 03/30/2023) |
| 03/30/2023 | 4 | MOTION for Leave to Proceed as Pro Se Electronic Filer filed by Mary Seguin. (Attachments: # 1 Email)(DaCruz, Kayla) (Entered: 03/30/2023) |
| 03/30/2023 |   | CASE CONDITIONALLY ASSIGNED to District Judge William E. Smith and Magistrate Judge Patricia A. Sullivan. Related Case Number 23cv34 based upon a related case previously assigned to the presiding judge. The assignment is subject to the presiding judge's determination that the cases, in fact, are related. (DaCruz, Kayla) (Entered: 03/30/2023) |
| 03/30/2023 | 5 | CASE OPENING NOTICE ISSUED (DaCruz, Kayla) (Entered: 03/30/2023) |
| 03/30/2023 | 6 | Summons Issued as to Gero Meyersiek, Rhode Island Department of Human Services, Rhode Island Department of Human Services Office of Child Support Services. (Attachments: # 1 Rhode Island Department of Human Services Office Of Child Support Services Summons, # 2 Gero Meyersiek Summons)(DaCruz, Kayla) (Entered: 03/30/2023) |
| 03/30/2023 |   | TEXT ORDER granting 4 Motion for Leave to Proceed as Pro Se Electronic Filer. So Ordered by District Judge William E. Smith on 3/30/2023. (Urizandi, Nissheneyra) (Entered: 03/30/2023) |
| 07/07/2023 | 7 | ORDER TO SHOW CAUSE entered. Show Cause Response due by 7/21/2023. So Ordered by District Judge William E. Smith on 7/7/2023. (Urizandi, Nissheneyra) (Entered: 07/07/2023) |
| 07/07/2023 |   | CASE PERMANENTLY ASSIGNED: Since District Judge William E. Smith has determined that this case is in fact related to CA 22−cv−34 this case is permanently assigned to District Judge William E. Smith for all further proceedings. (Urizandi, Nissheneyra) (Entered: 07/07/2023) |
| 07/20/2023 | 8 |   |

| | | |
|---|---|---|
| | | AFFIDAVIT re 7 Order to Show Cause *Rule 4(m) Show Cause Declaration* by Mary Seguin. (Attachments: # 1 Exhibit Exhibits A to B attached to Plaintiff's Rule 4(m) Show Cause Declaration)(Seguin, Mary) (Entered: 07/20/2023) |
| 08/07/2023 | 9 | NOTICE of Appearance by Marissa D. Pizana on behalf of Rhode Island Department of Human Services, Rhode Island Department of Human Services Office Of Child Support Services (Pizana, Marissa) (Entered: 08/07/2023) |
| 08/07/2023 | 10 | MOTION for an Extension of Time to File Answer re 1 Complaint *or Otherwise Respond to the Complaint* filed by Rhode Island Department of Human Services, Rhode Island Department of Human Services Office Of Child Support Services. **Responses due by 8/21/2023.** (Pizana, Marissa) (Entered: 08/07/2023) |
| 08/07/2023 | 11 | EXHIBIT IN SUPPORT by Rhode Island Department of Human Services, Rhode Island Department of Human Services Office Of Child Support Services in support of 10 MOTION for an Extension of Time to File Answer re 1 Complaint *or Otherwise Respond to the Complaint* . (Pizana, Marissa) (Entered: 08/07/2023) |
| 08/08/2023 | 12 | MOTION for an Extension of Time to Amend 1 Complaint *Pursuant to Rule 15* filed by Mary Seguin. **Responses due by 8/22/2023.** (Attachments: # 1 Exhibit Exhibit A to E attached to Plaintiff Motion for Extension of Time To Amend Complaint 080823, # 2 Affidavit Affidavit in Support of Plaintiff Motion for Extension of Time to Amend Complaint 080823, # 3 Exhibit Exhibit A to D attached to Affidavit in Support of Plaintiff Motion for Extension of Time to Amend Complaint 080823)(Seguin, Mary) (Entered: 08/08/2023) |
| 08/10/2023 | 13 | NOTICE of Appearance by Joanna M. Achille on behalf of Gero Meyersiek (Achille, Joanna) (Entered: 08/10/2023) |
| 08/10/2023 | 14 | First MOTION for an Extension of Time to File Answer re 1 Complaint filed by Gero Meyersiek. **Responses due by 8/24/2023.** (Achille, Joanna) (Entered: 08/10/2023) |
| 08/15/2023 | | TEXT ORDER granting 10 Motion for Extension of Time to Answer. Rhode Island Department of Human Services answer due 10/9/2023; Rhode Island Department of Human Services Office of Child Support Services answer due 10/9/2023. So Ordered by District Judge William E. Smith on 8/15/2023. (Urizandi, Nissheneyra) (Entered: 08/15/2023) |
| 08/16/2023 | 15 | RESPONSE In Opposition to 12 MOTION for an Extension of Time to Amend 1 Complaint *Pursuant to Rule 15* filed by Rhode Island Department of Human Services, Rhode Island Department of Human Services Office Of Child Support Services. **Replies due by 8/23/2023.** (Pizana, Marissa) (Entered: 08/16/2023) |
| 08/16/2023 | 16 | REPLY to Response re 15 Response to Motion, *Plaintiff's Motion for Extension of Time to Amend Complaint* filed by Mary Seguin. (Seguin, Mary) (Entered: 08/16/2023) |
| 08/17/2023 | 17 | MOTION for Temporary Restraining Order filed by Mary Seguin. (Attachments: # 1 Supporting Memorandum Memorandum In Support of Motion for Preliminary Injunction and Temporary Restraining Order, # 2 Affidavit Affidavit in Support of Plaintiff Motion for TRO, # 3 Exhibit Exhibits Attached to Plaintiff Motion for TRO and Preliminary Injunction)(Seguin, Mary) (Entered: 08/17/2023) |
| 08/17/2023 | 18 | AFFIDAVIT re 17 MOTION for Temporary Restraining Order *and Motion for Preliminary Injunction* by Mary Seguin. (Seguin, Mary) (Entered: 08/17/2023) |
| 08/18/2023 | 19 | |

