No. 24-1313

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT
UNITED STATES OF AMERICA,

Plaintiff-Appellant,

MARY SEGUIN

v.

RHODE ISLAND DEPARTMENT OF HUMAN SERVICES in its official capacity; MICHAEL D. COLEMAN, DEBORAH A. BARCLAY in their individual and official capacities; Rhode Island OFFICE OF Child Support Services in its official capacity; KEVIN TIGHE, MONIQUE BONIN, FRANK DIBIASE, WENDY FOBERT, KARLA CABALLEROS, TIMOTHY FLYNN, LISA PINSONNEAULT, CARL BEAUREGARD, PRISCILLA GLUCKSMAN, JOHN LANGLOIS, PAUL GOULD, in their individual and official capacities; RHODE ISLAND STATE COURT SYSTEM in its official capacity; PAUL A. SUTTELL in his individual and official capacity as EXECUTIVE HEAD OF RHODE ISLAND STATE COURT SYSTEM; RHODE ISLAND ADMINISTRATIVE OFFICE OF STATE COURTS in its official capacity; RHODE ISLAND ADMINISTRATIVE OFFICE OF THE SUPERIOR COURT in its official capacity; RHODE ISLAND JUDICIAL COUNCIL in its official capacity; RHODE ISLAND SUPERIOR COURT in its official capacity; RHODE ISLAND SUPERIOR COURT JUDICIAL COUNCIL in its official capacity; THE JUDICIAL TECHNOLOGY CENTER in its official capacity; JULIE HAMIL, MARISA BROWN, JOHN JOSEPH BAXTER, JR., JUSTIN CORREA in their individual and official capacities; RHODE ISLAND OFFICE OF THE ATTORNEY GENERAL in its official capacity; RHODE ISLAND OFFICE OF THE ATTORNEY GENERAL OPEN GOVERNMENT UNIT in its official capacity; ADAM D. ROACH, PETER NERONHA in their official and individual capacities; TYLER TECHNOLOGIES, INC.; GERO MEYERSIEK

Defendants-Appellees.

Appeal from the United States District Court

for the District of Rhode Island

_____

### APPELLANT'S DOCKETING STATEMENT

_____

### ORGANIZED FRAUD, THEFT OF PUBLIC MONEY AND GOVERNMENT PROGRAMS INVOLVING BILLIONS OF DOLLARS

**Unlawful Interstate Collection of Unlawful 12% Compound Interest Within the Title IV-D Legal Framework Involving Organized Felonious Acts by Appellees and Misprision of Felony by Appellee Counsels**

This case is related to the Appeal Case Numbers 23-1967, 23-1978.

This case is in regards to the organized fraud, theft of public money and government programs involving billions of dollars by the 42 U.S.C. § 654 regulated political subdivisions and partner private persons named in the action, through the obstruction of justice felonious and corrupt interstate collection of unlawful 12% compound interest that involved the felonious tampering of the Title IV-D automated data processing system and felonious false certifications to TEXAS and the United States by State Policy, harming and victimizing the Appellant within the Title IV-D Legal Framework Involving Felonious Acts by the Appellees and Misprision of Felony by Appellee Counsels and the district court judge William E. Smith, a former Public Law Practice Partner of Edwards & Angell having knowledge and advisement on the State Appellees' development,

adoption and implementation of the **State Policy,** attached hereto in **Exhibit I**, from 1996-2002, who endeavors to interfere with Appeal No. 23-1967 through corrupt *functus officio* void acts instructing the district court clerk to tamper with the record on appeal in Appeal No. 23-1967 and No, 23-1978 in two official judicial proceedings that are protected by 18 U.S.C. § 503.

Appellant attaches **ECF 33** hereto **Exhibit II** that conclusively shows, per certification by the district court clerk, there were ***no pending motions*** at the time of the filing by Appellant of the Notice of Appeal ECF 32 on November 17, 2023.

Moreover, this appeal is related to and should be merged with Appeal No. 23-1978 in that the district court judge's *functus officio* conduct on appeal here flows forth from the obstruction of justice *functus officio* conduct on appeal in Appeal No. 23-1978 consisting of judge Smith's tampering with the record on appeal, and the similarly obstruction of justice conduct by district court judge William E. Smith ***prior*** to the filing of the Notice of Appeal (ECF 32), that is on appeal in Appeal No. 23-1967 and in Appeal No. 23-1978, through the district court judge's obstruction of justice instructions to the clerks of the district court Meghan Kenny **not** to docket Appellant's two timely Rule 59 motions filed on November 16, 2023 in violation, among others, of Fed. R. Civ. P 79, thus already tampering with the record on appeal and obstruct the appellate court's administration of justice prior to the filing of the notice of appeal.