5

| | | |
|---|---|---|
| | | AFFIDAVIT re 17 MOTION for Temporary Restraining Order *and Rule 65(a) Motion for Injunctive Relief* by Mary Seguin. (Attachments: # 1 Exhibit Rhode Island Family Court Emergency Motion to Stay Proceedings)(Seguin, Mary) (Entered: 08/18/2023) |
| 08/18/2023 | 20 | EXHIBIT IN SUPPORT by Mary Seguin in support of 18 Affidavit, 17 MOTION for Temporary Restraining Order , 1 Complaint, 19 Affidavit *Affidavit in Support of Evidence Submitted for Complaint and Motion for Temporary Restraining Order*. (Seguin, Mary) (Entered: 08/18/2023) |
| 08/18/2023 | 21 | EXHIBIT IN SUPPORT by Mary Seguin in support of 1 Complaint . (Attachments: # 1 Exhibit Documentary Evidentiary Support, # 2 Exhibit Evidentiary Support, # 3 Exhibit Evidentiary Support, # 4 Exhibit Evidentiary Support, # 5 Exhibit Evidentiary Support, # 6 Exhibit Evidentiary Support, # 7 Exhibit Audio Recording Evidentiary Support)(Seguin, Mary) (Entered: 08/18/2023) |
| 08/18/2023 | 22 | DOCKET NOTE: Audio file was received and will be maintained in the Clerk's Office. Regarding: 20 Exhibit in Support, 21 Exhibit in Support, 18 Affidavit, 17 MOTION for Temporary Restraining Order , 1 Complaint, 19 Affidavit. (Kenny, Meghan) (Entered: 08/18/2023) |
| 08/18/2023 | 23 | Emergency MOTION for Hearing re 17 MOTION for Temporary Restraining Order filed by Mary Seguin. **Responses due by 9/1/2023.** (Seguin, Mary) (Entered: 08/18/2023) |
| 08/18/2023 | 24 | Second MOTION for Hearing re 17 MOTION for Temporary Restraining Order filed by Mary Seguin. **Responses due by 9/1/2023.** (Kenny, Meghan) (Entered: 08/18/2023) |
| 08/18/2023 | | TEXT ORDER denying Plaintiff's 17 Motion for Temporary Restraining Order and Preliminary Injunction. Because the ongoing proceedings in state court implicate a significant state interest, the Younger abstention doctrine applies, requiring this Court to abstain from enjoining ongoing state proceedings. See Younger v. Harris, 401 U.S. 37 (1971); Sirva Relocation, LLC v. Richie, 794 F.3d 185, 191–93 (1st Cir. 2015). The ongoing proceeding in Family Court implicates the State's interest in enforcing the orders and judgments of its courts and in its ability to collect child support payments, the state court is fully competent to adjudicate Plaintiff's claims, and no Younger abstention exceptions apply. See Sirva, 794 F.3d at 192. Accordingly, Plaintiff's 17 Motion for Temporary Restraining Order and Preliminary Injunction is DENIED. So Ordered by District Judge William E. Smith on 8/18/2023. (Urizandi, Nissheneyra) (Entered: 08/18/2023) |
| 08/18/2023 | | TEXT ORDER granting Plaintiff's 12 Motion for an Extension of Time to Amend Complaint and Defendant Gero Meyersiek's 14 First Motion for an Extension of Time to File Answer. Because Defendants have not yet filed a responsive pleading, Plaintiff is permitted to amend her Complaint pursuant to Federal Rule of Civil Procedure 15(a). Plaintiff is directed to file her amended complaint within fourteen days from the date of this order. In light of this extension, Defendant Gero Meyersieks request for an extension of time is also granted, and he is directed to respond to Plaintiff's amended complaint within 60 days of its filing. So Ordered by District Judge William E. Smith on 8/18/2023. (Urizandi, Nissheneyra) (Entered: 08/18/2023) |
| 08/18/2023 | | TEXT ORDER denying Plaintiff's 23 Emergency Motion for Hearing and 24 Second Motion for Hearing. In light of the denial of Plaintiff's 17 Motion for Temporary Restraining Order and Preliminary Injunction, Plaintiff's requests for a hearing on that motion are DENIED as MOOT. So Ordered by District Judge William E. Smith on 8/18/2023. (Urizandi, Nissheneyra) (Entered: 08/18/2023) |