Counsels for Appellees violated, among others, 18 U.S.C. § 4, by failing to make known to the explicitly named federal authorities the commission of the above, including to the judges of this United States Appellate Court in the First Circuit. Counsels for State Appellees here are principals of the district court's perversion of justice scheme by continuing to file "objections" into a divested jurisdiction district court post-appeal after November 17, 2023 while the appeals were pending in Appeal No. 23-1967 and Appeal No. 23-1978.

This Appellate Court has, and the judges in this United States Court of Appeals in the First Circuit have the duty to protect the pending government proceedings or appellate judicial proceedings in Appeal No. 23-1967 and No. 23-1978 pursuant to, among others, 18 U.S.C. § 503 and 18 U.S.C. § 4.

> Respectfully submitted,
>
> Mary Seguin
> Pro Se
> /s/ *Mary Seguin*
>
> Email: maryseguin22022@gmail.com
> Phone: (281)744-2016
> P.O. Box 22022
> Houston, TX 77019
>
> Dated: April 11, 2024

**CERTIFICATE OF SERVICE**

      This is to certify that the foregoing Docket Statement has been served via the Court's ECF filing system on April 11, 2024, on all registered counsel of record, and has been transmitted to the Clerk of the Court.

                Mary Seguin
                Pro Se
                /s/ *Mary Seguin*

                Email: maryseguin22022@gmail.com
                Phone: (281)744-2016
                P.O. Box 22022
                Houston, TX  77019

# EXHIBIT I.

## SPECIFICATION FOR OCSS CHANGE ORDER
*Auto Adjustment of Interstate Interest*

This specification will outline the process by which interstate cases are selected, automatic adjustments are created, and support orders are modified all for the purpose of removing interest from interstate cases.

## FUNCTIONAL REQUIREMENTS

It is desirable for the Rhode Island Office of Child Support Services (OCSS) to prohibit the charging of interest on interstate cases. This is manually done by placing an N in the interest field on page 2 of the support order. Entry of the N not only prohibits the charging of future interest but automatically creates adjustments to zero out any existing interest.

There currently exists on the InRhodes system interstate cases for which the interest field is not an N and for which there is interest due. It is these cases that the system will process.

If on an interstate case, the interest field on the support order is blank, the system will automatically place an N in the interest field and create non-cash adjustments to zero out any existing interest. No support order modification or interest adjustments will be done on interstate cases without a support order or for which the interest field is already an N or is a Y, B or P.

Two reports will be created. The first will detail the interstate cases for which a support order modification was done and for which one or more interest adjustments were created. The second report will detail interstate cases for which the interest field is Y, B or P. A Y in the interest field is an order to accrue interest while B and P are orders to stay future interest but to keep any interest that has accrued to date.

# EXHIBIT II.



# UNITED STATES DISTRICT COURT
*District of Rhode Island*

### CLERK'S CERTIFICATE AND APPELLATE COVER SHEET
### ABBREVIATED ELECTRONIC RECORD

| Case Information | |
|---|---|
| Case Caption: **Seguin** | vs. **RI Dept of Human Services** |
| District Court Number: **1:23cv126-WES-PAS** | Presiding Judge: **Judge Smith** |
| Notice of Appeal filed by: **Plaintiff** | Notice of Appeal document number: **32** |

Appeal from: **Text Order dated 11/17/2023 and Text Order dated 11/17/2023**

Other information:

Fee status: **Due**     Pro se case: Yes ✔   No ☐

Emergency or requires expedition: **No**   If yes, reason:

| Record Information |
|---|

Motions Pending   Yes ☐   No ✔
*If yes, document #*

Other record information:

Related case(s) on appeal:

| Certification |
|---|

I, Hanorah Tyer-Witek, Clerk of the United States District Court for the District of Rhode Island, do certify that the following annexed electronic documents constitute the abbreviated record on appeal in the above referenced case:

Date: **11/17/2023**

**HANORAH TYER-WITEK**
Clerk of Court

/s/ Meghan Kenny
Deputy Clerk