| | | |
|---|---|---|
| 09/01/2023 | 25 | AMENDED COMPLAINT against All Defendants, filed by Mary Seguin.(Seguin, Mary) (Entered: 09/01/2023) |
| 09/05/2023 | 26 | NOTICE by Mary Seguin *Notice and Demand of Claims Against Defendants' Liability Insurance Policies and Coverage* (Seguin, Mary) (Entered: 09/05/2023) |
| 09/06/2023 | 27 | MOTION for an Extension of Time to File Answer re 25 Amended Complaint filed by Rhode Island Department of Human Services, Rhode Island Department of Human Services Office Of Child Support Services. **Responses due by 9/20/2023.** (Pizana, Marissa) (Entered: 09/06/2023) |
| 09/08/2023 | 28 | RESPONSE In Opposition to 27 MOTION for an Extension of Time to File Answer re 25 Amended Complaint filed by Mary Seguin. **Replies due by 9/15/2023.** (Seguin, Mary) (Entered: 09/08/2023) |
| 09/19/2023 | | TEXT ORDER granting 27 Motion for an Extension of Time to File Answer. Rhode Island Department of Human Services' answer is due November 17, 2023; Rhode Island Department of Human Services Office of Child Support Services' answer is due November 17, 2023. So Ordered by District Judge William E. Smith on 9/19/2023. (Urizandi, Nissheneyra) (Entered: 09/19/2023) |
| 09/30/2023 | 29 | First MOTION for Recusal *Pursuant to 28 U.S.C. § 455* filed by Mary Seguin. **Responses due by 10/16/2023.** (Seguin, Mary) (Entered: 09/30/2023) |
| 10/02/2023 | | TEXT ORDER denying Plaintiff's 29 Motion for Recusal. Plaintiff "moves to recuse and/or disqualify" me and "all justices, judges, or magistrate judges... in the U.S. District Court of Rhode Island." A judge may be disqualified from a case if "(1) the judges impartiality may reasonably be questioned; or (2) the judge may have a personal bias or prejudice concerning a party." United States v. Kelley, 712 F.2d 884, 889 (1st Cir. 1983); see 28 U.S.C. § 455. Plaintiff argues that I and the other judges of this Court should disqualify ourselves because we did so sua sponte in her past lawsuits. Plaintiff does not identify any other facts to support her argument that I should recuse myself from this case. Plaintiffs argument is plainly insufficient to justify recusal and disqualification. See United States v. Houston, No. 3:13–10–DCR, 2013 WL 3975405, at *10 (E.D. Tenn. July 29, 2013) ("A judges recusal in a prior case does not alone require disqualification in a subsequent case."). Accordingly, Plaintiffs motion for Recusal is DENIED. So Ordered by District Judge William E. Smith on 10/2/2023. (Urizandi, Nissheneyra) (Entered: 10/02/2023) |
| 10/17/2023 | 30 | Summons Request filed by Mary Seguin. (Attachments: # 1 Summons Request, # 2 Summons Request)(Kenny, Meghan) (Entered: 10/17/2023) |
| 10/19/2023 | | TEXT ORDER dismissing the action under Younger abstention. Though not raised by the parties, the Court has the power and obligation to dismiss an action if the principles of abstention so require. See Guillemard–Ginorio v. Contreras–Gomez, 585 F.3d 508, 517–18 (1st Cir. 2009); see also Bellotti v. Baird, 428 U.S. 132, 14344 n.10 (1976) (recognizing that "abstention may be raised by the court sua sponte"). Plaintiff filed a 91–page Amended Complaint asking the Court to address the child support payments for which she alleges she is being wrongfully charged and her perceived grievance that she is being denied access to court records under the Rhode Island Access to Public Records Act ("APRA"). See generally Am. Compl., ECF No. 25 . Plaintiff seeks to impede both the child support proceedings before the Rhode Island Family Court ("Family Court") and her action before the Rhode Island Superior Court ("Superior Court") concerning her alleged denial of access to court records. The telltale signs that Plaintiff is attempting to encumber state court proceedings are the facts that Plaintiff, in |

7

her Amended Complaint, included as parties, among others, the Superior Court, various state court clerks, and the Chief Justice of the Rhode Island Supreme Court; Plaintiff filed a Motion for Temporary Restraining Order and Preliminary Injunction seeking to "enjoin[] and restrain[] the Defendants from continuing prosecution of the family court proceeding against the Plaintiff," Mot. for TRO and Prelim. Inj. 16, ECF No. 17 ; and Plaintiff asked the Court, in her Amended Complaint, to "[e]njoin the Defendants'[] enforcement and practices of rules, practices, and/or policies" of the state courts, Am. Compl. 90. The issues being considered before the Family Court directly relate to this case because, according to the Amended Complaint, Defendant Rhode Island Department of Human Services ("RIDHS") is seeking child support arrearage interest from Plaintiff. See Am. Compl.¶¶ 135–37 (recognizing that RIDHS is seeking compound interest). Moreover, Plaintiff admits that she has a pending case before the Superior Court where she alleges violations of the APRA. See Am. Compl. ¶ 2; see also Seguin v. R.I. Dept of Human Servs., PC–2022–07215 (R.I. Super. Ct.). The Court takes judicial notice of the proceedings before both state tribunals. See Meyersiek v. Seguin, K–2001–0521M (R.I. Fam. Ct.); see also Fed. R. Evid. 201 (permitting, "at any stage of the proceeding," sua sponte judicial notice of facts "not subject to reasonable dispute because" they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned"). The Younger abstention doctrine, derived from Younger v. Harris, 401 U.S. 37 (1971), "counsels federal–court abstention when there is a pending state proceeding." Moore v. Sims, 442 U.S. 415, 423 (1979). For the doctrine to apply, certain elements must be met. "First, the pending state [court] proceeding must fall into one of three categories: 1) criminal prosecutions, 2) civil proceedings that are 'akin to criminal prosecutions' ('quasi–criminal proceedings') or 3) civil proceedings that 'implicate a State's interest in enforcing the orders and judgments of its courts.'" Credit Acceptance Corp. v. Healey, 544 F. Supp. 3d 139, 143 (D. Mass. 2021) (quoting Sirva Relocation, LLC v. Richie, 794 F.3d 185, 192 (1st Cir. 2015)). Here, relief for Plaintiff in the pending Family Court case would implicate the state's interest in enforcing the orders and judgments of its courts concerning the payment and collection of child support. See Seguin v. Bedrosian, No. 12–cv–614–JD, 2013 WL 367722, at *2 (D.R.I. Jan. 30, 2013). Moreover, the state has an asserted interest in having appeals under the APRA be heard before the Superior Court. See R.I. Gen. Laws § 38–2–9. Second, the state court case must satisfy the factors identified in Middlesex County Ethics Committee v. Garden State Bar Association, 457 U.S. 423 (1982): "1) the state proceeding is ongoing, 2) it involves significant state interests and 3) it provides an adequate opportunity for the plaintiff to raise his federal claims in state court." Credit Acceptance Corp., 544 F. Supp. 3d at 143; see also Middlesex, 457 U.S. at 432. The first factor is satisfied because the proceedings are ongoing. The second factor is satisfied because the state has an interest in family relations and the payment and collection of child support, see Eastman v. New Hampshire, No. 11–cv–316–SM, 2012 WL 405487, at *3 (D.N.H. Jan. 17, 2012), report and recommendation adopted, No. 11–cv–316–SM, 2012 WL 405507 (D.N.H. Feb. 8, 2012), and an interest in the "fair and orderly administration of justice" that includes maintaining sensitive and confidential judicial records, see Courthouse News Serv. v. Quinlan, 32 F.4th 15, 21 (1st Cir. 2022). As for the third factor, "[e]xcept in the most extraordinary cases, a federal court must presume that state courts, consistent with the imperatives of the Supremacy Clause, see U.S. Const. art. VI, are fully competent to adjudicate federal constitutional and statutory claims properly presented by the parties." Casa Marie, Inc. v. Super. Ct. of P.R., 988 F.2d 252, 262 (1st Cir. 1993) (footnote omitted). Nothing suggests that the Family Court and the Superior Court cannot hear Plaintiff's federal claims. Third, none of the Younger abstention exceptions apply. See Sirva, 794 F.3d at 192 (finding abstention

| | | |
|---|---|---|
| | | inappropriate if 1) the state proceeding is brought "in bad faith" to harass, 2) the state forum cannot adequately protect federal rights, or 3) the state statute is "flagrantly and patently violative of express constitutional prohibitions" (citations omitted)). Accordingly, because the Court does not have jurisdiction over Plaintiff's case, it is DISMISSED in its entirety. Because Plaintiff has a history of filing frivolous and repetitive motions following decisions of the Court of which she disapproves, see Seguin v. R.I. Office of Child Support Servs., No. 1:23–cv–00034–WES–PAS (D.R.I.), it is further ORDERED that the Courts March 30, 2023, Text Order granting Plaintiff Leave to Proceed as a Pro Se Electronic Filer is VACATED. Plaintiff's Electronic Filer privileges are revoked. See LR Gen 302(b). So Ordered by District Judge William E. Smith on 10/19/2023. (Simoncelli, Michael) (Entered: 10/19/2023) |
| 10/19/2023 | 31 | JUDGMENT. So Ordered by Clerk of Court on 10/19/2023. (Simoncelli, Michael) (Entered: 10/19/2023) |
| 11/17/2023 | | TEXT ORDER: The Court is in receipt of Plaintiff's two recent emails to the Clerk's Office. The Court construes these emails as motions for leave to file the motions attached to those emails and denies leave to file for the reasons given in its earlier text orders. So Ordered by District Judge William E. Smith on 11/17/2023. (Urizandi, Nissheneyra) Modified on 11/17/2023 to correct a typo. (Urizandi, Nissheneyra). (Entered: 11/17/2023) |
| 11/17/2023 | | TEXT ORDER: The Court is in receipt of Plaintiff's email to the Clerk's Office this afternoon. As with its order issued earlier today, the Court construes this email as a motion for leave to file the motion attached to the email and denies leave to file for the reasons given in its earlier text orders. So Ordered by District Judge William E. Smith on 11/17/2023. (Urizandi, Nissheneyra) (Entered: 11/17/2023) |
| 11/17/2023 | 32 | NOTICE OF APPEAL by Mary Seguin as to Text Order, Text Order, **NOTICE TO COUNSEL: Counsel should register for a First Circuit CM/ECF Appellate Filer Account at http://pacer.psc.uscourts.gov/cmecf/. Counsel should also review the First Circuit requirements for electronic filing by visiting the CM/ECF Information section at   http://www.ca1.uscourts.gov/cmecf** Appeal Record due by 11/24/2023. (Attachments: # 1 Envelope)(Kenny, Meghan) (Entered: 11/17/2023) |
| 11/17/2023 | 33 | CLERK'S CERTIFICATE AND APPELLATE COVER SHEET: Abbreviated record on appeal consisting of notice of appeal, order(s) being appealed, and a certified copy of the district court docket report transmitted to the U.S. Court of Appeals for the First Circuit in accordance with 1st Cir. R. 11.0(b). 32 Notice of Appeal. Documents Sent: Text Order 11/17/2023, Text Order 11/17/2023. (Attachments: # 1 Record on Appeal)(Kenny, Meghan) (Entered: 11/17/2023) |
| 11/17/2023 | 34 | MOTION Rule 59 for a New Trial filed by Mary Seguin. **Responses due by 12/1/2023.** (Attachments: # 1 Email)(DaCruz, Kayla) (Entered: 11/20/2023) |
| 11/17/2023 | 35 | MOTION Rule 60(b) filed by Mary Seguin. **Responses due by 12/1/2023.** (Attachments: # 1 Email)(DaCruz, Kayla) (Entered: 11/20/2023) |
| 11/17/2023 | 36 | DOCKET NOTE: Duplicate received regarding: 34 MOTION Rule 59 for a New Trial . (Attachments: # 1 Email) (DaCruz, Kayla) (Entered: 11/20/2023) |
| 11/17/2023 | 37 | MOTION Rule 60(b)(1) filed by Mary Seguin. **Responses due by 12/1/2023.** (Attachments: # 1 Email)(DaCruz, Kayla) (Entered: 11/20/2023) |

9

| | | |
|---|---|---|
| 11/20/2023 | | TEXT ORDER: On November 17, 2023, Plaintiff attempted to file three motions in this case. Plaintiff emailed these motions to the Clerk's Office because the Court revoked Plaintiff's electronic filer privileges in its October 19, 2023, text order. After reviewing the three motions, the Court denied Plaintiff leave to file. However, although Plaintiff must seek leave to file documents in another case before this Court, the same restriction does not apply in this case. Therefore, the Clerk's Office is directed to docket the three motions Plaintiff sought to file. Plaintiff has now appealed, so this Court has limited jurisdiction, but when Plaintiff's appeal is resolved the Court will resolve these three motions. So Ordered by District Judge William E. Smith on 11/20/2023. (Urizandi, Nissheneyra) (Entered: 11/20/2023) |
| 11/20/2023 | | USCA Case Number 23−1967 for 32 Notice of Appeal, filed by Mary Seguin. (Hill, Cherelle) (Entered: 11/20/2023) |
| 11/20/2023 | 38 | NOTICE OF APPEAL by Mary Seguin as to 11/20/2023 Text Order.<br><br>**NOTICE TO COUNSEL: Counsel should register for a First Circuit CM/ECF Appellate Filer Account at http://pacer.psc.uscourts.gov/cmecf/. Counsel should also review the First Circuit requirements for electronic filing by visiting the CM/ECF Information section at  http://www.ca1.uscourts.gov/cmecf** Appeal Record due by 11/27/2023. (Attachments: # 1 Email)(DaCruz, Kayla) (Entered: 11/20/2023) |
| 11/20/2023 | 39 | CLERK'S CERTIFICATE AND APPELLATE COVER SHEET: Abbreviated record on appeal consisting of notice of appeal, order(s) being appealed, and a certified copy of the district court docket report transmitted to the U.S. Court of Appeals for the First Circuit in accordance with 1st Cir. R. 11.0(b). 38 Notice of Appeal. (Attachments: # 1 Record on Appeal)(DaCruz, Kayla) (Entered: 11/20/2023) |
| 11/20/2023 | 40 | Supplemental Record on Appeal transmitted to U.S. Court of Appeals for the First Circuit. 32 Notice of Appeal,,. (Attachments: # 1 Text Order)(Urizandi, Nissheneyra) (Entered: 11/20/2023) |
| 11/27/2023 | | USCA Case Number 23−1978 for 38 Notice of Appeal, filed by Mary Seguin. (Hill, Cherelle) (Entered: 11/27/2023) |
| 11/28/2023 | 41 | RESPONSE In Opposition to 34 MOTION Rule 59 for a New Trial filed by Rhode Island Department of Human Services, Rhode Island Department of Human Services Office Of Child Support Services. **Replies due by 12/5/2023.** (Pizana, Marissa) (Entered: 11/28/2023) |
| 11/28/2023 | 42 | RESPONSE In Opposition to 35 MOTION Rule 60(b) filed by Rhode Island Department of Human Services, Rhode Island Department of Human Services Office Of Child Support Services. **Replies due by 12/5/2023.** (Pizana, Marissa) (Entered: 11/28/2023) |
| 11/28/2023 | 43 | RESPONSE In Opposition to 37 MOTION Rule 60(b)(1) filed by Rhode Island Department of Human Services, Rhode Island Department of Human Services Office Of Child Support Services. **Replies due by 12/5/2023.** (Pizana, Marissa) (Entered: 11/28/2023) |
| 11/28/2023 | 44 | REPLY to Response re 43 Response to Motion, 42 Response to Motion, 41 Response to Motion, filed by Mary Seguin. (Attachments: # 1 Email) (Gonzalez Gomez, Viviana) (Entered: 11/29/2023) |

| | | |
|---|---|---|
| 12/04/2023 | 45 | MOTION to Stay *Pending Appeal* filed by Mary Seguin. **Responses due by 12/18/2023.** (Attachments: # 1 Email)(Hill, Cherelle) (Entered: 12/04/2023) |
| 12/05/2023 | | TEXT ORDER denying Plaintiff's 45 Motion to Stay Pending Appeal under Federal Rule of Appellate Procedure 8. Plaintiff seeks a stay of judgment pending appeal. Before seeking relief from the Court of Appeals, a litigant must first request relief from the District Court. Dist. 4 Lodge of Intl Assoc. of Machinists & Aerospace Workers Loc. Lodge 207 v. Raimondo, No. 1:21–cv–00275–LEW, 2021 WL 5163306, at *1 (D. Me. Nov. 5, 2021). The factors that govern the issuance of a preliminary injunction are the same as the factors for relief under Rule 8. Id. (citing Bos. Parent Coal. for Acad. Excellence Corp. v. Sch. Comm. of City of Bos., 996 F.3d 37, 44 (1st Cir. 2021)). To grant such relief, "a district court must find the following four elements satisfied: (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm absent interim relief, (3) a balance of equities in the [movants] favor, and (4) service of the public interest." Arborjet, Inc. v. Rainbow Treecare Sci. Advancements, Inc., 794 F.3d 168, 171 (1st Cir. 2015). Here, Plaintiff has not made a showing that any of the factors justify staying judgment pending appeal. Principally, Plaintiff will not face irreparable harm absent interim relief. If, hypothetically, the Court granted Plaintiffs' Motion, the stay would not have any legal effect because there is nothing for the Court to enjoin. In other words, there is no immediate harm facing Plaintiff for the Court to prevent. The status quo would be the same whether or not the Court grants Plaintiffs motion. Plaintiff misunderstands this point. Therefore, Plaintiff's 45 Motion to Stay Pending Appeal is DENIED. So Ordered by District Judge William E. Smith on 12/5/2023. (Simoncelli, Michael) (Entered: 12/05/2023) |
| 12/14/2023 | 47 | U.S. Court of Appeals for the First Circuit Appeal Fees received $505.00 re: 32 Notice of Appeal, filed by Mary Seguin. (Gonzalez Gomez, Viviana) (Additional attachment(s) added on 12/27/2023: # 2 Envelope with Payment, # 3 Envelope – FedEx) (Gonzalez Gomez, Viviana). (Entered: 12/27/2023) |
| 12/27/2023 | 46 | Supplemental Record on Appeal transmitted to U.S. Court of Appeals for the First Circuit. 32 Notice of Appeal. Unrestricted Documents Sent: [doc] filing date 12/14/2023. (Attachments: # 1 Supplemental Record on Appeal) (Gonzalez Gomez, Viviana) (Entered: 12/27/2023) |
| 02/01/2024 | 48 | ORDER denying Plaintiff's 34 Rule 59 Motion for a New Trial, denying 35 Rule 60(b) Motion, and denying as moot 37 Rule 60(b)(1) Motion. So Ordered by District Judge William E. Smith on 2/1/2024. (Urizandi, Nissheneyra) (Entered: 02/01/2024) |
| 03/01/2024 | 49 | MOTION for an Extension of Time filed by Mary Seguin. **Responses due by 3/15/2024.** (Hill, Cherelle) (Entered: 03/04/2024) |
| 03/04/2024 | 50 | Supplemental Record on Appeal transmitted to U.S. Court of Appeals for the First Circuit. 38 Notice of Appeal,, 32 Notice of Appeal,,. Unrestricted Documents Sent: 34, 35, 37, and 49. (Attachments: # 1 Supplemental Record on Appeal)(Urizandi, Nissheneyra) (Entered: 03/04/2024) |
| 03/04/2024 | 51 | Supplemental Record on Appeal transmitted to U.S. Court of Appeals for the First Circuit. 32 Notice of Appeal re: 49 (Attachments: # 1 Supplemental Record on Appeal)(Hill, Cherelle) (Entered: 03/04/2024) |
| 03/07/2024 | | TEXT ORDER: Plaintiff moves to extend the time to file a notice of appeal of the Court's 48 Order denying her post–judgment motions. See Pl.'s Fed. R. App. P. 4(a)(5) Mot. Extension Time ("Pl.s Mot."), ECF No. 49 . Under Federal Rule of Appellate Procedure 4(a)(1)(A), Plaintiff had to file a notice of appeal by March 2, 2024. For the |

11

| | | |
|---|---|---|
| | | Court to extend the deadline, the moving party must demonstrate "excusable neglect" or "good cause." 28 U.S.C. § 2107(c); Fed. R. App. P. 4(a)(5)(A)(ii). The "good cause" standard is met where the tardy filing "resulted entirely from external causes." Mirpuri v. ACT Mfg., Inc., 212 F.3d 624, 630 (1st Cir. 2000). The "excusable neglect" standard is met where the moving party "demonstrate[s] unique or extraordinary circumstances" prevented her from filing the notice. Id. at 631 (citation omitted). "Extraordinary circumstances" do not include the moving party's "inadvertence, ignorance of the rules, or mistakes construing the rules." Id. (quoting Pioneer Inv. Servs. Co. v. Brunswick Associates Ltd. P'ship, 507 U.S. 380, 392 (1993)). Plaintiff appears to blame the undersigned for her tardy filing. See Pl's Mot. 2. Her grievance does not change the fact that Plaintiff had notice of this Court's February 1, 2024 Order given that she has access to, and receives notifications from, the docket in this matter. Otherwise, Plaintiff does not provide any explanation for why she did not file her notice within the thirty−day period. Accordingly, Plaintiff's Motion for Extension of Time, ECF No. 49 , is DENIED. So Ordered by District Judge William E. Smith on 3/7/2024. (Urizandi, Nissheneyra) (Entered: 03/07/2024) |
| 03/07/2024 | 52 | Supplemental Record on Appeal transmitted to U.S. Court of Appeals for the First Circuit. 38 Notice of Appeal, 32 Notice of Appeal. Unrestricted Documents Sent: 49 and text order re 49. (Attachments: # 1 Supplemental Record on Appeal)(Urizandi, Nissheneyra) (Entered: 03/07/2024) |
| 03/07/2024 | 53 | MOTION for Reconsideration of TEXT ORDER dated 3/7/2024 and Extension of Time re: Order on Motion for Extension of Time,,,,,,, filed by Mary Seguin. **Responses due by 3/21/2024.** (Attachments: # 1 Email)(Gonzalez Gomez, Viviana) (Entered: 03/07/2024) |
| 03/08/2024 | 54 | Supplemental Record on Appeal transmitted to U.S. Court of Appeals for the First Circuit. 38 Notice of Appeal, 32 Notice of Appeal. Unrestricted Documents Sent: 53. (Attachments: # 1 Supplemental Record on Appeal) (Gonzalez Gomez, Viviana) (Entered: 03/08/2024) |
| 03/08/2024 | | TEXT ORDER denying Plaintiff's 53 Motion for Reconsideration for the same reasons stated in the Courts March 7, 2024 Text Order. So Ordered by District Judge William E. Smith on 3/8/2024. (Urizandi, Nissheneyra) (Entered: 03/08/2024) |
| 03/08/2024 | 55 | MOTION to Stay re Order on Motion for Extension of Time, Order on Motion for Miscellaneous Relief filed by Mary Seguin. **Responses due by 3/22/2024.** (Attachments: # 1 Exhibit A, # 2 Email) (Hill, Cherelle) **CLERK'S NOTE:** *Docket entry was edited 3/8/2024 to modify the docket text.* (Attachment 1 replaced on 3/8/2024) (Additional attachment added on 3/8/2024: # 3 Email 2) (Gonzalez Gomez, Viviana). (Entered: 03/08/2024) |
| 03/08/2024 | 56 | Supplemental Record on Appeal transmitted to U.S. Court of Appeals for the First Circuit. 38 Notice of Appeal, 32 Notice of Appeal. Unrestricted Documents Sent: TEXT ORDER dated 3/8/2024, 55 . (Attachments: # 1 Supplemental Record on Appeal) (Gonzalez Gomez, Viviana) (Entered: 03/08/2024) |
| 03/11/2024 | | TEXT ORDER denying Plaintiff's 55 Motion to Stay for the same reasons stated in the Court's December 5, 2023 and March 7, 2024 Text Orders. So Ordered by District Judge William E. Smith on 3/11/2024. (Urizandi, Nissheneyra) (Entered: 03/11/2024) |
| 03/11/2024 | 57 | NOTICE of Withdrawal by Mary Seguin re: 55 Motion to Stay. (Attachments: # 1 Email) (Gonzalez Gomez, Viviana) (Entered: 03/11/2024) |

```
MIME-Version:1.0
From:cmecf@rid.uscourts.gov
To:cmecfnef@rid.uscourts.gov
Bcc:
--Case Participants: Joanna M. Achille (jachille@burnslev.com), Marissa D. Pizana
(aclark@riag.ri.gov, jdagnenica@riag.ri.gov, mpizana@riag.ri.gov), Mary Seguin
(maryseguin22022@gmail.com), District Judge William E. Smith
(john_hindley@rid.uscourts.gov, judge_smith@rid.uscourts.gov,
kathryn_alfus@rid.uscourts.gov, lucas_spremulli@rid.uscourts.gov,
patrick_mcgourty@rid.uscourts.gov, wesnef2@rid.uscourts.gov, wesnef@rid.uscourts.gov),
Magistrate Judge Patricia A. Sullivan (juliana_mckittrick@rid.uscourts.gov,
mag_judge_sullivan@rid.uscourts.gov, pasnef@rid.uscourts.gov,
patrick_cunningham@rid.uscourts.gov)
--Non Case Participants:
--No Notice Sent:

Message-Id:1930753@rid.uscourts.gov
Subject:Activity in Case 1:23-cv-00126-WES-PAS Seguin v. Rhode Island Department of Human
Services et al Order on Motion to Stay
Content-Type: text/html
```

## U.S. District Court

## District of Rhode Island

### Notice of Electronic Filing

The following transaction was entered on 3/11/2024 at 8:57 AM EDT and filed on 3/11/2024

| | |
|---|---|
| **Case Name:** | Seguin v. Rhode Island Department of Human Services et al |
| **Case Number:** | [1:23–cv–00126–WES–PAS](#) |
| **Filer:** | |

**WARNING: CASE CLOSED on 10/19/2023**

**Document Number:** No document attached

**Docket Text:**
**TEXT ORDER denying Plaintiff's [55] Motion to Stay for the same reasons stated in the Court's December 5, 2023 and March 7, 2024 Text Orders. So Ordered by District Judge William E. Smith on 3/11/2024. (Urizandi, Nissheneyra)**


**1:23–cv–00126–WES–PAS Notice has been electronically mailed to:**

Joanna M. Achille &nbsp &nbsp jachille@burnslev.com

Marissa D. Pizana &nbsp &nbsp mpizana@riag.ri.gov, aclark@riag.ri.gov, jdagnenica@riag.ri.gov

Mary Seguin &nbsp &nbsp maryseguin22022@gmail.com

**1:23–cv–00126–WES–PAS Notice has been delivered by other means to:**

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND

MARY SEGUIN,
*pro se*

*Plaintiff,*

VS.   Civil Action No. 1:23-cv-126-WES-PAS
U.S. Court of Appeals for the First Circuit Appeal No. 23-1967
Related Appeal No. 23-1978
Related Appeal No. 23-1851

RHODE ISLAND DEPARTMENT OF HUMAN SERVICES in its official capacity; MICHAEL D. COLEMAN, DEBORAH A. BARCLAY in their individual and official capacities; RHODE ISLAND OFFICE OF CHILD SUPPORT SERVICES in its official capacity; KEVIN TIGHE, MONIQUE BONIN, FRANK DIBIASE, WENDY FOBERT, KARLA CABALLEROS, TIMOTHY FLYNN, LISA PINSONNEAULT, CARL BEAUREGARD, PRISCILLA GLUCKSMAN, JOHN LANGLOIS, PAUL GOULD, in their individual and official capacities; RHODE ISLAND STATE COURT SYSTEM in its official capacity; PAUL A. SUTTELL in his individual and official capacity as EXECUTIVE HEAD OF RHODE ISLAND STATE COURT SYSTEM; RHODE ISLAND ADMINISTRATIVE OFFICE OF STATE COURTS in its official capacity; RHODE ISLAND ADMINISTRATIVE OFFICE OF THE SUPERIOR COURT in its official capacity; RHODE ISLAND JUDICIAL COUNCIL in its official capacity; RHODE ISLAND SUPERIOR COURT in its official capacity; RHODE ISLAND SUPERIOR COURT JUDICIAL COUNCIL in its official capacity; THE JUDICIAL TECHNOLOGY CENTER in its official capacity; JULIE HAMIL, MARISA BROWN, JOHN JOSEPH BAXTER, JR., JUSTIN CORREA in their individual and official capacities; RHODE ISLAND OFFICE OF THE ATTORNEY GENERAL in its official capacity; RHODE ISLAND OFFICE OF THE ATTORNEY GENERAL OPEN GOVERNMENT UNIT in its official capacity; ADAM D. ROACH, PETER NERONHA in their official and individual capacities; TYLER TECHNOLOGIES, INC.; GERO MEYERSIEK

*Defendants*

### PLAINTIFF'S NOTICE OF WITHDRAWAL OF PLAINTIFF'S Fed. R. App. P. 8(a)(1)(A) MOTION TO STAY

Plaintiff, proceeding from and as a citizen of Texas, respectfully gives this Court

NOTICE of WITHDRAWAL of PLAINTIFF'S Fed. R. App. P. 8(a)(1)(A) Motion to Stay filed

on March 8, 2024 (ECF 55).

Page 1 of 2

Plaintiff had respectfully requested the Court to resolve the motion by **the end of day, March 8, 2024**, requesting such time based on the Court's record of speedy two back-to-back denials of Plaintiff's two Fed. R. App. P. 4(a)(5) motions filed on March 1, 2024 and March 7, 2024, and in the interest of judicial economy.

The Court failed to resolve within Plaintiff's requested time. The District Court Clerk transferred clerk certified Supplemental Record to the Court of Appeals of ECF 55 on March 8, 2024, *see* ECF 56, 56-1.

Accordingly, Notice is hereby given of Plaintiff's WITHDRAWAL of the aforesaid Fed. R. App. P. 8(a)(1)(A) Motion to Stay.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 11, 2024, I filed the within Notice of Withdrawal with the Clerk of the Court via email at RID_ECF_INTAKE@rid.uscourts.gov and with the Clerk of the Court of the United States Court of Appeals for the First Circuit through the Court's ECF, notice of which is electronically transmitted by the ECF.

Respectfully submitted,

Mary Seguin

Pro Se

/s/ *Mary Seguin*

Email: maryseguin22022@gmail.com
Phone: (281)744-2016
P.O. Box 22022
Houston, TX 77019

Dated: March 11, 2024

**Viviana Gonzalez Gomez**

| | |
|---|---|
| **From:** | Mary Seguin <maryseguin22022@gmail.com> |
| **Sent:** | Monday, March 11, 2024 3:32 AM |
| **To:** | RID_ECF_INTAKE |
| **Subject:** | NOTICE OF WITHDRAWAL of Plaintiff's Fed. R. Civ. P 8 Motion - case no. 1:23-cv-126 |
| **Attachments:** | RI Fed 126 Notice of Withdrawal 031124.pdf |

**CAUTION - EXTERNAL:**

Dear Clerk of the Court of the United States District Court for the District of Rhode Island,

Please file and docket my attached Notice of Withdrawal of Plaintiff's Fed. R. Civ. P 8 Motion that I filed on March 8, 2024 and is docketed as ECF 55.

Thank you in advance.

Respectfully submitted,
Mary Seguin

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.